ORIGINAL

1   ARNOLD & PORTER LLP
    MICHAEL A. BERTA (CA BAR NO. 194650)
2   RYAN J. CASAMIQUELA (CA BAR NO. 228559)
    RACHEL L. CHANIN (CA BAR NO. 229253)
3   Three Embarcadero Center, 10th Floor
    San Francisco, CA 94111-4024
4   Telephone:    415.471.3100
    Facsimile:    415.471.3400
5   Email: michael.berta@aporter.com
    Email: ryan.casamiquela@aporter.com
6   Email: rachel.chanin@aporter.com

7   *Attorneys for Non-Party Adobe Systems, Inc.*

**Filed**

MAR 2 5 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

8   **RECEIVED**

9   MAR 2 5 2014

10  **RICHARD W. WIEKING**
    CLERK, U.S. DISTRICT COURT,
11  NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

12

13  OPTIMIZE TECHNOLOGY SOLUTIONS, )   Misc. Case No. **CV 14 80095 MISC.**
    LLC,                          )
14                                )   [Related to Pending Action in the U.S. District
                   Plaintiff,     )   Court for the Eastern District of Texas,
15                                )   Case No. 2:11-CV-419-JRG]
           vs.                    )
16                                )   **DECLARATION OF RACHEL L.**
    STAPLES, INC., ET AL.,        )   **CHANIN IN SUPPORT OF NON-PARTY**
17                                )   **ADOBE SYSTEMS INCORPORATED'S**
                   Defendants.    )   **MOTION TO QUASH AND MOTION**
18                                )   **FOR A PROTECTIVE ORDER**
                                  )   **REGARDING OPTIMIZE**
19                                    **TECHNOLOGY SOLUTION, LLC'S**
                                      **SUBPOENAS FOR DOCUMENTS AND**
20                                    **TO TESTIFY AT DEPOSITION**

21

22

23

24

25

26

27                                                        

28

_____
DECLARATION OF RACHEL CHANIN IN SUPPORT OF ADOBE'S MOTION TO QUASH
AND MOTION FOR A PROTECTIVE ORDER

I, Rachel L. Chanin, declare as follows:

1. I am an associate at the law firm of Arnold & Porter LLP, counsel for non-party Adobe Systems Incorporated ("Adobe") in this action. I have personal knowledge of the facts stated herein, and if called to testify, could and would competently testify thereto.

2. Attached as Exhibit A is a true and correct copy of the Subpoena from Optimize Technology Solutions, LLC ("Optimize") to Adobe dated July 22, 2013 ("Document Subpoena").

3. Attached as Exhibit B is a true and correct copy of Non-Party Adobe, Inc's Responses and Objections to Optimize Technology Solutions LLC's Subpoena to Produce Documents, served August 19, 2013

4. Following the service of the responses and objections, in September 2013, I spoke by telephone with Eric Manchin regarding the Adobe's responses to the Document Subpoena. Optimize made certain limited follow up requests, for example, for presentations that Adobe made to REI, and Adobe agreed to investigate whether Adobe had responsive documents.

5. Consistent with Adobe's written responses and objections, on October 11, 2013, Adobe produced documents responsive to the Subpoena. The production included the core technical documentation for the Recommendations products, including the documents that summarize, instruct, and explain how the Recommendations functionality works.

6. Attached as Exhibit C is a true and correct copy of an email chain between E. Manchin and R. Chanin dated November 12, 2013 regarding the scheduling of the source code inspection.

7. Attached as Exhibit D is a true and correct copy of an email from E. Manchin to R. Chanin dated November 18, 2013 regarding rescheduling the source code inspection.

8. Adobe located a complete snapshot of the Recommendations source code, and made the code available for review on January 13-15, 2014. Optimize reviewed the code on January 13 and 14, 2014, and declined to attend a third day of review.

9. Attached as Exhibit E is a true and correct copy of a letter from E. Manchin to R. Chanin dated February 6, 2014.

DECLARATION OF RACHEL CHANIN IN SUPPORT OF ADOBE'S MOTION TO QUASH AND MOTION FOR A PROTECTIVE ORDER

1        10.    Attached as Exhibit F is a true and correct copy of a letter from R. Chanin to

2   E. Manchin dated February 13, 2014.

3        11.    Attached as Exhibit G is a true and correct copy of a letter from E. Manchin

4   to R. Chanin dated February 18, 2014.

5        12.    Attached as Exhibit H is a true and correct copy of an email from E. Manchin

6   to R. Chanin dated February 24, 2014.

7        13.    Attached as Exhibit I is a true and correct copy of a letter from R. Chanin to

8   E. Manchin dated March 13, 2014. As set forth in that letter, at Optimize's request, Adobe

9   investigated the feasibility of searching for wiki entries that provide an overview of the technical

10  design of Recommendations, and confirmed that there were no such wiki entries. As I also

11  explained in that letter, Adobe investigated the feasibility of gathering certain data purportedly

12  inaccessible to REI. As a result of this investigation, Adobe determined that the data, as kept in the

13  ordinary course of business, is largely not human readable.

14       14.    Attached as Exhibit J is a true and correct copy of a letter from E. Manchin

15  to R. Chanin dated March 18, 2014.

16       15.    Attached as Exhibit K is a true and correct copy of a Subpoena to Testify at

17  Deposition in a Civil Action directed to Adobe dated December 31, 2013 ("Deposition Subpoena").

18       16.    Attached as Exhibit L is a true and correct copy of a non-party Adobe, Inc's

19  Responses to Plaintiff Optimize Technology Solutions, LLC's Subpoena to Testify at Deposition,

20  served January 14, 2014.

21       17.    Attached as Exhibit M is a true and correct copy of an email chain between

22  R. Chanin and E. Manchin dated January 6, 2014 - January 10, 2014.

23       18.    Attached as Exhibit N is a true and correct copy of an email chain between R.

24  Chanin and E. Manchin dated January 6, 2014 - February 26, 2014.

25       19.    Attached as Exhibit O is a true and correct copy of a letter from S. Crocker

26  to R. Chanin dated March 5, 2014.

27       20.    Attached as Exhibit P is a true and correct copy of a letter and cover email

28  from R. Chanin to S. Crocker dated March 20, 2014. In the cover email, I explained that Adobe

- 3 -

1  believed the outlined "proposal provides a reasonable resolution to the Deposition Subpoena," but if

2  the proposed scope is not agreeable to Optimize, Adobe's counsel was available to meet and confer

3  on Friday March 21, 2014 or Monday March 24, 2014 on these issues.

4         21.     Attached as Exhibit Q is a true and correct copy of an email from R. Chanin

5  to counsel for Optimize, A. Akmal, E. Brown Fore, E. Manchin, S. Crocker, and S. Shapley, in

6  which I re-forwarded my correspondence from March 20, 2014 regarding the Deposition Subpoena

7  to additional members of Optimize's legal team.

8         22.     Attached as Exhibit R is a true and correct copy of a letter from S. Crocker to

9  R. Chanin dated March 24, 2014.

10         23.     Counsel for Adobe has telephonically met and conferred with counsel for

11  Optimize regarding the scope of the Document Subpoena and the Deposition Subpoena and on at

12  least the following dates: February 6, 2014, February 24, 2014, March 5, 2014, and March 25,

13  2014.

      I declare under penalty of perjury that the foregoing is true and correct. Executed on March

14

15  25, 2014.

16

17

18  Rachel L. Chanin
   Attorney for Adobe Systems Incorporated

19

20

21

22

23

24

25

26

27

28

DECLARATION OF RACHEL CHANIN IN SUPPORT OF ADOBE'S MOTION TO QUASH
AND MOTION FOR A PROTECTIVE ORDER

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | | |
|---|---|---|
| OPTIMIZE TECHNOLOGY SOLUTIONS, LLC | ) | |
| *Plaintiff* | ) | Civil Action No. 2:11-CV-00419-JRG |
| v. | ) | |
| STAPLES, INC., ET AL | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Eastern District of Texas ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Adobe Systems Incorporated
　　345 Park Avenue, San Jose, California 95110-2704

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

　　　Documents and things listed in Exhibit A

| Place: Pulone Stromberg, Inc., c/o Kathy Pulone(408)2801252 1550 The Alameda, Suite 150, San Jose, CA 95126 or deliver to 1301 W. 25th St., #408, Austin, TX 78705 | Date and Time: 08/07/2013 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

　　　The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __07/22/2013__

| *CLERK OF COURT* | OR | *Attorney's signature* |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
OPTIMIZE TECHNOLOGY SOLUTIONS, LLC , who issues or requests this subpoena, are:
Elizabeth J. Brown Fore, Sprinkle IP Law Group, P.C., 1301 West 25th Street, Suite 408, Austin, TX 78705, ebrownfore@sprinklelaw.com, 512-637-9220

**Service of Process Information**
Date Served: 7/23/13
Time Served: 3:20pm
Location: Almaden Tower
Signed & Picked up by: Liz Ashley

Case5:14-mc-80095-LHK  Document2  Filed03/25/14  Page7 of 202

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:11-CV-00419-JRG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## DEFINITIONS

The following definitions and instructions shall apply to this Notice:

1. The words "and" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of this notice any information which might be deemed outside their scope by any other construction.

2. Except as specifically provided herein, words imparting the singular shall include the plural and vice versa.

3. "RELATING TO," "RELATED TO" or "SUPPORTING" means, in any way, directly or indirectly, in whole or in part, discussing, referring to, regarding, constituting, concerning, about, pertaining to, relating to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, canceling or negating.

4. "IDENTIFICATION," "IDENTITY," or "IDENTIFY," when used with reference to:

  (a) an individual PERSON, means his or her full name, present or last known employer, job title, present or last known residence address and telephone number, and present or last known business address and telephone number;

  (b) a business entity, means the full name and address of the entity and the names and positions of the individual or individuals connected with such entity who have knowledge of the information requested;

  (c) a DOCUMENT, means the type of DOCUMENT (letter, memorandum, email, etc.), its date, author(s) or originator(s), addressee(s), all individuals

1

who received copies of the document, the IDENTITY of PERSONS known or presumed by YOU to have present possession, custody or control thereof, and a brief description of the subject matter and present location.

(d) REPORT(S) shall mean: (i) the type of REPORT(S) involved (e.g., letter, electronic mail, interoffice memorandum, accounting document, spreadsheet, etc.); (ii) the date the REPORT(S) was prepared or created; (iii) the IDENTITY of the preparer, and if applicable, the IDENTITY of any DEFENDANT'S employee(s) whose duty it is to prepare such DOCUMENTS and, if different, the PERSON who gathered the information contained in the REPORT(S); (iv) its title or the headings it contains and the number of pages; (v) the IDENTITY of the custodian or other PERSON last known to have possession of the REPORT(S), (vi) the present or last known location of the REPORT(S); (vii) a description of the type of information contained in such REPORT(S), and (viii) the IDENTITY of the PERSON or PERSONS, if any, who are responsible for maintaining the data or information contained in the REPORT(S).

5. "DOCUMENT" shall have the broadest meaning possible under the Federal Rules of Civil Procedure and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of notation or markings, or by appearing in the files of a separate PERSON).

6. "COMMUNICATIONS" shall refer to all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements,

computer mail, e-mail and all other DOCUMENTS evidencing any verbal or nonverbal interaction between PERSONS and entities.

7.      "PERSON" or "PEOPLE" shall refer to any natural person, firm, association, partnership, corporation, group, organization or other form of legal business entity.

8.      "DEFENDANT" or "DEFENDANTS" means Staples, Inc., Dillard's, Inc., drugstore.com, Inc., HSN, Inc., J. C. Penney Company, Inc., J. C. Penney Corporation, Inc., L.L. Bean, Inc., Recreational Equipment, Inc., and Rhapsody International Inc, and includes any officers, directors, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, and any other related entities, and specifically includes all companies that have been acquired by any DEFENDANT or with respect to which it has succeeded to rights and/or obligations.

9.      "OPTIMIZE" means Optimize Technology Solutions, LLC or its predecessor SBJ IP Holdings 1, LLC, and any parent entities, subsidiaries, divisions, affiliates, branches, wholly or partly owned entities of OPTIMIZE any and all predecessors and successors thereof, and any entities acting or purporting to act for or on behalf of, or who are subject to the direction or control of, any of the foregoing entities, including agents, employees, officers, directors, attorneys, consultants, contractors, subcontractors and representatives.

10.      "ADOBE," "YOU" and "YOUR" shall mean Adobe Systems Incorporated, Omniture, LLC, the Omniture Business Unit of Adobe Systems Incorporated, and includes any officers, directors, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, and any other related entities, and specifically includes all companies that have been acquired by Adobe Systems Incorporated, or Omniture, LLC or with respect to which they have succeeded to rights and/or obligations.

3

11.    "ACCUSED WEBSITE(S)" shall refer to e-commerce websites operated by DEFENDANTS, including, without limitation, the retail sites maintained at http://www.staples.com; http://www.dillards.com; http://www.drugstore.com; http://www.beauty.com; http://www.hsn.com; http://www.jcpenney.com; http://www.llbean.com; http://www.rei.com; http://www.rhapsody.com; http://mp3.rhapsody.com, and websites that serve the Rhapsody Player (e.g., http://rhap-app-4-0.rhapsody.com).

12.    "RECOMMENDED PRODUCTS FUNCTIONALITY" refers to the current and/or past functionality of the ACCUSED WEBSITE(S):

(a) which presents items under the following sections of the ACCUSED WEBSITE(S):

i. for Defendant Staples, Inc.: "Customers with your viewing history also liked," "Stock up on these items," "We thought you may like," "Customers also viewed these popular items," "This week's special offers," "Other favorites to consider," "Customers also viewed these items," "Customers who viewed this also viewed," "Customers who viewed this also bought," "Customers liked these best sellers," "Shop our Weekly deals!," "Related Products," "Related searches," "Protect and accessorize your purchase," "Customers who bought this also bought" and other similar recommendations;

ii. for Defendant Dillard's, Inc.: "Items Related To Items In Your Cart...," "You Might Also Enjoy...," "Popular Products," "Customers who viewed this item also viewed," "Customers Who Bought These

4

Also Bought...," and other similar recommendations;

iii. for Defendant Drugstore.com, Inc.: "People Who Bought This Item Also Bought," "Product Spotlight," "People who purchased these items also purchased," "you might also like," "People who viewed this item also viewed," "People Who Viewed This Item Ultimately Bought," "Related Products," "People Who Viewed These Items Ultimately Bought" and other similar recommendations;

iv. for Defendant HSN, Inc.: "Customers Also Bought," "Customers Ultimately Bought," "More Choices," "You Might Like These," and other similar recommendations;

v. for Defendants J. C. Penney Company, Inc., and J. C. Penney Corporation, Inc.: "related to items in your cart," "customers who viewed this item also browsed," "customers who purchased this item also bought," and other similar recommendations;

vi. for Defendant L.L. Bean, Inc.: "You Might Also Consider," "You Might Also Like," "Frequently Purchased Together," and other similar recommendations;

vii. for Defendant Recreational Equipment, Inc.: "People Also Bought," "People Who Bought This Product Also Bought," "People Also Registered For," and other similar recommendations; and

viii. for Defendant Rhapsody International, Inc.: "Rhapsody Recommendations," "Albums For You," "My Dynamic Playlist," "Instant Playlist," "Ratings Based Playlist," "Listeners to Follow,"

"My Rhapsody Channel," "Suggestions," "You might also be interested in," "You might also be interested in the following . . . ," "You May Also Like" and other similar recommendations; and

(b) any other feature or functionality of any version of the ACCUSED WEBSITE(S) that recommends or recommended products to visitors of the website.

13.   "PATENT-IN-SUIT" refers to United States Patent No. 6,330,592.

14.   "REPORT(S)" shall be construed in its customary broadest sense and includes any recordation of information whether printed, handwritten, reproduced or stored by any mechanical or electronic process, method or means, and whether claimed to be privileged or otherwise protected from discovery.

15.   "SERVICES" as used herein, means any services performed by YOU for, to or on behalf of any DEFENDANT, including any services set out in or described in any contract, agreement or understanding between YOU and any DEFENDANT.

16.   "ACTION" shall refer to *Optimize Technology Solutions, LLC v. Staples, Inc., et al,* United States District Court, Eastern District of Texas, Civil Action No. 2:11-CV-00419-JRG.

17.   "TERM" shall refer to January 1, 2001 to the present day.

18.   "TRACK," "TRACKED" and "TRACKING" shall be construed to refer to the collection, monitoring, recordation, analysis and reporting of website statistics and data and includes, without limitation, provision of all of the web analytics identified at: http://www.adobe.com/solutions/digital-analytics.html, and the pages linked thereto. TRACKING shall also refer, without limitation, to the source code and other software (e.g.,

6

tracking pixels, .ASP links, etc.) used for implementing said data collection and reporting (e.g., the Omniture web portal).

## INSTRUCTIONS

1.     In responding to the following requests in Exhibit A, furnish all available DOCUMENTS, including DOCUMENTS in the possession, custody, or control of any of YOUR directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and persons under YOUR control, as well as DOCUMENTS which YOU have a legal right to obtain, not merely DOCUMENTS in YOUR direct possession. If you cannot fully respond to the following requests after exercising due diligence to secure the DOCUMENTS requested thereby, so state, and specify the portion of each request that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested DOCUMENTS.

2.     If YOU object to any portion of any request for production of DOCUMENTS, please provide all DOCUMENTS responsive to the portion of the request to which it does not object.

3.     Electronic records and computerized information must be produced in native format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

4.     Selection of DOCUMENTS from the files and other sources and the numbering of such DOCUMENTS shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

5.     File folders with tabs or labels or directories of files identifying DOCUMENTS called for by these requests must be produced intact with such DOCUMENTS.

7

6. DOCUMENTS attached to each other shall not be separated.

7. If YOU assert that certain DOCUMENTS or things are privileged, please identify:

    (a) The nature of the privilege;

    (b) The author(s) of the DOCUMENTS;

    (c) All recipients of the DOCUMENTS;

    (d) The date the document was created;

    (e) The subject matter to which the document pertains; and

    (f) All persons with access to the DOCUMENTS.

8. If any request is unclear or ambiguous, please do not delay, but contact counsel for OPTIMIZE immediately for clarification.

9. If YOU consider any DOCUMENTS that YOU are producing to be confidential or highly confidential, please designate them accordingly and such DOCUMENTS will be handled pursuant to the Protective Order that has been entered in this case, a copy of which is attached hereto as Exhibit B.

8

## EXHIBIT A

### Requests for Documents and Things

1.    All contracts, agreements or understandings with any DEFENDANT, including, without limitation, any amendments, supplementations or modifications thereto.

2.    All DOCUMENTS, including, without limitation, COMMUNICATIONS, RELATING TO the negotiation, formation, continuation, modification or termination of any contracts, agreements or understandings with any DEFENDANT or any specific SERVICES.

3.    All DOCUMENTS, data or information provided by any DEFENDANT as part of the negotiation or formation of any contracts, agreements or understandings with any DEFENDANT or any specific SERVICES.

4.    All contracts, agreements, licenses or similar DOCUMENTS RELATED TO the any patents, copyrights, trade secrets or other intellectual property required to provide the SERVICES.

5.    Any DOCUMENTS RELATED TO the location and ownership of any and all servers hosting or used in conjunction with any of the following websites (e.g., used to provide or serve code or associated content):
    a. www.staples.com
    b. www.dillards.com
    c. www.llbean.com
    d. www.rei.com
    e. www.rhapsody.com
    f. mp3.rhapsody.com
    g. rhap-app-4-0.rhapsody.com
    h. www.jcpenney.com
    i. www.drugstore.com
    j. www.beauty.com
    k. media.richrelevance.com
    l. recs.richrelevance.com
    m. media.staples.com
    n. cdni.llbean.com

6.    DOCUMENTS sufficient to IDENTIFY all of the systems, equipment, products, software, hardware or other components that make up, have been part of, are used by YOU in, or have been used by YOU in providing the SERVICES (hereinafter, collectively, the "SYSTEM").

7.    All DOCUMENTS describing or evidencing the design, structure, architecture, functionality or operation of any and all systems, equipment, products, software or other components that are or have been used by YOU in providing the SERVICES, including, without limitation, the SYSTEM.

9

8.  Any and all technical DOCUMENTS RELATING TO the operation of the ACCUSED WEBSITE(S) or any RECOMMENDED PRODUCTS FUNCTIONALITY existing on or utilized in conjunction with the ACCUSED WEBSITE(S), including, without limitation:

   a.  DOCUMENTS describing or evidencing the SERVICES provided by YOU to any DEFENDANT, including, without limitation, descriptions or demonstrations of the operation of such SERVICES;

   b.  DOCUMENTS describing or evidencing the web service, API, or other interface calls made to or from the ACCUSED WEBSITE(S), including, without limitation, "mbox" functionality and RECOMMENDED PRODUCTS FUNCTIONALITY;

   c.  The web service, API code, or other interfaces used by RELATING TO the ACCUSED WEBSITE(S), including, without limitation, the web service or API code for ADOBE'S "mbox" functionality or RECOMMENDED PRODUCTS FUNCTIONALITY RELATING TO the ACCUSED WEBSITE(S);

   d.  Diagrams, user manuals, integration guides, specification sheets, flow charts, schematics, architecture DOCUMENTS, requirements DOCUMENTS, release notes, and design DOCUMENTS which describe or evidence SERVICES provided by you to any DEFENDANT RELATING TO the ACCUSED WEBSITE(S), including, without limitation, ADOBE'S "mbox" functionality, RECOMMENDED PRODUCTS FUNCTIONALITY, and the provision of any other web site personalization or recommendations provided by YOU;

   e.  Diagrams, user manuals, integration guides, specification sheets, flow charts, schematics, architecture DOCUMENTS, requirements DOCUMENTS, release notes, and design DOCUMENTS which describe or evidence the interaction between ADOBE code and the ACCUSED WEBSITE(S), including, without limitation, "mbox" functionality and RECOMMENDED PRODUCTS FUNCTIONALITY; and

   f.  Architecture DOCUMENTS, requirements DOCUMENTS and design DOCUMENTS which describe, demonstrate or instruct a customer how to implement ADOBE code, including, without limitation, "mbox" functionality and RECOMMENDED PRODUCTS FUNCTIONALITY.

9.  DOCUMENTS sufficient to demonstrate how YOU determine:

   a.  what SERVICES to provide when a client web site calls YOUR SYSTEM to request SERVICES;

   b.  what source code, operating code, object code or other code or software should be used to respond to a call to YOUR SYSTEM to request SERVICES (e.g., in conjunction with the operation of a DEFENDANT'S web site); and

    c. how to tailor SERVICES, including, without limitation, ADOBE'S "mbox" functionality or RECOMMENDED PRODUCTS FUNCTIONALITY, for each client or request.

10. DOCUMENTS sufficient to demonstrate how YOU determined:

    a. what SERVICES to provide when a DEFENDANT'S web site calls or otherwise accesses YOUR SYSTEM to request SERVICES;

    b. what source code, operating code, object code or other code or software should be used to respond to a DEFENDANT'S web site call or other access to YOUR SYSTEM to request SERVICES; and

    c. how to tailor SERVICES, including, without limitation, ADOBE'S "mbox" functionality or RECOMMENDED PRODUCTS FUNCTIONALITY, to each DEFENDANT.

11. All source code or other instructions that:

    a. provides the ACCUSED WEBSITE(S);

    b. provides SERVICES to any DEFENDANT, including, without limitation, "mbox" functionality and RECOMMENDED PRODUCTS FUNCTIONALITY;

    c. personalizes the ACCUSED WEBSITE(S) for visitors; or

    d. provides any type of recommendations to visitors to the ACCUSED WEBSITE(S).

12. All software that:

    a. provides the ACCUSED WEBSITE(S);

    b. provides SERVICES to any DEFENDANT, including, without limitation, "mbox" functionality and RECOMMENDED PRODUCTS FUNCTIONALITY;

    c. personalizes the ACCUSED WEBSITE(S) for visitors; or

    d. provides any type of recommendations to visitors to the ACCUSED WEBSITE(S).

13. All presentations made to any DEFENDANT demonstrating the capabilities and/or value of the products and SERVICES provided by YOU or proposed by YOU to any DEFENDANT.

14. All DOCUMENTS RELATED TO research and development conducted by or for YOU into caching and/or delivery of web content from cache, as such relates to

RECOMMENDED PRODUCTS FUNCTIONALITY, including, without limitation, the use of cache servers, image servers or other dedicated cache sources.

15. All COMMUNICATIONS between YOU and any DEFENDANT RELATED TO the development, deployment and performance of any of the SERVICES.

16. All DOCUMENTS regarding or RELATING TO any DEFENDANT'S decision to utilize the RECOMMENDED PRODUCTS FUNCTIONALITY with the ACCUSED WEBSITE(S).

17. All electronically stored information regarding or RELATING TO the source code files produced by YOU describing the file names, the physical and network or intranet locations, the file path for the file as stored in the ordinary course of business to operate the website, the version history of the files, the release information for the files, including, without limitation, any "release tag" or "release label," and/or the checksum of every file.

18. All data resulting from any monitoring and TRACKING of the ACCUSED WEBSITE(S) to measure the performance of the SERVICES provided to any DEFENDANT, including, without limitation:

    a. Web site usage, up-time, delivery speeds, download amounts, cross-sell features, up-sell features on product pages, RECOMMENDED PRODUCTS FUNCTIONALITY, search and browsing history, or other performance statistics for the ACCUSED WEBSITE(S);

    b. the actual data measured;

    c. any compilations or REPORTS of the data measured; and

    d. any DOCUMENTS indicating the significance, efficiency, effectiveness or quality of SERVICES provided to any DEFENDANT, based on the data measured.

19. All REPORTS prepared by YOU for any DEFENDANT.

20. DOCUMENTS showing, for the period beginning January 1, 2001 to the present, the types of website statistics RELATING TO the ACCUSED WEBSITE(S) and the RECOMMENDED PRODUCTS FUNCTIONALITY TRACKED or capable of being TRACKED by YOU.

21. All DOCUMENTS, whether provided by or received by YOU, RELATING TO projected usage of the ACCUSED WEBSITE(S) or any RECOMMENDED PRODUCTS FUNCTIONALITY existing on or utilized in conjunction with the ACCUSED WEBSITE(S).

22. All DOCUMENTS RELATED TO any performance testing done for, on or about the SERVICES.

23. All COMMUNICATIONS between YOU and any DEFENDANT RELATED TO the performance, speed, usage and/or effectiveness of (i) the SERVICES or (ii) delivery of any web content by YOU for any DEFENDANT.

24. All promotional, marketing, advertising or similar DOCUMENTS provided to any DEFENDANT.

25. All promotional, marketing or advertising materials or similar DOCUMENTS used by YOU, during the TERM, and RELATED TO SERVICES.

26. All DOCUMENTS regarding or RELATING TO the appeal of, effectiveness of and/or capabilities of SERVICES as they relate to any DEFENDANT'S customers.

27. All DOCUMENTS regarding or RELATING TO the demand for or market for the SERVICES during the TERM.

28. All DOCUMENTS regarding or RELATING TO the customers of the products and SERVICES YOU offer that customize and/or personalize web pages during the TERM, if any.

29. Any and all DOCUMENTS RELATED TO any studies, surveys, tests, analysis or research conducted, including, without limitation, conducted by or for YOU, during the TERM, RELATED TO the adoption, usage, effectiveness, benefits, costs, savings, or performance of:

    a. SERVICES or services similar to the SERVICES;

    b. web content caching, including, without limitation, images, media or other web content; or

    c. delivery of web content from cache, including, without limitation, the use of cache servers, image servers or other dedicated cache sources.

    d. the effect of speed, responsiveness, content delivery times, and overall response times on e-commerce or retail websites, including, without limitation, the effect on end-user experience and/or sales;

    e. end user experience for e-commerce or retail websites, including, without limitation, the effect of responsiveness and content delivery times on the user experience;

    f. end user experience for services similar to the SERVICES;

    g. the effectiveness of RECOMMENDED PRODUCTS FUNCTIONALITY or similar functionality with respect to e-commerce or retail websites, including, without limitation, the effect on end-user experience and/or sales; or

13

     h. the effectiveness of product recommendations on e-commerce or retail websites, including, without limitation, the effect on end-user experience and/or sales.

30. All DOCUMENTS regarding or RELATING TO any DEFENDANT'S or third party's past, present and planned research and development efforts into the operation of the ACCUSED WEBSITE(S) or any RECOMMENDED PRODUCTS FUNCTIONALITY.

31. Any and all ADOBE, DEFENDANT, industry, market or third party studies, REPORTS, surveys, tests, analysis or similar DOCUMENTS RELATED TO the adoption, usage, effectiveness, benefits, costs, savings, or performance of RECOMMENDED PRODUCTS FUNCTIONALITY or similar functionality.

32. All DOCUMENTS sufficient to IDENTIFY all PERSONS, including, without limitation, third party vendors responsible for TRACKING, quantifying, reporting on, and/or monitoring the usage, traffic, realization rate, performance, profitability and/or other measure of the efficacy of the ACCUSED WEBSITE(S) and the RECOMMENDED PRODUCTS FUNCTIONALITY of the ACCUSED WEBSITE(S).

33. All DOCUMENTS regarding or RELATING TO TRACKING, quantifying, reporting on, and/or monitoring the usage, traffic, realization rate, performance, profitability and/or other measure of the efficacy of the ACCUSED WEBSITE(S) and the RECOMMENDED PRODUCTS FUNCTIONALITY of the ACCUSED WEBSITE(S).

34. All invoices, statements, bills, purchase orders or similar DOCUMENTS RELATING TO the SERVICES provided to any DEFENDANT, including, without limitation, the amounts charged to any DEFENDANT for the SERVICES and any other amounts received from DEFENDANT RELATED TO SERVICES.

35. All DOCUMENTS, including, without limitation, how such information is TRACKED, regarding or RELATING TO any DEFENDANT'S revenues during the TERM generated by or because of:

     a. the ACCUSED WEBSITE(S);

     b. the SERVICES provided by YOU to any DEFENDANT; or

     c. the RECOMMENDED PRODUCTS FUNCTIONALITY of the ACCUSED WEBSITE(S);

36. All of any DEFENDANT'S revenue data generated, during the TERM, by or because of:

     a. the ACCUSED WEBSITE(S);

     b. the SERVICES provided by YOU to any DEFENDANT; or

     c. the RECOMMENDED PRODUCTS FUNCTIONALITY of the ACCUSED WEBSITE(S);

37. All DOCUMENTS regarding or RELATING TO any DEFENDANT'S revenues that YOU and/or any DEFENDANT believes are generated by the products and services on any DEFENDANT'S web site that customize and/or personalize web pages.

38. All DOCUMENTS RELATED TO this (i) ACTION, (ii) OPTIMIZE or (iii) the PATENT-IN-SUIT, including, without limitation:

      a. All COMMUNICATIONS between a defendant to this ACTION and any other defendant(s) in this ACTION;

      b. All DOCUMENTS regarding or RELATING TO any discussions, analyses, studies or investigations regarding the validity of the PATENT-IN-SUIT;

      c. All DOCUMENTS regarding or RELATING TO any discussions, analyses, studies or investigations regarding whether or not any DEFENDANT infringes the PATENT-IN-SUIT; and

      d. Any communication between YOU and any DEFENDANT, or any of their respective representatives, regarding (i) this ACTION, (ii) OPTIMIZE, or (iii) the PATENT-IN-SUIT.

15

**EXHIBIT B**

**PROTECTIVE ORDER**

16

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| OPTIMIZE TECHNOLOGY SOLUTIONS, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 2:11-CV-419-JRG |
| v. | § § | |
| STAPLES, INC., et al | § | |
| Defendants. | § | |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff Optimize Technology Solutions, LLC and Defendants Staples, Inc., Dillard's, Inc., drugstore.com, Inc., HSN, Inc., J. C. Penney Company, Inc., J. C. Penney Corporation, Inc., L.L. Bean, Inc., Recreational Equipment, Inc., Rhapsody International Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.  Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED

1

- ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE COUNSEL'S EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE.[1] The designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as designated.

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "RESTRICTED – ATTORNEYS' EYES ONLY," shall receive the same treatment as if designated "RESTRICTED - OUTSIDE COUNSEL'S EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE COUNSEL'S EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[2] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored

---

[1] Substantially similar designations may also be used; for example, "ATTORNEYS' EYES ONLY" maybe used for material that is "RESTRICTED - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY" may be used for material that is "RESTRICTED – OUTSIDE COUNSEL'S EYES ONLY."

[2] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE COUNSEL'S EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE COUNSEL'S EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then promptly destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.    "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party or upon order of the Court:

(a)     outside counsel of record in this Action for the Parties;

(b)     employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)     in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)     up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)     outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation,[3] provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least five (5) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within ten (10) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel; provided that anyone given access pursuant to this paragraph is reasonably necessary to assist counsel with the litigation of this Action and, before access is given, has completed the Undertaking attached as Exhibit A hereto; and

---

[3] An outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

     (g)    the Court and its personnel.

6.    A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.    Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.    To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation: (a) the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY"; (b) to the extent such Protected Material is so sensitive that it should not be disseminated to in-house counsel of other Parties, the producing Party may designate such Protected Material as "RESTRICTED - OUTSIDE COUNSEL'S EYES ONLY,"; or (c) to the extent such Protected Material

5

includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9. For Protected Material designated pursuant to paragraph 8, the following access restrictions apply: (a) Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY shall be limited to individuals listed in paragraphs 5(a-c) and (e-g); (b) Protected Material designated RESTRICTED – OUTSIDE COUNSEL'S EYES ONLY shall be limited to individuals listed in paragraphs 5(a-b) and 5(e-g); and Protected Material designated as RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to individuals listed in paragraphs 5(a-b) and 5(f-g), and up to five individuals listed in paragraph 5(e). Access by in-house counsel to protected material that is designated pursuant to paragraph 8 as Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY" shall be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client relating to the Accused Instrumentalities.

10. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

    (a) Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) or as otherwise agreed in writing by a producing Party and a receiving Party (or parties). The stand-alone computer(s) shall meet the following specifications:

        (1) the computer's CPU must be hyperthreading;

        (2) the computer's RAM must be at least 2 gigabytes;

        (3) the computer must have a spindle speed of at least 7200 RPM;

6

(4)     the computer must have a processor speed of at least 2 ghz;

(5)     if the Source Code Material was developed on a Linux or UNIX derivative computer(s), the stand-alone computer must be Linux or UNIX derivative and will not be Windows based; and

(6)     if the computer's CPU is not hyperthreading, the computer must have a processor of at least 2.4 ghz.

The stand-alone computer will be provided by the Producing Party. The stand-alone computer(s) may be connected to a printer.   Additionally, except as provided in paragraph 10(k) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel or other location that the parties may agree upon;

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-along computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above.   The stand-alone computer shall include software utilities which will allow counsel and experts to reasonably view, search and analyze the source code. The receiving Party shall provide the software utilities to be installed in or used on the stand-alone computer at least five (5) business days in advance of the inspection;

(e)     Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to five (5) outside consultants or experts  (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that no more Source Code Material than necessary is excerpted and the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the

7

Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)   To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)   Except as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h)   The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of portions of Source Code Material when not made for reviewing Source Code Materials in the first instance, and when narrowly tailored and reasonably necessary to facilitate the receiving Party's furtherance of its claims and defenses in this case, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied;

(i)   Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(j)   If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition); and

(k)   A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 9 above to another person authorized under paragraph 9 above, on paper or removable electronic media (e.g., a DVD, CD ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material shall be maintained at all times in a secure location, within the territorial United States of America. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the

Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

11.     Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED – ATTORNEYS' EYES ONLY, RESTRICTED – OUTSIDE COUNSEL'S EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, accesses, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

12.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege,

9

work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall then promptly gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an

10

author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," "RESTRICTED – OUTSIDE COUNSEL'S EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED – OUTSIDE COUNSEL'S EYES ONLY".

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall

11

conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18. A Party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this

Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. The outside consultant or expert's direct reports and other support personnel shall each be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20. A party may not remove, send, transport, or transmit any other Party's Protected Material, in either physical or electronic form (including copies), outside of the territorial boundaries of the United States of America, except as otherwise agreed by the Producing Party and Receiving Party. The viewing of Protected Material through electronic means outside the territorial boundaries of the United States of America is similarly prohibited except as otherwise agreed by the Producing Party and Receiving Party. Protected Material, exclusive of material designated "RESTRICTED CONFIDENTIAL SOURCE CODE," may be taken outside of the territorial boundaries of the United States of America only if it is reasonably necessary for a deposition taken in a foreign country, and only to the extent otherwise permitted by law. The restrictions contained within this paragraph may be amended through the written consent of the Producing Party to the extent that such agreed upon procedures conform with applicable export control laws and regulations.

21. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

13

22. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" "RESTRICTED -- OUTSIDE COUNSEL'S EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or give by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "RESTRICTED – OUTSIDE COUNSEL'S EYES ONLY" in accordance with this Order.

23. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding that incorporated into any privileged memoranda or materials of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. However, counsel of record may retain one copy of pleadings, attorney and consultant work products, depositions, transcripts and exhibits for archival purposes. To the extent any such materials contain information designated "RESTRICTED -- ATTORNEYS' EYES ONLY" or "RESTRICTED – OUTSIDE COUNSEL'S EYES ONLY" such materials shall be retained in a sealed container in a facility under lock and key. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. Under no circumstances is Outside Counsel of Record, or any individual who

14

signs on to this Protective Order, permitted to retain any RESTRICTED CONFIDENTIAL SOURCE CODE more than thirty (30) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action.

24. Inadvertent production of confidential material without proper designation shall not be deemed a waiver of confidentiality with regard to similar information, nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed. A producing Party who discovers such inadvertent production shall promptly inform all receiving Parties in writing. Receiving Parties shall thereafter treat the information in accordance with the proper level of designation. A receiving Party shall not be in breach of this Order for any use of such confidential material before the receiving Party receives notice of the inadvertent failure to designate. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

15

26. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**So ORDERED and SIGNED this 16th day of May, 2013.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

16

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| OPTIMIZE TECHNOLOGY SOLUTIONS, LLC, Plaintiff, | § § § § | |
| | § | Civil Action No. 2:11-CV-419-JRG |
| v. | § § | JURY TRIAL DEMANDED |
| STAPLES, INC., et al Defendants. | § § | |

**APPENDIX A**
**UNDERTAKING REGARDING**
**PROTECTIVE ORDER**

      I, _____, declare that:

1.    My address is _____ .

My current employer is _____ .

My current occupation is _____ .

2.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE CONSEL'S EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE CONSEL'S EYES ONLY," or "RESTRICTED

CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.   I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

# ARNOLD & PORTER LLP

Rachel L. Chanin
Rachel.Chanin@aporter.com

+1 415.471.3278
+1 415.471.3400 Fax

10th Floor
Three Embarcadero Center
San Francisco, CA 94111-4024

August 19, 2013

## VIA FEDERAL EXPRESS & EMAIL

Elizabeth J. Brown Fore
Sprinkle IP Law Group, P.C.
1301 West 25th Street, Suite 408
Austin, Texas 78705

> Re: *Optimize Technology Solutions, LLC v. Staples, Inc., et al.*: Subpoena to
> Adobe Systems Incorporated.

Dear Elizabeth:

Enclosed please find responses and objections served by Adobe Systems
Incorporated ("Adobe") in response to the above referenced subpoena.

Sincerely,

Rachel L. Chanin

Enclosure

34031582v1

**RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY**

1

2

3

4

5

6

7  OPTIMIZE TECHNOLOGY SOLUTIONS, LLC,

8                 Plaintiff,

9       vs.

10 STAPLES, INC., et al.,

11                Defendants.

12

13

**NON-PARTY ADOBE, INC.'S RESPONSES AND OBJECTIONS TO OPTIMIZE TECHNOLOGY SOLUTIONS, LLC'S SUBPOENA TO PRODUCE DOCUMENTS**

14

15      Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, non-party Adobe

16 Systems Incorporated ("Adobe") hereby responds and objects to Plaintiff Optimize Technology

17 Solutions, LLC's ("Optimize's") subpoena to produce documents dated July 22, 2013 served upon

18 Adobe ("Subpoena").

19                        **GENERAL OBJECTIONS**

20      The following Objections apply to each of Optimize's requests in its Subpoena and,

21 accordingly, Adobe incorporates each of them into the specific responses set forth below. The

22 assertion of the same or additional objections in any particular response to Optimize's subpoena

23 does not waive any other objections that are incorporated by reference.

24      1.     Adobe objects to Optimize's Subpoena to the extent that Optimize seeks to impose

25 obligations beyond those imposed by the Federal Rules of Civil Procedure, and/or by the Local

26 Rules of the United States District Court for the Northern District of California and/or Eastern

27 District of Texas (the "Local Rules"). Adobe further objects to the Definitions and Instructions set

28 forth in Optimize's Subpoena on the ground that they attempt to impose obligations on Adobe that

34017864v3

RESPONSES & OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1  are inconsistent with or beyond those specified by the Federal Rules of Civil Procedure and the

2  Local Rules.

3      2.    Adobe objects to Optimize's Subpoena to the extent that Optimize seeks information

4  or documents protected from disclosure by the attorney-client privilege, work product doctrine,

5  joint defense privilege, or any other available privileges, immunities, or protections. Nothing

6  contained herein is intended to be or should be construed as a waiver of such privileges, immunities,

7  or protections, and inadvertent disclosure of any privileged material should not be considered a

8  waiver of any applicable privileges, immunities, or protections.

9      3.    Adobe objects to Optimize's Subpoena to the extent that Optimize seeks information

10  or documents subject to the confidentiality rights of third parties not affiliated with Adobe. In

11  particular, Adobe objects to the extent Optimize seeks disclosure of information prohibited by the

12  terms of any protective order, contractual obligation, or any other obligation of confidentiality

13  between Adobe and third parties. Adobe will not provide information that is subject to

14  confidentiality rights of third parties without prior consent from such parties or pursuant to an Order

15  by the Court.

16      4.    Adobe objects to Optimize's Subpoena as unduly burdensome, oppressive, and

17  harassing to the extent that Optimize seeks information, documents and things already in

18  Optimize's possession, custody or control or that are available from public sources, because the

19  burden of obtaining access to such information is equal for both parties.

20      5.    Adobe object to Optimize's Subpoena to the extent the information is equally

21  available to parties to this action. Adobe will not provide information that is equally available from

22  parties to this action.

23      6.    Adobe objects to Optimize's Subpoena to the extent that Optimize seeks information

24  or documents that are unduly burdensome to obtain and/or produce. Adobe further objects to

25  Optimize's Subpoena to the extent that Optimize seeks production of "all documents" on the basis

26  that such a request is overly broad, unduly burdensome, and oppressive. To the extent that Adobe

27  indicates that it will produce documents, Adobe will produce responsive documents located after a

28  reasonable search.

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1    7.    Adobe objects to Optimize's Subpoena to the extent that Optimize seeks information

2    that is not limited or related to Optimize's defined "ACCUSED WEBSITE(S)," Optimize's defined

3    "RECOMMENDED PRODUCTS FUNCTIONALITY," or even to the general class of products

4    offered by Adobe. Such information is neither relevant to the subject matter involved in the present

5    action nor reasonably calculated to lead to the discovery of admissible evidence.

6    8.    Adobe objects to the definition of "TERM" as overbroad and not reasonably limited

7    in scope.

8    9.    Adobe objects to Optimize's Subpoena to the extent that Optimize seeks information

9    that is confidential or that Adobe maintains as trade secrets. To the extent that Adobe represents

10   that it will produce documents, such documents will be produced subject to the mandates of the

11   Protective Order in this case that was entered on May 17, 2013. Adobe will designate, as

12   appropriate, documents produced in response to this subpoena as "RESTRICTED – OUTSIDE

13   COUNSEL'S EYES ONLY or "RESTRICTED CONFIDENTIAL SOURCE CODE," as provided

14   for by the Protective Order in this case. Adobe further objects to the disclosure of such documents

15   by Optimize to outside consultants or experts without Optimize having first provided Adobe with

16   notice and an opportunity to object or file a motion for protective order, as set forth in paragraph

17   5(e) of the Protective Order in this case.

18   10.    Adobe objects to Optimize's Subpoena to the extent that Optimize seeks Adobe's

19   confidential and highly sensitive source code. Any source code Adobe produces in response to this

20   subpoena will be designated "RESTRICTED CONFIDENTIAL SOURCE CODE," as provided for

21   by the Protective Order in this case, and will be produced pursuant the Protective Order's

22   instructions regarding the production of source code. Adobe further objects to the disclosure of

23   such documents by Optimize to outside consultants or experts without Optimize having first

24   provided Adobe with notice and an opportunity to object or file a motion for protective order, as set

25   forth in paragraph 5(e) of the Protective Order in this case. Adobe expressly reserves the right to

26   seek additional protections for its confidential and highly sensitive source code and to seek

27   modification of the Protective Order in this case.

28

**RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY**

**RESPONSES TO SUBPOENA**

1

2  **REQUEST NO. 1:**

3      All contracts, agreements or understandings with any DEFENDANT, including, without

4  limitation, any amendments, supplementations or modifications thereto.

5  **RESPONSE:**

6      Adobe incorporates its General Objections as if set forth herein.  Adobe further objects to

7  this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

8  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

9  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

10  documents relating to activities, products, and functionalities that are not included in Optimize's

11  Complaint or infringement allegations in this matter.  Adobe further objects to this Request to the

12  extent that it seeks documents that are not within Adobe's possession, custody, or control.  Adobe

13  further objects to this Request to the extent that it seeks documents that can be obtained from other

14  sources that are more convenient and/or less burdensome.  Adobe further objects to this Request as

15  unduly burdensome to the extent it seeks production of documents equally available to parties to

16  this case.  Adobe further objects to this Request to the extent it seeks documents protected from

17  disclosure by the attorney-client privilege, work product doctrine, joint defense privilege, common

18  interest privilege, or any other applicable privileges, immunities, or protections.  Adobe further

19  objects to this Request to the extent it is not reasonably limited in time and scope.  Adobe further

20  objects to this Request to the extent it seeks documents that comprise third-party proprietary

21  information, trade secrets, or other confidential commercial information that Adobe is obligated not

22  to disclose.

23      Subject to and without waiving the foregoing Objections, and subject to the protective order

24  in this case, Adobe responds that Adobe does not have any contracts with any defendant in this

25  matter related to its Recommendations product except REI and, with respect to REI, Optimize can

26  seek this discovery from REI itself.

27

28

- 4 -

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1    **REQUEST NO. 2:**

2    All DOCUMENTS, including, without limitation, COMMUNICATIONS, RELATING TO

3    the negotiation, formation, continuation, modification or termination of any contracts, agreements or

4    understandings with any DEFENDANT or any specific SERVICES.

5    **RESPONSE:**

6    Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

7    this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

8    seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

9    calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

10   documents relating to activities, products, and functionalities that are not included in Optimize's

11   Complaint or infringement allegations in this matter. Adobe further objects to this Request to the

12   extent that it seeks documents that are not within Adobe's possession, custody, or control. Adobe

13   further objects to this Request to the extent that it seeks documents that can be obtained from other

14   sources that are more convenient and/or less burdensome. Adobe further objects to this Request as

15   unduly burdensome to the extent it seeks production of documents equally available to parties to

16   this case. Adobe further objects to this Request to the extent it seeks documents protected from

17   disclosure by the attorney-client privilege, work product doctrine, joint defense privilege, common

18   interest privilege, or any other applicable privileges, immunities, or protections. Adobe further

19   objects to this Request to the extent it is not reasonably limited in time and scope. Adobe further

20   objects to this Request to the extent it seeks documents that comprise third-party proprietary

21   information, trade secrets, or other confidential commercial information that Adobe is obligated not

22   to disclose.

23   Subject to and without waiving the foregoing Objections, and subject to the protective order

24   in this case, Adobe responds that Adobe does not have any contracts with any defendant in this

25   matter related to its Recommendations product except REI and, with respect to REI, Optimize can

26   seek this discovery from REI itself.

27

28

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1  **REQUEST NO. 3:**

2      ALL DOCUMENTS, data or information provided by any DEFENDANT as part of the

3  negotiation or formation of any contracts, agreements or understandings with any DEFENDANT or

4  any specific SERVICES.

5  **RESPONSE:**

6      Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

7  this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

8  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

9  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

10  documents relating to activities, products, and functionalities that are not included in Optimize's

11  Complaint or infringement allegations in this matter. Adobe further objects to this Request to the

12  extent that it seeks documents that are not within Adobe's possession, custody, or control. Adobe

13  further objects to this Request as unduly burdensome to the extent it seeks production of documents

14  equally available to parties to this case. Adobe further objects to this Request to the extent it seeks

15  documents protected from disclosure by the attorney-client privilege, work product doctrine, joint

16  defense privilege, common interest privilege, or any other applicable privileges, immunities, or

17  protections. Adobe further objects to this Request to the extent it is not reasonably limited in time

18  and scope. Adobe further objects to this Request to the extent it seeks documents that comprise

19  third-party proprietary information, trade secrets, or other confidential commercial information that

20  Adobe is obligated not to disclose.

21      Subject to and without waiving the foregoing Objections, and subject to the protective order

22  in this case, Adobe responds that Adobe does not have any contracts with any defendant in this

23  matter related to its Recommendations product except REI and, with respect to REI, Optimize can

24  seek this discovery from REI itself.

25  **REQUEST NO. 4:**

26      All contracts, agreements, licenses or similar DOCUMENTS RELATED TO the any [sic]

27  patents, copyrights, trade secrets or other intellectual property required to provide the SERVICES.

28

34017864v3

- 6 -
RESPONSES & OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1  **RESPONSE:**

2      Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

3  this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

4  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

5  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

6  documents relating to activities, products, and functionalities that are not included in Optimize's

7  Complaint or infringement allegations in this matter. Adobe further objects to this Request to the

8  extent that it seeks documents that can be obtained from other sources that are more convenient

9  and/or less burdensome. Adobe further objects to this Request as unduly burdensome to the extent

10  it seeks production of documents equally available to parties to this case. Adobe further objects to

11  this Request to the extent it seeks documents protected from disclosure by the attorney-client

12  privilege, work product doctrine, joint defense privilege, common interest privilege, or any other

13  applicable privileges, immunities, or protections. Adobe further objects to this Request to the extent

14  it is not reasonably limited in time and scope. Adobe further objects to this Request to the extent it

15  seeks documents that comprise third-party proprietary information, trade secrets, or other

16  confidential commercial information that Adobe is obligated not to disclose.

17      Subject to and without waiving the foregoing Objections, and subject to the protective order

18  in this case, Adobe responds that it is not clear what Optimize is seeking by this request but is

19  willing to meet and confer with Optimize regarding this request.

20  **REQUEST NO. 5:**

21      Any DOCUMENTS RELATED TO the location and ownership of any and all servers

22  hosting or used in conjunction with any of the following websites (e.g., used to provide or serve

23  code or associated content):

24          a.  www.staples.com
        b.  www.dillards.com

25          c.  www.llbean.com
        d.  www.rei.com

26          e.  www.rhapsody.com
        f.  mp3.rhapsody.com

27          g.  rhap-app-4-0.rhapsody.com
        h.  www.jcpenney.com

28          i.  www.drugstore.com
        j.  www.beauty.com

34017864v3

- 7 -

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

    k.   media.richrelevance.com
    l.   recs.richrelevance.com
    m.  media.staples.com
    n.   cdni.llbean.com

**RESPONSE:**

Adobe incorporates its General Objections as if set forth herein. Adobe further objects to this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent that it seeks documents relating to activities, products, and functionalities that are not included in Optimize's Complaint or infringement allegations in this matter. Adobe further objects to this Request to the extent that it seeks documents that are not within Adobe's possession, custody, or control. Adobe further objects to this Request to the extent that it seeks documents that can be obtained from other sources that are more convenient and/or less burdensome. Adobe further objects to this Request as unduly burdensome to the extent it seeks production of documents equally available to parties to this case. Adobe further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, joint defense privilege, common interest privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to this Request to the extent it is not reasonably limited in time and scope. Adobe further objects to this Request to the extent it seeks documents that comprise third-party proprietary information, trade secrets, or other confidential commercial information that Adobe is obligated not to disclose.

Subject to and without waiving the foregoing Objections, and subject to the protective order in this case, Adobe responds that Adobe does not provide its Recommendations product to any defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

**REQUEST NO. 6:**

DOCUMENTS sufficient to IDENTIFY all of the systems, equipment, products, software, hardware or other components that make up, have been part of, are used by YOU in, or have been used by YOU in providing the SERVICES (hereinafter, collectively, the "SYSTEM").

34017864v3

1   **RESPONSE:**

2        Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

3   this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

4   seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

5   calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

6   documents relating to activities, products, and functionalities that are not included in Optimize's

7   Complaint or infringement allegations in this matter. Adobe further objects to this Request to the

8   extent that it seeks documents that can be obtained from other sources that are more convenient

9   and/or less burdensome. Adobe further objects to this Request as unduly burdensome to the extent

10   it seeks production of documents equally available to parties to this case. Adobe further objects to

11   this Request to the extent it seeks documents protected from disclosure by the attorney-client

12   privilege, work product doctrine, joint defense privilege, common interest privilege, or any other

13   applicable privileges, immunities, or protections. Adobe further objects to this Request to the extent

14   it is not reasonably limited in time and scope. Adobe further objects to this Request to the extent it

15   seeks documents that comprise third-party proprietary information, trade secrets, or other

16   confidential commercial information that Adobe is obligated not to disclose. Adobe further objects

17   to this Request to the extent that it seeks Adobe's confidential, and highly sensitive source code.

18   Adobe further objects to this Request to the extent it seeks information protected as a trade secret,

19   and to the extent it seeks confidential research, development, or commercial information.

20        Subject to and without waiving the foregoing Objections, and subject to the protective order

21   in this case, Adobe will produce non-privileged, responsive documents located after a reasonably

22   diligent search, within its custody and control, sufficient to provide a technical overview of

23   Recommendations.

24   **REQUEST NO. 7:**

25        ALL DOCUMENTS described or evidencing the design, structure, architecture,

26   functionality or operation of any and all systems, equipment, products, software or other

27   components that are or have been used by YOU in providing the SERVICES, including, without

28   limitation, the SYSTEM.

34017864v3

1  **RESPONSE:**

2      Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

3  this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

4  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

5  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

6  documents relating to activities, products, and functionalities that are not included in Optimize's

7  Complaint or infringement allegations in this matter. Adobe further objects to this Request to the

8  extent that it seeks documents that can be obtained from other sources that are more convenient

9  and/or less burdensome. Adobe further objects to this Request as unduly burdensome to the extent

10 it seeks production of documents equally available to parties to this case. Adobe further objects to

11 this Request to the extent it seeks documents protected from disclosure by the attorney-client

12 privilege, work product doctrine, joint defense privilege, common interest privilege, or any other

13 applicable privileges, immunities, or protections. Adobe further objects to this Request to the extent

14 it is not reasonably limited in time and scope. Adobe further objects to this Request to the extent it

15 seeks documents that comprise third-party proprietary information, trade secrets, or other

16 confidential commercial information that Adobe is obligated not to disclose. Adobe further objects

17 to this Request to the extent that it seeks Adobe's confidential and highly sensitive source code.

18 Adobe further objects to this Request to the extent it seeks information protected as a trade secret,

19 and to the extent it seeks confidential research, development, or commercial information.

20     Subject to and without waiving the foregoing Objections, and subject to the protective order

21 in this case, Adobe will produce non-privileged, responsive documents located after a reasonably

22 diligent search, within its custody and control, sufficient to provide a technical overview of

23 Recommendations.

24 **REQUEST NO. 8:**

25     Any and all technical DOCUMENTS RELATING TO the operation of the ACCUSED

26 WEBSITE(S) or any RECOMMENDED PRODUCTS FUNCTIONALITY existing on or utilized in

27 conjunction with the ACCUSED WEBSITE(S), including, without limitation:

28         a. DOCUMENTS describing or evidencing the SERVICES provided by YOU to
           any DEFENDANT, including, without limitation, descriptions or demonstrations

- 10 -

RESTRICTED—OUTSIDE COUNSEL'S EYES ONLY

1    of the operation of such SERVICES;

2    b.  DOCUMENTS describing or evidencing the web service, API, or other interface
         calls made to or from the ACCUSED WEBSITE(S), including, without
3        limitation, "mbox" functionality and RECOMMENDED PRODUCTS
         FUNCTIONALITY;
4
5    c.  The web service, API code, or other interfaces used by RELATING TO the
         ACCUSED WEBSITE(S), including, without limitation, the web service or API
6        code for ADOBE'S "mbox" functionality or RECOMMENDED PRODUCTS
         FUNCTIONALITY RELATING TO the ACCUSED WEBSITE(S);
7    d.  Diagrams, user manuals, integration guides, specification sheets, flow charts,
         schematics, architecture DOCUMENTS, requirements DOCUMENTS, release
8        notes, and design DOCUMENTS which describe or evidence SERVICES
         provided by you to any DEFENDANT RELATING TO the ACCUSED
9        WEBSITE(S), including, without limitation, ADOBE'S "mbox" functionality,
         RECOMMENDED PRODUCTS FUNCTIONALITY, and the provision of any
10       other web site personalization or recommendations provided by YOU;

11   e.  Diagrams, user manuals, integration guides, specification sheets, flow charts,
         schematics, architecture DOCUMENTS, requirements DOCUMENTS, release
12       notes, and design DOCUMENTS which describe or evidence the interaction
         between ADOBE code and the ACCUSED WEBSITE(S), including, without
13       limitation, "mbox" functionality and RECOMMENDED PRODUCTS
         FUNCTIONALITY; and
14
15   f.  Architecture DOCUMENTS, requirements DOCUMENTS and design
         DOCUMENTS which describe, demonstrate or instruct a customer how to
16       implement ADOBE code, including, without limitation, "mbox" functionality
         and RECOMMENDED PRODUCTS FUNCTIONALITY.

17   **RESPONSE:**

18   Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

19   this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

20   seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

21   calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

22   documents relating to activities, products, and functionalities that are not included in Optimize's

23   Complaint or infringement allegations in this matter. Adobe further objects to this Request to the

24   extent that it seeks documents that are not within Adobe's possession, custody, or control. Adobe

25   further objects to this Request to the extent that it seeks documents that can be obtained from other

26   sources that are more convenient and/or less burdensome. Adobe further objects to this Request to

27   the extent it seeks documents protected from disclosure by the attorney-client privilege, work

28   product doctrine, joint defense privilege, common interest privilege, or any other applicable

34017864v3

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1   privileges, immunities, or protections. Adobe further objects to this Request to the extent it is not

2   reasonably limited in time and scope. Adobe further objects to this Request to the extent it seeks

3   documents that comprise third-party proprietary information, trade secrets, or other confidential

4   commercial information that Adobe is obligated not to disclose. Adobe further objects to this

5   Request to the extent it seeks production of documents available to parties to this case. Adobe

6   further objects to this Request to the extent that it seeks Adobe's confidential and highly sensitive

7   source code. Adobe further objects to this Request to the extent it seeks information protected as a

8   trade secret, and to the extent it seeks confidential research, development, or commercial

9   information.

10   Subject to and without waiving the foregoing Objections, and subject to the protective order

11   in this case, Adobe will produce non-privileged, responsive documents located after a reasonably

12   diligent search, within its custody and control, sufficient to provide a technical overview of

13   Recommendations.

14   **REQUEST NO. 9:**

15   DOCUMENTS sufficient to demonstrate how YOU determine:

16       a.  what SERVICES to provide when a client web site calls YOUR SYSTEM to
       request SERVICES;

17

18       b.  what source code, operating code, object code or other code or software should be
       used to respond to a call to YOUR SYSTEM to request SERVICES (e.g., in
       conjunction with the operation of a DEFENDANT'S web site); and

19

20       c.  how to tailor SERVICES, including, without limitation, ADOBE'S "mbox"
       functionality or RECOMMENDED PRODUCTS FUNCTIONALITY, for each
       client or request.

21

22   **RESPONSE:**

23   Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

24   this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

25   seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

26   calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

27   documents relating to activities, products, and functionalities that are not included in Optimize's

28   Complaint or infringement allegations in this matter. Adobe further objects to this Request to the

1 extent that it seeks documents that can be obtained from other sources that are more convenient

2 and/or less burdensome. Adobe further objects to this Request as unduly burdensome to the extent

3 it seeks production of documents equally available to parties to this case. Adobe further objects to

4 this Request to the extent it seeks documents protected from disclosure by the attorney-client

5 privilege, work product doctrine, joint defense privilege, common interest privilege, or any other

6 applicable privileges, immunities, or protections. Adobe further objects to this Request to the extent

7 it is not reasonably limited in time and scope. Adobe further objects to this Request to the extent it

8 seeks documents that comprise third-party proprietary information, trade secrets, or other

9 confidential commercial information that Adobe is obligated not to disclose. Adobe further objects

10 to this Request to the extent that it seeks Adobe's confidential and highly sensitive source code.

11 Adobe further objects to this Request to the extent it seeks information protected as a trade secret,

12 and to the extent it seeks confidential research, development, or commercial information.

13 Subject to and without waiving the foregoing Objections, and subject to the protective order

14 in this case, Adobe will produce non-privileged, responsive documents and source code located

15 after a reasonably diligent search, within its custody and control, sufficient to provide a technical

16 overview of Recommendations.

17 **REQUEST NO. 10:**

18 DOCUMENTS sufficient to demonstrate how YOU determined:

19     a. what SERVICES to provide when a DEFENDANT'S web site calls or otherwise accesses YOUR SYSTEM to request SERVICES;

20

21     b. what source code, operating code, object code or other code or software should be used to respond to a DEFENDANT'S web site call or other access to YOUR SYSTEM to request SERVICES; and

22

23     c. how to tailor SERVICES, including, without limitation, ADOBE'S "mbox" functionality or RECOMMENDED PRODUCTS FUNCTIONALITY, to each DEFENDANT.

24

25 **RESPONSE:**

26 Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

27 this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

28 seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

2  documents relating to activities, products, and functionalities that are not included in Optimize's

3  Complaint or infringement allegations in this matter. Adobe further objects to this Request to the

4  extent that it seeks documents that can be obtained from other sources that are more convenient

5  and/or less burdensome. Adobe further objects to this Request to the extent it seeks documents

6  protected from disclosure by the attorney-client privilege, work product doctrine, joint defense

7  privilege, common interest privilege, or any other applicable privileges, immunities, or protections.

8  Adobe further objects to this Request to the extent it is not reasonably limited in time and scope.

9  Adobe further objects to this Request to the extent it seeks documents that comprise third-party

10  proprietary information, trade secrets, or other confidential commercial information that Adobe is

11  obligated not to disclose. Adobe further objects to this Request as unduly burdensome to the extent

12  it seeks production of documents equally available to parties to this case. Adobe further objects to

13  this Request to the extent that it seeks Adobe's confidential and highly sensitive source code.

14  Adobe further objects to this Request to the extent it seeks information protected as a trade secret,

15  and to the extent it seeks confidential research, development, or commercial information.

16      Subject to and without waiving the foregoing Objections, and subject to the protective order

17  in this case, Adobe will produce non-privileged, responsive documents and source code located

18  after a reasonably diligent search, within its custody and control, sufficient to provide a technical

19  overview of Recommendations.

20  **REQUEST NO. 11:**

21      All source code or other instructions that:

22          a. provides the ACCUSED WEBSITE(S);

23          b. provides SERVICES to any DEFENDANT, including, without limitation, "mbox" functionality and RECOMMENDED PRODUCTS FUNCTIONALITY;

24          c. personalizes the ACCUSED WEBSITE(S) for visitors; or

25          d. provides any type of recommendations to visitors to the ACCUSED
26          WEBSITE(S).

27

28

RESTRICTED–OUTSIDE COUNSEL'S EYES ONLY

1  **RESPONSE:**

2      Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

3  this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

4  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

5  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

6  documents relating to activities, products, and functionalities that are not included in Optimize's

7  Complaint or infringement allegations in this matter. Adobe further objects to this Request to the

8  extent that it seeks documents that can be obtained from other sources that are more convenient

9  and/or less burdensome. Adobe further objects to this Request as unduly burdensome to the extent

10  it seeks production of documents equally available to parties to this case. Adobe further objects to

11  this Request to the extent it seeks documents protected from disclosure by the attorney-client

12  privilege, work product doctrine, joint defense privilege, common interest privilege, or any other

13  applicable privileges, immunities, or protections. Adobe further objects to this Request to the extent

14  it is not reasonably limited in time and scope. Adobe further objects to this Request to the extent it

15  seeks documents that comprise third-party proprietary information, trade secrets, or other

16  confidential commercial information that Adobe is obligated not to disclose. Adobe further objects

17  to this Request to the extent that it seeks Adobe's confidential and highly sensitive source code.

18  Adobe further objects to this Request to the extent it seeks information protected as a trade secret,

19  and to the extent it seeks confidential research, development, or commercial information.

20      Subject to and without waiving the foregoing Objections, and subject to the protective order

21  in this case, Adobe will produce non-privileged, responsive documents and source code located

22  after a reasonably diligent search, within its custody and control, sufficient to provide a technical

23  overview of Recommendations.

24  **REQUEST NO. 12:**

25      All software that:

26          a.  provides the ACCUSED WEBSITE(S);

27          b.  provides SERVICES to any DEFENDANT, including, without limitation, "mbox" functionality and RECOMMENDED PRODUCTS FUNCTIONALITY;

28          c.  personalizes the ACCUSED WEBSITE(S) for visitors; or

34017864v3

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1          d.  provides any type of recommendations to visitors to the ACCUSED WEBSITE(S).

2

3   **RESPONSE:**

4        Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

5   this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

6   seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

7   calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

8   documents relating to activities, products, and functionalities that are not included in Optimize's

9   Complaint or infringement allegations in this matter. Adobe further objects to this Request to the

10   extent that it seeks documents that can be obtained from other sources that are more convenient

11   and/or less burdensome. Adobe further objects to this Request to the extent it seeks documents

12   protected from disclosure by the attorney-client privilege, work product doctrine, joint defense

13   privilege, common interest privilege, or any other applicable privileges, immunities, or protections.

14   Adobe further objects to this Request to the extent it is not reasonably limited in time and scope.

15   Adobe further objects to this Request to the extent it seeks documents that comprise third-party

16   proprietary information, trade secrets, or other confidential commercial information that Adobe is

17   obligated not to disclose. Adobe further objects to this Request to the extent it seeks production of

18   documents available to parties to this case. Adobe further objects to this Request to the extent that

19   it seeks Adobe's confidential and highly sensitive source code. Adobe further objects to this

20   Request to the extent it seeks information protected as a trade secret, and to the extent it seeks

21   confidential research, development, or commercial information.

22        Subject to and without waiving the foregoing Objections, and subject to the protective order

23   in this case, Adobe will produce non-privileged, responsive documents and source code located

24   after a reasonably diligent search, within its custody and control, sufficient to provide a technical

25   overview of Recommendations.

26   **REQUEST NO. 13:**

27        All presentations made to any DEFENDANT demonstrating the capabilities and/or value of

28   the products and SERVICES provided by YOU or proposed by YOU to any DEFENDANT.

34017864v3

- 16 -

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1  **RESPONSE:**

2      Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

3  this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

4  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

5  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

6  documents relating to activities, products, and functionalities that are not included in Optimize's

7  Complaint or infringement allegations in this matter. Adobe further objects to this Request to the

8  extent that it seeks documents that are not within Adobe's possession, custody, or control. Adobe

9  further objects to this Request to the extent that it seeks documents that can be obtained from other

10  sources that are more convenient and/or less burdensome. Adobe further objects to this Request to

11  the extent it seeks documents protected from disclosure by the attorney-client privilege, work

12  product doctrine, joint defense privilege, common interest privilege, or any other applicable

13  privileges, immunities, or protections. Adobe further objects to this Request to the extent it is not

14  reasonably limited in time and scope. Adobe further objects to this Request to the extent it seeks

15  documents that comprise third-party proprietary information, trade secrets, or other confidential

16  commercial information that Adobe is obligated not to disclose. Adobe further objects to this

17  Request to the extent it seeks information protected as a trade secret, and to the extent it seeks

18  confidential research, development, or commercial information. Adobe further objects to this

19  Request as unduly burdensome to the extent it seeks production of documents equally available to

20  parties to this case.

21  **REQUEST NO. 14:**

22      All DOCUMENTS RELATED TO research and development conducted by or for YOU into

23  caching and/or delivery of web content from cache, as such relates to RECOMMENDED

24  PRODUCTS FUNCTIONALITY, including, without limitation, the use of cache servers, image

25  servers or other dedicated cache sources.

26  **RESPONSE:**

27      Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

28  this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1    seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

2    calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

3    documents relating to activities, products, and functionalities that are not included in Optimize's

4    Complaint or infringement allegations in this matter. Adobe further objects to this Request to the

5    extent that it seeks documents that can be obtained from other sources that are more convenient

6    and/or less burdensome. Adobe further objects to this Request as unduly burdensome to the extent

7    it seeks production of documents equally available to parties to this case. Adobe further objects to

8    this Request to the extent it seeks documents protected from disclosure by the attorney-client

9    privilege, work product doctrine, joint defense privilege, common interest privilege, or any other

10   applicable privileges, immunities, or protections. Adobe further objects to this Request to the extent

11   it is not reasonably limited in time and scope. Adobe further objects to this Request to the extent it

12   seeks documents that comprise third-party proprietary information, trade secrets, or other

13   confidential commercial information that Adobe is obligated not to disclose. Adobe further objects

14   to this Request to the extent it seeks production of documents available to parties to this case.

15   Adobe further objects to this Request to the extent that it seeks Adobe's confidential and highly

16   sensitive source code. Adobe further objects to this Request to the extent it seeks research and

17   development information protected as a trade secret. Adobe further objects to this Request to the

18   extent it seeks confidential research, development, or commercial information.

19           Subject to and without waiving the foregoing Objections, and subject to the protective order

20   in this case, Adobe will produce non-privileged, responsive documents and source code located

21   after a reasonably diligent search, within its custody and control, sufficient to provide a technical

22   overview of Recommendations.

23   **REQUEST NO. 15:**

24           ALL COMMUNICATIONS between YOU and any DEFENDANT RELATED TO the

25   development, deployment and performance of any of the SERVICES.

26   **RESPONSE:**

27           Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

28   this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

2  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

3  documents relating to activities, products, and functionalities that are not included in Optimize's

4  Complaint or infringement allegations in this matter. Adobe further objects to this Request to the

5  extent that it seeks documents that can be obtained from other sources that are more convenient

6  and/or less burdensome. Adobe further objects to this Request to the extent it seeks documents

7  protected from disclosure by the attorney-client privilege, work product doctrine, joint defense

8  privilege, common interest privilege, or any other applicable privileges, immunities, or protections.

9  Adobe further objects to this Request to the extent it is not reasonably limited in time and scope.

10  Adobe further objects to this Request to the extent it seeks documents that comprise third-party

11  proprietary information, trade secrets, or other confidential commercial information that Adobe is

12  obligated not to disclose. Adobe further objects to this Request to the extent it seeks production of

13  documents available to parties to this case. Adobe further objects to this Request to the extent that

14  it seeks Adobe's confidential and highly sensitive source code. Adobe further objects to this

15  Request to the extent it seeks information protected as a trade secret, and to the extent it seeks

16  confidential research, development, or commercial information.

17  **REQUEST NO. 16:**

18      All DOCUMENTS regarding or RELATING TO any DEFENDANT'S decision to utilize

19  the RECOMMENDED PRODUCTS FUNCTIONALITY with the ACCUSED WEBSITE(S).

20  **RESPONSE:**

21      Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

22  this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

23  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

24  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

25  documents relating to activities, products, and functionalities that are not included in Optimize's

26  Complaint or infringement allegations in this matter. Adobe further objects to this Request to the

27  extent that it seeks documents that are not within Adobe's possession, custody, or control. Adobe

28  further objects to this Request to the extent that it seeks documents that can be obtained from other

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1  sources that are more convenient and/or less burdensome. Adobe further objects to this Request to

2  the extent that it seeks documents that are not within Adobe's possession, custody, or control.

3  Adobe further objects to this Request to the extent it seeks documents protected from disclosure by

4  the attorney-client privilege, work product doctrine, joint defense privilege, common interest

5  privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to

6  this Request to the extent it is not reasonably limited in time and scope. Adobe further objects to

7  this Request to the extent it seeks documents that comprise third-party proprietary information,

8  trade secrets, or other confidential commercial information that Adobe is obligated not to disclose.

9  Adobe further objects to this Request as unduly burdensome to the extent it seeks production of

10 documents equally available to parties to this case. Adobe further objects to this Request as unduly

11 burdensome to the extent it seeks production of documents equally available to parties to this case.

12 Adobe further objects to this Request to the extent it seeks confidential development or commercial

13 information.

14      Subject to and without waiving the foregoing Objections, and subject to the protective order

15 in this case, Adobe responds that Adobe does not provide its Recommendations product to any

16 defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

17 **REQUEST NO. 17:**

18      All electronically stored information regarding or RELATING TO the source code files

19 produced by YOU describing the file names, the physical and network or intranet locations, the file

20 path for the file as stored in the ordinary course of business to operate the website, the version

21 history of the files, the release information for the files, including, without limitation, any "release

22 tag" or "release label," and/or the checksum of every file.

23 **RESPONSE:**

24      Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

25 this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

26 seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

27 calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

28 documents relating to activities, products, and functionalities that are not included in Optimize's

34017864v3

RESTRICTED—OUTSIDE COUNSEL'S EYES ONLY

1  Complaint or infringement allegations in this matter. Adobe further objects to this Request to the

2  extent that it seeks documents that are not within Adobe's possession, custody, or control. Adobe

3  further objects to this Request to the extent it is not reasonably limited in time and scope. Adobe

4  further objects to this Request to the extent it seeks documents that comprise third-party proprietary

5  information, trade secrets, or other confidential commercial information that Adobe is obligated not

6  to disclose. Adobe further objects to this Request as unduly burdensome to the extent it seeks

7  production of documents equally available to parties to this case. Adobe further objects to this

8  Request to the extent that it seeks Adobe's confidential and highly sensitive source code. Adobe

9  further objects to this Request to the extent it seeks information protected as a trade secret, and to

10  the extent it seeks confidential research, development, or commercial information.

11  Subject to and without waiving the foregoing Objections, and subject to the protective order

12  in this case, Adobe will produce non-privileged, responsive documents and source code located

13  after a reasonably diligent search, within its custody and control, sufficient to provide a technical

14  overview of Recommendations.

15  **REQUEST NO. 18:**

16  All data resulting from any monitoring and TRACKING of the ACCUSED WEBSITE(S) to

17  measure the performance of the SERVICES provided to any DEFENDANT, including, without

18  limitation:

19      a. Web site usage, up-time, delivery speeds, download amounts, cross-sell features,

20         up-sell features on product pages, RECOMMENDED PRODUCTS FUNCTIONALITY, search and browsing history, or other performance statistics for the ACCUSED WEBSITE(S);

21  

22      b. the actual data measured;

23      c. any compilations or REPORTS of the data measured; and

24      d. any DOCUMENTS indicating the significance, efficiency, effectiveness or quality of SERVICES provided to any DEFENDANT, based on the data measured.

25  

26  **RESPONSE:**

27  Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

28  this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

34017864v3

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1    seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

2    calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

3    documents relating to activities, products, and functionalities that are not included in Optimize's

4    Complaint or infringement allegations in this matter. Adobe further objects to this Request as

5    unduly burdensome to the extent that it is duplicative of at least Request Nos. 6 – 12, above. Adobe

6    further objects to this Request to the extent that it seeks documents that are not within Adobe's

7    possession, custody, or control. Adobe further objects to this Request to the extent it is not

8    reasonably limited in time and scope. Adobe further objects to this Request to the extent it seeks

9    documents that comprise third-party proprietary information, trade secrets, or other confidential

10   commercial information that Adobe is obligated not to disclose. Adobe further objects to this

11   Request as unduly burdensome to the extent it seeks production of documents equally available to

12   parties to this case. Adobe further objects to this Request to the extent it seeks information

13   protected as a trade secret, and to the extent it seeks confidential research, development, or

14   commercial information.

15        Subject to and without waiving the foregoing Objections, and subject to the protective order

16   in this case, Adobe responds that Adobe does not provide its Recommendations product to any

17   defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

18   **REQUEST NO. 19:**

19        All REPORTS prepared by YOU for any DEFENDANT.

20   **RESPONSE:**

21        Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

22   this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

23   seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

24   calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

25   documents relating to activities, products, and functionalities that are not included in Optimize's

26   Complaint or infringement allegations in this matter. Adobe further objects to this Request as

27   unduly burdensome and harassing to the extent that it is duplicative of at least Request Nos. 6 – 12,

28   above. Adobe further objects to this Request to the extent that it seeks documents that are not

# RESTRICTED—OUTSIDE COUNSEL'S EYES ONLY

1   within Adobe's possession, custody, or control. Adobe further objects to this Request to the extent
2   it is not reasonably limited in time and scope. Adobe further objects to this Request to the extent it
3   seeks documents that comprise third-party proprietary information, trade secrets, or other
4   confidential commercial information that Adobe is obligated not to disclose. Adobe further objects
5   to this Request as unduly burdensome to the extent it seeks production of documents equally
6   available to parties to this case. Adobe further objects to this Request to the extent it seeks
7   information protected as a trade secret, and to the extent it seeks confidential research, development,
8   or commercial information.

9        Subject to and without waiving the foregoing Objections, and subject to the protective order
10   in this case, Adobe responds that Adobe does not provide its Recommendations product to any
11   defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.
12   **REQUEST NO. 20:**

13        DOCUMENTS showing, for the period beginning January 1, 2001 to the present, the types
14   of website statistics RELATING TO the ACCUSED WEBSITE(S) and the RECOMMEDED
15   PRODUCTS FUNCTIONALITY TRACKED or capable of being TRACKED by YOU.
16   **RESPONSE:**

17        Adobe incorporates its General Objections as if set forth herein. Adobe further objects to
18   this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it
19   seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably
20   calculated to lead to the discovery of admissible evidence, including to the extent that it seeks
21   documents relating to activities, products, and functionalities that are not included in Optimize's
22   Complaint or infringement allegations in this matter. Adobe further objects to this Request to the
23   extent that it seeks documents that can be obtained from other sources that are more convenient
24   and/or less burdensome. Adobe further objects to this Request to the extent that it seeks documents
25   that are not within Adobe's possession, custody, or control. Adobe further objects to this Request
26   as unduly burdensome to the extent it seeks production of documents equally available to parties to
27   this case. Adobe further objects to this Request to the extent it seeks documents protected from
28   disclosure by the attorney-client privilege, work product doctrine, joint defense privilege, common

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1   interest privilege, or any other applicable privileges, immunities, or protections. Adobe further

2   objects to this Request to the extent it seeks documents that comprise third-party proprietary

3   information, trade secrets, or other confidential commercial information that Adobe is obligated not

4   to disclose. Adobe further objects to this Request to the extent it seeks information protected as a

5   trade secret, and to the extent it seeks confidential research, development, or commercial

6   information.

7        Subject to and without waiving the foregoing Objections, and subject to the protective order

8   in this case, Adobe responds that Adobe does not provide its Recommendations product to any

9   defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

10  **REQUEST NO. 21:**

11       All DOCUMENTS, whether provided by or received by YOU, RELATING TO projected

12  usage of the ACCUSED WEBSITE(S) or any RECOMMENDED PRODUCTS FUNCTIONALITY

13  existing on or utilized in conjunction with the ACCUSED WEBSITE(S).

14  **RESPONSE:**

15       Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

16  this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

17  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

18  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

19  documents relating to activities, products, and functionalities that are not included in Optimize's

20  Complaint or infringement allegations in this matter. Adobe further objects to this Request as

21  unduly burdensome and harassing to the extent that it is duplicative of at least Request Nos. 8–13

22  and 15, above. Adobe further objects to this Request to the extent that it seeks documents that are

23  not within Adobe's possession, custody, or control. Adobe further objects to this Request as unduly

24  burdensome to the extent it seeks production of documents equally available to parties to this case.

25  Adobe further objects to this Request to the extent it seeks documents protected from disclosure by

26  the attorney-client privilege, work product doctrine, joint defense privilege, common interest

27  privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to

28  this Request to the extent it is not reasonably limited in time and scope. Adobe further objects to

- 24 -

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1  this Request to the extent it seeks documents that comprise third-party proprietary information,

2  trade secrets, or other confidential commercial information that Adobe is obligated not to disclose.

3  Adobe further objects to this Request to the extent it seeks production of documents available to

4  parties to this case. Adobe further objects to this Request to the extent it seeks information

5  protected as a trade secret, and to the extent it seeks confidential research, development, or

6  commercial information.

7  Subject to and without waiving the foregoing Objections, and subject to the protective order

8  in this case, Adobe responds that Adobe does not provide its Recommendations product to any

9  defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

10 **REQUEST NO. 22:**

11 All DOCUMENTS RELATED TO any performance testing done for, on or about the

12 SERVICES.

13 **RESPONSE:**

14 Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

15 this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

16 seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

17 calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

18 documents relating to activities, products, and functionalities that are not included in Optimize's

19 Complaint or infringement allegations in this matter. Adobe further objects to this Request to the

20 extent that it seeks documents that are not within Adobe's possession, custody, or control. Adobe

21 further objects to this Request as unduly burdensome and harassing to the extent that it is

22 duplicative of at least Request Nos. 8 – 13, 15, and 21, above. Adobe further objects to this Request

23 as unduly burdensome to the extent it seeks production of documents equally available to parties to

24 this case. Adobe further objects to this Request to the extent it seeks documents protected from

25 disclosure by the attorney-client privilege, work product doctrine, joint defense privilege, common

26 interest privilege, or any other applicable privileges, immunities, or protections. Adobe further

27 objects to this Request to the extent it is not reasonably limited in time and scope. Adobe further

28 objects to this Request to the extent it seeks documents that comprise third-party proprietary

## RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1   information, trade secrets, or other confidential commercial information that Adobe is obligated not

2   to disclose. Adobe further objects to this Request to the extent it seeks information protected as a

3   trade secret, and to the extent it seeks confidential research, development, or commercial

4   information.

5   **REQUEST NO. 23:**

6   All COMMUNICATIONS between YOU and any DEFENDANT RELATED TO the

7   performance, speed, usage and/or effectiveness of (i) the SERVICES or (ii) delivery of any web

8   content by YOU for any DEFENDANT.

9   **RESPONSE:**

10   Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

11   this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

12   seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

13   calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

14   documents relating to activities, products, and functionalities that are not included in Optimize's

15   Complaint or infringement allegations in this matter. Adobe further objects to this Request as

16   unduly burdensome and harassing to the extent that it is duplicative of at least Request Nos. 8–13,

17   15, 21, and 22, above. Adobe further objects to this Request to the extent it is not reasonably

18   limited in time and scope. Adobe further objects to this Request to the extent it seeks documents

19   that comprise third-party proprietary information, trade secrets, or other confidential commercial

20   information that Adobe is obligated not to disclose. Adobe further objects to this Request as unduly

21   burdensome to the extent it seeks production of documents equally available to parties to this case.

22   Adobe further objects to this Request to the extent it seeks information protected as a trade secret,

23   and to the extent it seeks confidential research, development, or commercial information.

24   Subject to and without waiving the foregoing Objections, and subject to the protective order

25   in this case, Adobe responds that Adobe does not provide its Recommendations product to any

26   defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

27

28

34017864v3

**RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY**

1  **REQUEST NO. 24:**

2      All promotional, marketing, advertising or similar DOCUMENTS provided to any

3  DEFENDANT.

4  **RESPONSE:**

5      Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

6  this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

7  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

8  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

9  documents relating to activities, products, and functionalities that are not included in Optimize's

10  Complaint or infringement allegations in this matter. Adobe further objects to this Request as

11  unduly burdensome and harassing to the extent that it is duplicative of at least Request Nos. 1–4,

12  above. Adobe further objects to this Request to the extent it seeks documents not in Adobe's

13  possession, custody, or control. Adobe further objects to this Request to the extent it is not

14  reasonably limited in time and scope. Adobe further objects to this Request to the extent it seeks

15  documents that comprise third-party proprietary information, trade secrets, or other confidential

16  commercial information that Adobe is obligated not to disclose. Adobe further objects to this

17  Request as unduly burdensome to the extent it seeks production of documents equally available to

18  parties to this case. Adobe further objects to this Request to the extent it seeks information

19  protected as a trade secret, and to the extent it seeks confidential research, development, or

20  commercial information.

21      Subject to and without waiving the foregoing Objections, and subject to the protective order

22  in this case, Adobe responds that Adobe does not provide its Recommendations product to any

23  defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

24  **REQUEST NO. 25:**

25      All promotional, marketing or advertising materials or similar DOCUMENTS used by

26  YOU, during the TERM, and RELATED TO SERVICES.

27

28

RESPONSES & OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1   **RESPONSE:**

2          Adobe incorporates its General Objections as if set forth herein.  Adobe further objects to
3   this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it
4   seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably
5   calculated to lead to the discovery of admissible evidence, including to the extent that it seeks
6   documents relating to activities, products, and functionalities that are not included in Optimize's
7   Complaint or infringement allegations in this matter.  Adobe further objects to this Request as
8   unduly burdensome and harassing to the extent that it is duplicative of at least Request Nos. 1 – 4,
9   and 21 – 24, above.  Adobe further objects to this Request to the extent it is not reasonably limited
10  in time and scope.  Adobe further objects to this Request as unduly burdensome to the extent it
11  seeks production of documents equally available to parties to this case.  Adobe further objects to
12  this Request to the extent it seeks confidential commercial information.

13         Subject to and without waiving the foregoing Objections, and subject to the protective order
14  in this case, Adobe will produce non-privileged, responsive documents located after a reasonably
15  diligent search, within its custody and control, sufficient to provide a technical overview of
16  Recommendations.

17  **REQUEST NO. 26:**

18         All DOCUMENTS regarding or RELATING TO the appeal of, effectiveness of and/or
19  capabilities of SERVICES as they relate to any DEFENDANT'S customers.

20  **RESPONSE:**

21         Adobe incorporates its General Objections as if set forth herein.  Adobe further objects to
22  this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it
23  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably
24  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks
25  documents relating to activities, products, and functionalities that are not included in Optimize's
26  Complaint or infringement allegations in this matter.  Adobe further objects to this Request as
27  unduly burdensome to the extent it seeks production of documents equally available to parties to
28  this case.  Adobe further objects to this Request to the extent it seeks documents protected from

34017864v3

RESPONSES & OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1   disclosure by the attorney-client privilege, work product doctrine, joint defense privilege, common

2   interest privilege, or any other applicable privileges, immunities, or protections. Adobe further

3   objects to this Request as unduly burdensome and harassing to the extent that it is duplicative of at

4   least Request Nos. 8 – 13, 15, and 21 – 25, above. Adobe further objects to this Request to the

5   extent it seeks production of documents not reasonably calculated to lead to discovery of relevant

6   evidence. Adobe further objects to this Request to the extent it is not reasonably limited in time and

7   scope. Adobe further objects to this Request as vague and ambiguous to the extent that it uses

8   subjective terms such as "appeal" and "effectiveness," as these terms are susceptible to multiple

9   reasonable interpretations. Adobe further objects to this Request to the extent it seeks documents

10   that comprise third-party proprietary information, trade secrets, or other confidential commercial

11   information that Adobe is obligated not to disclose.

12   **REQUEST NO. 27:**

13       All DOCUMENTS regarding or RELATING TO the demand for or market for the

14   SERVICES during the TERM.

15   **RESPONSE:**

16       Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

17   this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

18   seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

19   calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

20   documents relating to activities, products, and functionalities that are not included in Optimize's

21   Complaint or infringement allegations in this matter. Adobe further objects to this Request as

22   unduly burdensome to the extent it seeks production of documents equally available to parties to

23   this case. Adobe further objects to this Request to the extent it seeks documents protected from

24   disclosure by the attorney-client privilege, work product doctrine, joint defense privilege, common

25   interest privilege, or any other applicable privileges, immunities, or protections. Adobe further

26   objects to this Request as unduly burdensome and harassing to the extent that it is duplicative of at

27   least Request Nos. 8–13, 15, and 21–26, above. Adobe further objects to this Request to the extent

28   it is not reasonably limited in time and scope. Adobe further objects to this Request to the extent it

34017864v3

- 29 -

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1   seeks information protected as a trade secret, and to the extent it seeks confidential research,

2   development, or commercial information.  Adobe further objects to this Request to the extent it

3   seeks documents that comprise third-party proprietary information, trade secrets, or other

4   confidential commercial information that Adobe is obligated not to disclose.

5   **REQUEST NO. 28:**

6       All DOCUMENTS regarding or RELATING TO the customers of the products and

7   SERVICES YOU offer that customize and/or personalize web pages during the TERM, if any.

8   **RESPONSE:**

9       Adobe incorporates its General Objections as if set forth herein.  Adobe further objects to

10  this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

11  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

12  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

13  documents relating to activities, products, and functionalities that are not included in Optimize's

14  Complaint or infringement allegations in this matter.  Adobe further objects to this Request to the

15  extent it seeks documents protected from disclosure by the attorney-client privilege, work product

16  doctrine, joint defense privilege, common interest privilege, or any other applicable privileges,

17  immunities, or protections.  Adobe further objects to this Request as unduly burdensome and

18  harassing to the extent that it is duplicative of at least Request Nos. $1 - 4$, and $21 - 27$, above.

19  Adobe further objects to this Request to the extent it is not reasonably limited in time and scope.

20  Adobe further objects to this Request to the extent it seeks documents that comprise third-party

21  proprietary information, trade secrets, or other confidential commercial information that Adobe is

22  obligated not to disclose.

23  **REQUEST NO. 29:**

24      Any and all DOCUMENTS RELATED TO any studies, surveys, tests, analysis or

25  research conducted, including, without limitation, conducted by or for YOU, during the TERM,

26  RELATED TO the adoption, usage, effectiveness, benefits, costs, savings, or performance of:

27          a.  SERVICES or services similar to the SERVICES;

28          b.  web content caching, including, without limitation, images, media or other web
            content; or

- 30 -

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

    c.  delivery of web content from cache, including, without limitation, the use of cache servers, image servers or other dedicated cache sources.

    d.  the effect of speed, responsiveness, content delivery times, and overall response times on e-commerce or retail websites, including, without limitation, the effect on end-user experience and/or sales;

    e.  end user experience for e-commerce or retail websites, including, without limitation, the effect of responsiveness and content delivery times on the user experience;

    f.  end user experience for services similar to the SERVICES;

    g.  the effectiveness of RECOMMENDED PRODUCTS FUNCTIONALITY or similar functionality with respect to e-commerce or retail websites, including, without limitation, the effect on end-user experience and/or sales; or

    h.  the effectiveness of product recommendations on e-commerce or retail websites, including, without limitation, the effect on end-user experience and/or sales.

**RESPONSE:**

Adobe incorporates its General Objections as if set forth herein. Adobe further objects to this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent that it seeks documents relating to activities, products, and functionalities that are not included in Optimize's Complaint or infringement allegations in this matter. Adobe further objects to this Request as unduly burdensome and harassing to the extent that it is duplicative of at least Request Nos. 8–13, 15, and 21–26, above. Adobe further objects to this Request to the extent it is not reasonably limited in time and scope. Adobe further objects to this Request to the extent it seeks information protected as a trade secret, and to the extent it seeks confidential research, development, or commercial information. Adobe further objects to this Request to the extent it seeks documents that comprise third-party proprietary information, trade secrets, or other confidential commercial information that Adobe is obligated not to disclose. Adobe further objects to this request to the extent that it seeks Adobe's confidential and highly sensitive source code.

Subject to and without waiving the foregoing Objections, and subject to the protective order in this case, Adobe will produce non-privileged, responsive documents located after a reasonably

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1  diligent search, within its custody and control, sufficient to provide a technical overview of

2  Recommendations.

3  **REQUEST NO. 30:**

4      All DOCUMENTS regarding or RELATING TO any DEFENDANT'S or third party's past,

5  present and planned research and development efforts into the operation of the ACCUSED

6  WEBSITE(S) or any RECOMMENDED PRODUCTS FUNCTIONALITY.

7  **RESPONSE:**

8      Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

9  this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

10  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

11  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

12  documents relating to activities, products, and functionalities that are not included in Optimize's

13  Complaint or infringement allegations in this matter. Adobe further objects to this Request as

14  unduly burdensome to the extent it seeks production of documents equally available to parties to

15  this case. Adobe further objects to this Request to the extent it seeks documents protected from

16  disclosure by the attorney-client privilege, work product doctrine, joint defense privilege, common

17  interest privilege, or any other applicable privileges, immunities, or protections. Adobe further

18  objects to this Request to the extent that it seeks documents that can be obtained from other sources

19  that are more convenient and/or less burdensome. Adobe further objects to this Request as unduly

20  burdensome and harassing to the extent that it seeks documents that are not within Adobe's

21  possession, custody, or control. Adobe further objects to this Request as unduly burdensome and

22  harassing to the extent that it is duplicative of at least Request Nos. 14, 21–23, above. Adobe

23  further objects to this Request to the extent it is not reasonably limited in time and scope. Adobe

24  further objects to this Request to the extent it seeks information protected as a trade secret, and to

25  the extent it seeks confidential research, development, or commercial information. Adobe further

26  objects to this Request to the extent it seeks documents that comprise third-party proprietary

27  information, trade secrets, or other confidential commercial information that Adobe is obligated not

28

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1  to disclose. Adobe further objects to this Request to the extent that it seeks Adobe's confidential
2  and highly sensitive source code.

3      Subject to and without waiving the foregoing Objections, and subject to the protective order
4  in this case, Adobe responds that Adobe does not provide its Recommendations product to any
5  defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.
6  **REQUEST NO. 31:**

7      Any and all ADOBE, DEFENDANT, industry, market or third party studies, REPORTS,
8  surveys, tests, analysis or similar DOCUMENTS RELATED TO the adoption, usage, effectiveness,
9  benefits, costs, savings; or performance of RECOMMENDED PRODUCTS FUNCTIONALITY or
10  similar functionality.

11  **RESPONSE:**

12      Adobe incorporates its General Objections as if set forth herein. Adobe further objects to
13  this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it
14  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably
15  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks
16  documents relating to activities, products, and functionalities that are not included in Optimize's
17  Complaint or infringement allegations in this matter. Adobe further objects to this Request to the
18  extent it seeks documents protected from disclosure by the attorney-client privilege, work product
19  doctrine, joint defense privilege, common interest privilege, or any other applicable privileges,
20  immunities, or protections. Adobe further objects to this Request to the extent that it seeks
21  documents that can be obtained from other sources that are more convenient and/or less
22  burdensome. Adobe further objects to this Request as unduly burdensome and harassing to the
23  extent that it seeks documents that are not within Adobe's possession, custody, or control. Adobe
24  further objects to this Request as unduly burdensome and harassing to the extent that it is
25  duplicative of at least Request Nos. 8–13, 15, and 21–26, above. Adobe further objects to this
26  Request to the extent it seeks information protected as a trade secret, and to the extent it seeks
27  confidential research, development, or commercial information. Adobe further objects to this
28  Request to the extent it seeks documents that comprise third-party proprietary information, trade

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1   secrets, or other confidential commercial information that Adobe is obligated not to disclose.

2   Adobe further objects to this request to the extent that it seeks Adobe's confidential and highly

3   sensitive source code.

4   Subject to and without waiving the foregoing Objections, and subject to the protective order

5   in this case, Adobe will produce non-privileged, responsive documents located after a reasonably

6   diligent search, within its custody and control, sufficient to provide a technical overview of

7   Recommendations.

8   **REQUEST NO. 32:**

9   All DOCUMENTS sufficient to IDENTIFY all PERSONS, including, without limitation,

10   third party vendors responsible for TRACKING, quantifying, reporting on, and/or monitoring the

11   usage, traffic, realization rate, performance, profitability and/or other measure of the efficacy of the

12   ACCUSED WEBSITE(S) and the RECOMMENDED PRODUCTS FUNCTIONALITY of the

13   ACCUSED WEBSITE(S).

14   **RESPONSE:**

15   Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

16   this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

17   seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

18   calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

19   documents relating to activities, products, and functionalities that are not included in Optimize's

20   Complaint or infringement allegations in this matter. Adobe further objects to this Request to the

21   extent it seeks documents protected from disclosure by the attorney-client privilege, work product

22   doctrine, joint defense privilege, common interest privilege, or any other applicable privileges,

23   immunities, or protections. Adobe further objects to this Request as unduly burdensome to the

24   extent that it is duplicative of at least Request Nos. 6–12, 18, 20-23, 26, 29, 31 above. Adobe

25   further objects to this Request to the extent that it seeks documents that can be obtained from other

26   sources that are more convenient and/or less burdensome. Adobe further objects to this Request as

27   unduly burdensome and harassing to the extent that it seeks documents that are not within Adobe's

28   possession, custody, or control. Adobe further objects to this Request to the extent it is not

## RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1   reasonably limited in time and scope. Adobe further objects to this Request to the extent it seeks

2   information protected as a trade secret, and to the extent it seeks confidential research, development,

3   or commercial information. Adobe further objects to this Request to the extent it seeks documents

4   that comprise third-party proprietary information, trade secrets, or other confidential commercial

5   information that Adobe is obligated not to disclose. Adobe further objects to this request to the

6   extent that it seeks Adobe's confidential and highly sensitive source code.

7        Subject to and without waiving the foregoing Objections, and subject to the protective order

8   in this case, Adobe responds that Adobe does not provide its Recommendations product to any

9   defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

10  **REQUEST NO. 33:**

11       All DOCUMENTS regarding or RELATING TO TRACKING, quantifying, reporting on,

12  and/or monitoring the usage, traffic, realization rate, performance, profitability and/or other measure

13  of the efficacy of the ACCUSED WEBSITE(S) and the RECOMMENDED PRODUCTS

14  FUNCTIONALITY of the ACCUSED WEBSITE(S).

15  **RESPONSE:**

16       Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

17  this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

18  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

19  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

20  documents relating to activities, products, and functionalities that are not included in Optimize's

21  Complaint or infringement allegations in this matter. Adobe further objects to this Request to the

22  extent it seeks documents protected from disclosure by the attorney-client privilege, work product

23  doctrine, joint defense privilege, common interest privilege, or any other applicable privileges,

24  immunities, or protections. Adobe further objects to this Request as unduly burdensome to the

25  extent that it is duplicative of at least Request Nos. 6–12, 18, 20-23, 26, 29, and 32, above. Adobe

26  further objects to this Request to the extent that it seeks documents that can be obtained from other

27  sources that are more convenient and/or less burdensome. Adobe further objects to this Request as

28  unduly burdensome and harassing to the extent that it seeks documents that are not within Adobe's

Case5:14-mc-80095-LHK  Document2  Filed03/25/14  Page80 of 202

1  possession, custody, or control. Adobe further objects to this Request to the extent it is not

2  reasonably limited in time and scope. Adobe further objects to this Request to the extent it seeks

3  information protected as a trade secret, and to the extent it seeks confidential research, development,

4  or commercial information. Adobe further objects to this Request to the extent it seeks documents

5  that comprise third-party proprietary information, trade secrets, or other confidential commercial

6  information that Adobe is obligated not to disclose. Adobe further objects to this request to the

7  extent that it seeks Adobe's confidential and highly sensitive source code.

8        Subject to and without waiving the foregoing Objections, and subject to the protective order

9  in this case, Adobe responds that Adobe does not provide its Recommendations product to any

10  defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

11  **REQUEST NO. 34:**

12        All invoices, statements, bills, purchase orders or similar DOCUMENTS RELATING TO

13  the SERVICES provided to any DEFENDANT, including, without limitation, the amounts charged

14  to any DEFENDANT for the SERVICES and any other amounts received from DEFENDANT

15  RELATED TO SERVICES.

16  **RESPONSE:**

17        Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

18  this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

19  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

20  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

21  documents relating to activities, products, and functionalities that are not included in Optimize's

22  Complaint or infringement allegations in this matter. Adobe further objects to this Request as

23  unduly burdensome to the extent that it is duplicative of at least Request Nos. 1–4, above. Adobe

24  further objects to this Request to the extent that it seeks documents that can be obtained from other

25  sources that are more convenient and/or less burdensome. Adobe further objects to this Request as

26  unduly burdensome and harassing to the extent that it seeks documents that are not within Adobe's

27  possession, custody, or control. Adobe further objects to this Request to the extent it is not

28  reasonably limited in time and scope. Adobe further objects to this Request as unduly burdensome

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1   to the extent it seeks production of documents equally available to parties to this case. Adobe

2   further objects to this Request to the extent it seeks information protected as a trade secret, and to

3   the extent it seeks confidential research, development, or commercial information. Adobe further

4   objects to this Request to the extent it seeks documents that comprise third-party proprietary

5   information, trade secrets, or other confidential commercial information that Adobe is obligated not

6   to disclose.

7        Subject to and without waiving the foregoing Objections, and subject to the protective order

8   in this case, Adobe responds that Adobe does not provide its Recommendations product to any

9   defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

10   **REQUEST NO. 35:**

11        All DOCUMENTS, including, without limitation, how such information is TRACKED,

12   regarding or RELATING TO any DEFENDANT'S revenues during the TERM generated by or

13   because of:

14         a.  the ACCUSED WEBSITE(S);

15         b.  the SERVICES provided by YOU to any DEFENDANT; or

16         c.  the RECOMMENDED PRODUCTS FUNCTIONALITY of the ACCUSED
               WEBSITE(S);

17

18   **RESPONSE:**

19        Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

20   this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

21   seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

22   calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

23   documents relating to activities, products, and functionalities that are not included in Optimize's

24   Complaint or infringement allegations in this matter. Adobe further objects to this Request as

25   unduly burdensome to the extent that it is duplicative of at least Request Nos. 6–12, 18, and 32–33,

26   above. Adobe further objects to this Request to the extent it is not reasonably limited in time and

27   scope. Adobe further objects to this Request to the extent that it seeks documents that can be

28   obtained from other sources that are more convenient and/or less burdensome. Adobe further

1    objects to this Request as unduly burdensome and harassing to the extent that it seeks documents

2    that are not within Adobe's possession, custody, or control. Adobe further objects to this Request to

3    the extent it seeks information protected as a trade secret, and to the extent it seeks confidential

4    research, development, or commercial information. Adobe further objects to this Request to the

5    extent it seeks documents that comprise third-party proprietary information, trade secrets, or other

6    confidential commercial information that Adobe is obligated not to disclose.

7        Subject to and without waiving the foregoing Objections, and subject to the protective order

8    in this case, Adobe responds that Adobe does not provide its Recommendations product to any

9    defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

10    **REQUEST NO. 36:**

11        All of any DEFENDANT'S revenue data generated, during the TERM, by or because of:

12          a.  the ACCUSED WEBSITE(S);

13          b.  the SERVICES provided by YOU to any DEFENDANT; or

14          c.  the RECOMMENDED PRODUCTS FUNCTIONALITY of the ACCUSED
               WEBSITE(S);

15

16    **RESPONSE:**

17        Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

18    this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

19    seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

20    calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

21    documents relating to activities, products, and functionalities that are not included in Optimize's

22    Complaint or infringement allegations in this matter. Adobe further objects to this Request as

23    unduly burdensome to the extent that it is duplicative of at least Request Nos. 8–12, 18, 32–33, and

24    35, above. Adobe further objects to this Request to the extent it is not reasonably limited in time

25    and scope. Adobe further objects to this Request to the extent that it seeks documents that can be

26    obtained from other sources that are more convenient and/or less burdensome. Adobe further

27    objects to this Request as unduly burdensome and harassing to the extent that it seeks documents

28    that are not within Adobe's possession, custody, or control. Adobe further objects to this Request

## RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1    as unduly burdensome to the extent it seeks production of documents equally available to parties to

2    this case. Adobe further objects to this Request to the extent it seeks information protected as a

3    trade secret, and to the extent it seeks confidential research, development, or commercial

4    information. Adobe further objects to this Request to the extent it seeks documents that comprise

5    third-party proprietary information, trade secrets, or other confidential commercial information that

6    Adobe is obligated not to disclose.

7        Subject to and without waiving the foregoing Objections, and subject to the protective order

8    in this case, Adobe responds that Adobe does not provide its Recommendations product to any

9    defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

10    **REQUEST NO. 37:**

11        All DOCUMENTS regarding or RELATING TO any DEFENDANT'S revenues that YOU

12    and/or any DEFENDANT believes are generated by the products and services on any

13    DEFENDANT'S web site that customize and/or personalize web pages.

14    **RESPONSE:**

15        Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

16    this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

17    seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

18    calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

19    documents relating to activities, products, and functionalities that are not included in Optimize's

20    Complaint or infringement allegations in this matter. Adobe further objects to this Request as

21    unduly burdensome to the extent that it is duplicative of at least Request Nos. 18, 32–33, and 35–36,

22    above. Adobe further objects to this Request to the extent that it seeks documents that can be

23    obtained from other sources that are more convenient and/or less burdensome. Adobe further

24    objects to this Request as unduly burdensome and harassing to the extent that it seeks documents

25    that are not within Adobe's possession, custody, or control. Adobe further objects to this Request

26    as vague and ambiguous to the extent that it seeks documents or information that any party

27    "believes are generated." Adobe further objects to this Request to the extent it is not reasonably

28    limited in time and scope. Adobe further objects to this Request as unduly burdensome to the

RESTRICTED—OUTSIDE COUNSEL'S EYES ONLY

1    extent it seeks production of documents equally available to parties to this case. Adobe further

2    objects to this Request to the extent it seeks information protected as a trade secret, and to the extent

3    it seeks confidential research, development, or commercial information. Adobe further objects to

4    this Request to the extent it seeks documents that comprise third-party proprietary information,

5    trade secrets, or other confidential commercial information that Adobe is obligated not to disclose.

6         Subject to and without waiving the foregoing Objections, and subject to the protective order

7    in this case, Adobe responds that Adobe does not provide its Recommendations product to any

8    defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

9    **REQUEST NO. 38:**

10        All DOCUMENTS RELATED TO this (i) ACTION, (ii) OPTIMIZE or (iii) the PATENT-

11    IN-SUIT, including, without limitation:

12              a.  All COMMUNICATIONS between a defendant to this ACTION and any other
                      defendant(s) in this ACTION;
13
              b.  All DOCUMENTS regarding or RELATING TO any discussions, analyses,
14                    studies or investigations regarding the validity of the PATENT-IN-SUIT;

15              c.  All DOCUMENTS regarding or RELATING TO any discussions, analyses,
                      studies or investigations regarding whether or not any DEFENDANT infringes
16                    the PATENT-IN-SUIT; and

17              d.  Any communication between YOU and any DEFENDANT, or any of their
                      respective representatives, regarding (i) this ACTION, (ii) OPTIMIZE, or (iii)
18                    the PATENT-IN-SUIT.

19    **RESPONSE:**

20        Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

21    this Request as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

22    seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

23    calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

24    documents relating to activities, products, and functionalities that are not included in Optimize's

25    Complaint or infringement allegations in this matter. Adobe further objects to this Request to the

26    extent it seeks documents protected from disclosure by the attorney-client privilege, work product

27    doctrine, joint defense privilege, common interest privilege, or any other applicable privileges,

28    immunities, or protections. Adobe further objects to this Request to the extent that it seeks

**RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY**

1    documents that can be obtained from other sources that are more convenient and/or less

2    burdensome. Adobe further objects to this Request as unduly burdensome and harassing to the

3    extent that it seeks documents that are not within Adobe's possession, custody, or control. Adobe

4    further objects to this Request as unduly burdensome to the extent that it is duplicative of most, if

5    not all, of the Requests discussed above. Adobe further objects to this Request to the extent it seeks

6    documents that comprise third-party proprietary information, trade secrets, or other confidential

7    commercial information that Adobe is obligated not to disclose. Adobe further objects to this

8    Request to the extent it seeks information protected by the attorney-client privilege, information

9    protected as attorney work product, or other such privileged information.

10

11   Dated: August 19, 2013

12                                                  MICHAEL A. BERTA
                                                    RACHEL L. CHANIN
13                                                  ARNOLD & PORTER LLP
                                                    Three Embarcadero Center, 10th Floor
14                                                  San Francisco, CA  94111
                                                    Telephone:     (415) 471-3100
15                                                  Facsimile:     (415) 471-3400
                                                    michael.berta@aporter.com
16                                                  rachel.chanin@aporter.com

17                                                  ATTORNEY FOR ADOBE SYSTEMS
                                                    INCORPORATED
18

19

20

21

22

23

24

25

26

27

28

34017864v3

1

## PROOF OF SERVICE

2   1.   I am over eighteen years of age and not a party to this action. I am employed in the County
        of San Francisco, State of California. My business address is Three Embarcadero Center,
3        10th Floor, San Francisco, CA 94111.

4   2.   On August 19, 2013, I served the following document(s):

5        NON-PARTY ADOBE, INC.'S RESPONSES AND OBJECTIONS TO SUBPOENA TO
        PRODUCE DOCUMENTS
6

7   3.   ☑    I served the document(s) on the following person(s):

8        Elizabeth J. Brown Fore
        Sprinkle IP Law Group, P.C.
9        1301 West 25th Street, Suite 408
        Austin, TX 78705
10

11  4.   The documents were served by the following means:

12  ☑    **By Overnight Delivery/Express Mail.** I placed the sealed envelope or package for
        collection and delivery, following our ordinary practices. I am readily familiar with this
13       business' practice for collecting and processing correspondence for express delivery. On the
        same day the correspondence is collected for delivery, it is placed for collection in the
14       ordinary course of business in a box regularly maintained by Federal Express or delivered to
        a courier or driver authorized by Federal Express to receive documents.
15

16  ☑    I declare that I am employed in the office of a member of the bar of this court at whose
        direction the service was made.

17

18
    Dated: August 19, 2013                    _Tina Estrella_
19                                                  Tina Estrella

20

21

22

23

24

25

26

27

28

33913352v6

BLUEBIRD Online.com (800) 47-10700

| | |
|---|---|
| **From:** | Eric Manchin [EManchin@kaeskelaw.com] |
| **Sent:** | Tuesday, November 12, 2013 1:34 PM |
| **To:** | Chanin, Rachel L. |
| **Cc:** | ElizabethBrown-Fore; Paulette Helberg; Berta, Michael A.; Noonan, Willow |
| **Subject:** | RE: Optimize subpoena to Adobe |

Thank you

**From:** Chanin, Rachel L. [mailto:Rachel.Chanin@aporter.com]
**Sent:** Tuesday, November 12, 2013 3:36 PM
**To:** Eric Manchin
**Cc:** ElizabethBrown-Fore; Paulette Helberg; Berta, Michael A.; Noonan, Willow
**Subject:** RE: Optimize subpoena to Adobe

Eric,

Those dates work -- lets plan on starting at 9 a.m.

The review computer is an HP Compaq 8100 Elite:
I5 760 @ 2.80GHZ 2.93GHz
4GB RAM
32-bit Windows 7

Regards,

Rachel

**From:** Eric Manchin [mailto:EManchin@kaeskelaw.com]
**Sent:** Tuesday, November 12, 2013 8:08 AM
**To:** Chanin, Rachel L.
**Cc:** ElizabethBrown-Fore; Paulette Helberg
**Subject:** Optimize subpoena to Adobe

Rachel -
We would like to review Adobe's code starting Monday, November 25 and continuing, as necessary, through
Wednesday, November 27.

Can you make the review computer available then?
Can you tell me the specs of the review computer?
Thank you
-Eric

Eric Manchin
Kaeske Law Firm
1301 W. 25th St., Suite 406
Austin, Texas 78705
512-366-7300
512-366-7767(fax)

The information in this electronic mail is legally privileged and confidential information intended only for the use of the individual(s)
named above. Any use, dissemination, distribution or reproduction of this message is strictly prohibited. If you have received this E-
mail in error, please notify the sender. Thank you.

1

S. Thomas   Treasury 230 Notice

[illegible text]

[illegible text]

http://www.arnoldporter.com

2

**From:**        Eric Manchin [EManchin@kaeskelaw.com]
**Sent:**        Monday, November 18, 2013 12:55 PM
**To:**          Chanin, Rachel L.
**Subject:**     Optimize's scheduled Adobe code review

Rachel –
Unfortunately, Optimize needs to reschedule next week's review.

We will contact you as soon as possible to do so, but will not be coming next week after all.

Thank you
-Eric

Eric Manchin
Kaeske Law Firm
1301 W. 25th St., Suite 406
Austin, Texas 78705
512-366-7300
512-366-7767 (fax)

The information in this electronic mail is legally privileged and confidential information intended only for the use of the individual(s) named above. Any use, dissemination, distribution or reproduction of this message is strictly prohibited. If you have received this E-mail in error, please notify the sender. Thank you.

# EXHIBIT E

# FILED UNDER SEAL

# EXHIBIT F

# FILED UNDER SEAL

# EXHIBIT G

# FILED UNDER SEAL

| From: | Eric Manchin [EManchin@kaeskelaw.com] |
|---|---|
| Sent: | Monday, February 24, 2014 6:07 PM |
| To: | Chanin, Rachel L. |
| Cc: | Ari Akmal; Stu Shapley; ScottCrocker; Paulette Helberg; Berta, Michael A.; Noonan, Willow |
| Subject: | Optimize v. Staples, et al |

Rachel –

Please allow this email to confirm our earlier conversation today.

a) With respect to the source code issues identified in the February 18, 2014 letter,

   1. You indicated that your client confirmed to you that it had produced a complete snapshot of the "recommendations code."

      i. We would like written confirmation of that.

      ii. We want to make sure that, by "recommendations code" your client has produced all of the code involved in providing the recommendations on the REI website, including the code involved when an mbox call is made to Adobe to provide recommendations on the REI website as well as the code that is used to receive, request, maintain or store the product or other catalog data that is used in determining or providing the recommendations.

   2. With respect to the missing files identified in the letter, you indicated that you had not asked your client about those specific files, believing them to not be in the "recommendations code" (see above). However, you did agree that the "recommendations code" can certainly call or invoke other code; and you said that, globally, your client would not agree to produce all files invoked or called by the "recommendations code," as such could, if taken to its logical extreme, potentially result in the production of the entire code base.

      i. You said that you would need us to both identify *all* of the missing files and explain to you the reason(s) we needed them. We told you that the files listed were the only missing files that we are currently aware of based on our expert's review of the code and we also told you that they were directly involved in the creation of the recommendations at issue.

      ii. You said you would look into the files identified in the letter.

   3. With respect to the manner of the production, we discussed our concern regarding the nature of the production – producing it in a single directory, stripping it of the hierarchical structure that it has in the normal manner in which it is kept and used. As we argued to you, your client could have produced the source code in this manner and did not. I don't know if we reached an impasse on this issue, as I think you said that you were going to look into it.

      i. Please let us know if we are at an impasse on this issue.

   4. With respect to the printing of the code, as we explained, the printouts are necessary for both the preparation of expert reports as well as the depositions of both your client as well as REI. The request we have made is reasonable and the number of files requested is not a proper measure of the reasonableness of the request. You have only produced to us the code that you think is reasonable and we are only asking for files representing 10% of that subset.

      i. You indicated that you would explain this to Adobe and get back with us on their response.

b) Related to item # 2 of the February 18, 2014 letter, and the topic of Adobe's document production, you indicated that Adobe does not have internal technical documents outside of the source code, itself. Instead, we understood from what you told us that the only technical documents would be those that are shared with third parties, similar to the one you produced. First, produce those other "shared with third party" technical documents. Second, your client's position is simply not credible. So, as we indicated, in order to make sure that your client's position was not based on some narrow read of "internal only documents" we clarified that we are seeking the technical documents regarding the design, development and operation of the product which are written for and/or used by Adobe (and, before that, Omniture) and its developers, employees and consultants in designing, developing, operating and maintaining the product. And, to make sure that "documents" is not too narrow, we are seeking not just paper documents, but "wikis", message boards, or other similar planning tools, blogs, journals, notes or comment logs (to include any Adobe source code repository comment or

1

commit log or other notes), project files, timelines, milestones, stories, change documents, release notes or other documents, emails, requirements documents, bug tracking documents, etc. As Willow said, Adobe has hundreds of products; it is simply not credible that they do not have any technical documents for their products and that their engineers just "go to the source code."

c)   Related to item # 3 of the February 18, 2014 letter,  and the topic of Adobe's document and data production related to REI-specific metrics from the Adobe dashboard tool to which REI has access, Optimize reiterated its concern that Adobe should but has not agreed to produce the data presented to REI via this web interface tool.  You indicated that Adobe was working on providing such data.

d)   Related to item # 3 of the February 18, 2014 letter,  and the topic of Adobe's charges to REI for its recommendations services, Optimize reiterated its concern that Adobe should but has not agreed to produce all REI invoices, or a summary of all such charges (whichever is easier) since REI began using Adobe for recommendations in 2010.  You agreed to let us know if Adobe would agree to provide such invoices or information.

e)   Related to item # 4 of the February 18, 2014 letter,  and the topic of Adobe's document and data production related to monitoring metrics services provided to any or all of the five Defendants in the lawsuit, Optimize reiterated its concern that Adobe should but has not agreed to produce the data going back to the beginning of these Defendants' use of Adobe/Omniture services in this regard (or to 2001, whichever is later).  Optimize reiterated its explanation that such data is used in Optimize's damages model.  Such data is relevant to the lawsuit because it demonstrates the number of times various events measured by Adobe/Omniture occurred, which data is used to understand the effectiveness of these measured aspects Defendants' web sites, and the efficiency of various pages or other items on Defendants' web sites.  Such information is also used to measure the effectiveness of the various pages with recommendations, the various recommended items, and the web site overall, as well as how such aspects of Defendants' web sites performed in this regard at various points of time with different or no recommendations.  Some of this data is also relevant to more general models related to overall web sales and usage which is also used in the Parties' damages models for comparison.  Adobe indicated that it would consider such a request.

f)   Related to item # 6 of the February 18, 2014 letter,  and the topic of Optimize's need to produce the documents and code it receives from Adobe to the Defendant(s) implicated by such documents, Optimize reiterated its concern that Adobe should but has not agreed to allow such production.  Adobe appears to have indicated that it agrees that such documents and code must be allowed to be produced to the Defendant(s) implicated by such documents.  Optimize suggests that Adobe designate any documents produced to limit their production to the Defendant it believes the document pertains (e.g. "Optimize's and REI Outside Counsel's Eyes Only").  Obviously any source code produced would only be identified to REI, at which point such files can be made available as Adobe and REI so arrange.

Please let me know if you have any concerns with the above, and we look forward to talking with you in a few days to discuss Adobe's progress.

Thank you
-Eric

Eric Manchin
Kaeske Law Firm
1301 W. 25th St., Suite 406
Austin, Texas 78705
512-366-7300
512-366-7767(fax)

The information in this electronic mail is legally privileged and confidential information intended only for the use of the individual(s) named above. Any use, dissemination, distribution or reproduction of this message is strictly prohibited. If you have received this E-mail in error, please notify the sender. Thank you.

# EXHIBIT I

# FILED UNDER SEAL

# EXHIBIT J

# FILED UNDER SEAL

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| Optimize Technology Solutions, LLC <br> *Plaintiff* <br> v. <br><br> Staples, Inc., et al <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No. 2:11-CV-419-JRG

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Adobe Systems, Incorporated
345 Park Avenue
San Jose, CA 95110-2704
*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Hilton Hotel of San Jose <br> 300 S. Almaden Blvd. <br> San Jose, CA 95113 | Date and Time: <br><br> 01/15/2014 - 9:00 a.m. |
|---|---|

The deposition will be recorded by this method:   stenographically and videotaped

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   12/31/2013

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Optimize Technology Solutions, LLC

, who issues or requests this subpoena, are:

Ariyeh Akmal, Sprinkle IP Law Group, P.C., 1301 West 25th Street, Suite 408, Austin, TX 78705,
aakmal@sprinklelaw.com, 512-637-9220

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                              *Server's signature*

                                       _____
                                              *Printed name and title*

                                       _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

(c) **Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

(d) **Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) **Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) **Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DEFINITIONS

The following definitions and instructions shall apply to this Subpoena:

1. The words "and" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of this notice any information which might be deemed outside their scope by any other construction.

2. Except as specifically provided herein, words imparting the singular shall include the plural and vice versa.

3. "RELATING TO," "RELATED TO" or "SUPPORTING" means, in any way, directly or indirectly, in whole or in part, discussing, referring to, regarding, constituting, concerning, about, pertaining to, relating to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, canceling or negating.

4. "IDENTIFICATION," "IDENTITY," or "IDENTIFY," when used with reference to:

  (a) an individual PERSON, means his or her full name, present or last known employer, job title, present or last known residence address and telephone number, and present or last known business address and telephone number;

  (b) a business entity, means the full name and address of the entity and the names and positions of the individual or individuals connected with such entity who have knowledge of the information requested;

  (c) a DOCUMENT, means the type of DOCUMENT (letter, memorandum, email, etc.), its date, author(s) or originator(s), addressee(s), all individuals

1

who received copies of the document, the IDENTITY of PERSONS known or presumed by YOU to have present possession, custody or control thereof, and a brief description of the subject matter and present location.

(d)     REPORT(S) shall mean: (i) the type of REPORT(S) involved (e.g., letter, electronic mail, interoffice memorandum, accounting document, spreadsheet, etc.); (ii) the date the REPORT(S) was prepared or created; (iii) the IDENTITY of the preparer, and if applicable, the IDENTITY of any DEFENDANTS' employee(s) whose duty it is to prepare such DOCUMENTS and, if different, the PERSON who gathered the information contained in the REPORT(S); (iv) its title or the headings it contains and the number of pages; (v) the IDENTITY of the custodian or other PERSON last known to have possession of the REPORT(S), (vi) the present or last known location of the REPORT(S); (vii) a description of the type of information contained in such REPORT(S), and (viii) the IDENTITY of the PERSON or PERSONS, if any, who are responsible for maintaining the data or information contained in the REPORT(S).

5.     "DOCUMENT" shall have the broadest meaning possible under the Federal Rules of Civil Procedure and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of notation or markings, or by appearing in the files of a separate PERSON).

6.     "COMMUNICATIONS" shall refer to all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements,

2

computer mail, e-mail and all other DOCUMENTS evidencing any verbal or nonverbal interaction between PERSONS and entities.

7.    "PERSON" or "PEOPLE" shall refer to any natural person, firm, association, partnership, corporation, group, organization or other form of legal business entity.

8.    "DEFENDANT" or "DEFENDANTS" means Recreational Equipment, Inc., and includes any officers, directors, employees, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, and any other related entities, and specifically includes all companies that have been acquired by any DEFENDANT or with respect to which it has succeeded to rights and/or obligations.

9.    "OPTIMIZE" means Optimize Technology Solutions, LLC, or its predecessor SBJ IP Holdings 1, LLC, and any parent entities, subsidiaries, divisions, affiliates, branches, wholly or partly owned entities of OPTIMIZE any and all predecessors and successors thereof, and any entities acting or purporting to act for or on behalf of, or who are subject to the direction or control of, any of the foregoing entities, including agents, employees, officers, directors, attorneys, consultants, contractors, subcontractors and representatives.

10.    "ADOBE," "YOU" and "YOUR" shall mean Adobe Systems Incorporated, Omniture, Inc., Omniture, LLC, the Omniture Business Unit of Adobe Systems Incorporated, and includes any officers, directors, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, and any other related entities, and specifically includes all companies that have been acquired by Adobe Systems Incorporated, Omniture, Inc. or Omniture, LLC or with respect to which they have succeeded to rights and/or obligations.

3

11.    "ACCUSED WEBSITE(S)" shall refer to e-commerce websites operated by DEFENDANTS, including, without limitation, the retail sites maintained at: http://www.rei.com.

12.    "RECOMMENDED PRODUCTS FUNCTIONALITY" refers to the current and/or any past feature or functionality of the ACCUSED WEBSITE(S):

> (a) which presents items, products or content under the following sections of the ACCUSED WEBSITE(S):
>
> > i. for Defendant Recreational Equipment, Inc.: "People Also Bought," "People Who Bought This Product Also Bought," "People Also Registered For," and other similar recommendations or suggestions.
>
> (b) which recommends or suggests products, items or content to visitors of any of the ACCUSED WEBSITE(S).

2.    "PATENT-IN-SUIT" refers to United States Patent No. 6,330,592.

3.    "REPORT(S)" shall be construed in its customary broadest sense and includes any recordation of information whether printed, handwritten, reproduced or stored by any mechanical or electronic process, method or means, and whether claimed to be privileged or otherwise protected from discovery.

4.    "SERVICES" as used herein, means any products or services provided or performed by YOU for, to or on behalf of any DEFENDANT, including any products or services set out in or described in any contract, agreement or understanding between YOU and any DEFENDANT, including any products or services RELATED TO any RECOMMENDED PRODUCTS FUNCTIONALITY.

4

5.     "ACTION" shall refer to *Optimize Technology Solutions, LLC v. Staples, Inc., et al*, United States District Court, Eastern District of Texas, Civil Action No. 2:11-CV-00419-JRG.

6.     "TERM" shall refer to January 1, 2001 to the present day.

7.     "TRACK," "TRACKED" and "TRACKING" shall be construed to refer to the collection, monitoring, recordation, analysis and reporting of website statistics and data and includes, without limitation, provision of all of the web analytics used, in any way, to measure the effectiveness of any SERVICES and includes, without limitation, all TRACKING associated with "mbox" functionality or any provision of all of the web analytics identified at: http://www.adobe.com/solutions/digital-analytics.html.   TRACKING shall also refer, without limitation, to the source code and other software (*e.g.,* tracking pixels, .ASP links, etc.) used for implementing said data collection and reporting (*e.g.,* a web portal).

## INSTRUCTIONS FOR DOCUMENT REQUESTS

1.     In responding to the following requests in Exhibit B, furnish all available DOCUMENTS, including DOCUMENTS in the possession, custody, or control of any of YOUR directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and persons under YOUR control, as well as DOCUMENTS which YOU have a legal right to obtain, not merely DOCUMENTS in YOUR direct possession.  If you cannot fully respond to the following requests after exercising due diligence to secure the DOCUMENTS requested thereby, so state, and specify the portion of each request that cannot be responded to fully and completely.  In the latter event, state what efforts were made to obtain the requested DOCUMENTS.

2.     If YOU object to any portion of any request for production of DOCUMENTS, please provide all DOCUMENTS responsive to the portion of the request to which YOU do not object.

3.     Electronic records and computerized information must be produced in native format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

4.     Selection of DOCUMENTS from the files and other sources and the numbering of such DOCUMENTS shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

5.     File folders with tabs or labels or directories of files identifying DOCUMENTS called for by these requests must be produced intact with such DOCUMENTS.

6.     DOCUMENTS attached to each other shall not be separated.

7.     If YOU assert that certain DOCUMENTS or things are privileged, please identify:

6

      (a) The nature of and basis for the privilege;

      (b) The author(s) of the DOCUMENTS;

      (c) All recipients of the DOCUMENTS;

      (d) The date the document was created;

      (e) The subject matter to which the document pertains; and

      (f) All persons with access to the DOCUMENTS.

8.      If any request is unclear or ambiguous, please do not delay, but contact counsel for OPTIMIZE immediately for clarification.

9.      If YOU consider any DOCUMENTS that YOU are producing to be confidential or highly confidential, please designate them accordingly and such DOCUMENTS will be handled pursuant to the Protective Order that has been entered in this case, a copy of which is attached hereto as Exhibit C.

7

## EXHIBIT A

### AREAS OF TESTIMONY

1.   All contracts, agreements or understandings with any DEFENDANT, including, without limitation, any amendments, supplementations or modifications thereto.

2.   The negotiation, formation, continuation, modification or termination of any contracts, agreements or understandings with any DEFENDANT and/or for any specific SERVICES.

3.   All contracts, agreements, licenses or similar DOCUMENTS RELATED TO any patents, copyrights, trade secrets or other intellectual property required to provide any SERVICES.

4.   The location and ownership of any and all servers hosting or used in conjunction with any of the following websites and/or for the provision of any SERVICES (e.g., used to provide or serve code or associated content) RELATED TO such websites and/or the ACCUSED WEBSITES: www.rei.com.

5.   The identity of all systems, equipment, products, software, hardware or other components that make up, have been part of, are used by YOU or have been used by YOU in providing the SERVICES (hereinafter, collectively, the "SYSTEM").

6.   The design, structure, architecture, functionality or operation of any and all systems, equipment, products, software or other components that are being used by YOU or have been used by YOU in providing the SERVICES, including, without limitation, the SYSTEM.

7.   The SERVICES provided by YOU to any DEFENDANT.

8.   The operation of the ACCUSED WEBSITE(S).

9.   The integration between the ACCUSED WEBSITE(S) and ADOBE, or any SYSTEM and/or any SERVICES provided by ADOBE.   Including the functionality of the "mbox.js" utilized by ADOBE.

10.   Any web service, application programming interface ("API"), or other interface calls made to, from, or by an ACCUSED WEBSITE(S), including, without limitation, any calls RELATED TO ADOBE's "Omniture Recommendations" or "mbox" functionality or any RECOMMENDED PRODUCTS FUNCTIONALITY.

11.   The web service, API code, or other interfaces used by, with or RELATING TO the ACCUSED WEBSITE(S), including, without limitation, the web service or API code for ADOBE'S "Omniture Recommendations" or "mbox" functionality or for providing any RECOMMENDED PRODUCTS FUNCTIONALITY.

12. The existence, identity and operation of ADOBE'S "Omniture Recommendations" or "mbox" functionality, including any prior versions, revisions, or releases of such functionality which was used to provide SERVICES during the TERM.

13. The provision of any other web site personalization or recommendations features or functionality provided by YOU RELATING TO the ACCUSED WEBSITE(S).

14. The interaction between YOUR code or software or the SYTEM and the ACCUSED WEBSITE(S), including, without limitation, the interaction with the "mbox.js" utilized by ADOBE, or ADOBE'S "Omniture Recommendations" or "mbox" functionality or any RECOMMENDED PRODUCTS FUNCTIONALITY.

15. The existence, identity and operation of any RECOMMENDED PRODUCTS FUNCTIONALITY existing on or utilized in conjunction with the ACCUSED WEBSITE(S).

16. The existence, identity and operation of any software providing or which provided any RECOMMENDED PRODUCTS FUNCTIONALITY existing on or utilized in conjunction with the ACCUSED WEBSITE(S).

17. The existence, identity and operation of any software providing or which provided any type of recommendations or suggestions to visitors of the ACCUSED WEBSITE(S).

18. Any planned, designed, scheduled, expected or in-process changes, additions or updates to any RECOMMENDED PRODUCTS FUNCTIONALITY existing on or utilized in conjunction with the ACCUSED WEBSITE(S).

19. Any planned, designed, scheduled, expected or in-process changes, additions or updates to the functionality of the SERVICES.

20. The existence, identity and operation of any software which:

    a. provide(s) or has provided SERVICES to any DEFENDANT, including, without limitation, the "mbox.js" utilized by ADOBE, or ADOBE'S "Omniture Recommendations" or "mbox" functionality, and any RECOMMENDED PRODUCTS FUNCTIONALITY;

    b. personalize(s) or attempts to personalize the ACCUSED WEBSITE(S) for visitors;

    c. provide(s) or allows for the provision of any type of recommendations or suggestions to visitors to the ACCUSED WEBSITE(S) including any RECOMMENDED PRODUCTS FUNCTIONALITY; or

    d. is (are) used in support of any integration or interface between any DEFENDANT and ADOBE.

Such should include, without limitation, all relevant APIs, database schemas, product tables (with views and stored procedures), category tables (with views and stored procedures), segments tables (with views and stored procedures), user tables (with views and stored procedures), and affinity tables (with views and stored procedures).

21. All presentations or demonstrations made to any DEFENDANT demonstrating the capabilities and/or value of the SERVICES offered, provided or proposed by YOU to any DEFENDANT.

22. Any research and development into caching and/or delivery of web content from cache, as such relates to the SERVICES or any RECOMMENDED PRODUCTS FUNCTIONALITY, including, without limitation, the use of cache servers, image servers or other dedicated cache sources.

23. Any monitoring or TRACKING of the ACCUSED WEBSITE(S) or any features or functionality of the ACCUSED WEBSITE(S) to related to, or intended to measure the performance or success of, the SERVICES provided to any DEFENDANT or any RECOMMENDED PRODUCTS FUNCTIONALITY.

24. All REPORTS prepared by YOU for any DEFENDANT RELATED TO any SERVICES.

25. For the TERM, the types of website statistics RELATING TO the ACCUSED WEBSITE(S) and the RECOMMENDED PRODUCTS FUNCTIONALITY TRACKED or capable of being TRACKED by YOU.

26. The projected usage of the ACCUSED WEBSITE(S) or any RECOMMENDED PRODUCTS FUNCTIONALITY.

27. Any performance testing done for, on or about the SERVICES.

28. The IDENTITY of any REPORTS RELATED TO the performance, speed, usage and/or effectiveness of (i) the SERVICES; (ii) any RECOMMENDED PRODUCTS FUNCTIONALITY; or (iii) delivery of any web content by YOU for any DEFENDANT.

29. YOUR past, present and planned research and development efforts into the operation of any RECOMMENDED PRODUCTS FUNCTIONALITY.

30. The results of any third party research, review, investigation, testing, study or analysis done on the ACCUSED WEBSITE(S), the SERVICES or the RECOMMENDED PRODUCTS FUNCTIONALITY existing on or utilized in conjunction with the ACCUSED WEBSITE(S).

31. All data, information, reports, metrics, or other statistics regarding the operation, efficiency or effectiveness of the RECOMMENDED PRODUCTS FUNCTIONALITY existing on or utilized in conjunction with the ACCUSED WEBSITE(S).

32. All data, information, reports, metrics, or other statistics regarding past, current, or projected sales or revenue attributable to usage of the ACCUSED WEBSITE(S).

33.   All data, information, reports, metrics, or other statistics regarding past, current, or projected sales or revenue attributable to usage of the RECOMMENDED PRODUCTS FUNCTIONALITY existing on or utilized in conjunction with the ACCUSED WEBSITE(S).

34.   All strategic plans, business plans, or forecasts regarding the ACCUSED WEBSITE(S) or the RECOMMENDED PRODUCTS FUNCTIONALITY existing on or utilized in conjunction with the ACCUSED WEBSITE(S).

35.   Knowledge of (i) this ACTION, (ii) OPTIMIZE, or (iii) the PATENT-IN-SUIT.

36.   All promotional, marketing or advertising materials or similar DOCUMENTS used by YOU, during the TERM, and RELATED TO SERVICES or features or functionality similar to the RECOMMENDED PRODUCTS FUNCTIONALITY, including any promotional, marketing, or advertising materials or similar DOCUMENTS provided to any DEFENDANT.

37.   The demand for or market for the SERVICES during the TERM.

38.   Any and all studies, surveys, tests, analysis or research conducted during the TERM, RELATED TO the adoption, usage, effectiveness, benefits, costs, savings, or performance of:

   a.  SERVICES or products and services similar to the SERVICES;

   b.  web content caching, including, without limitation, images, media or other web content;

   c.  delivery of web content from cache, including, without limitation, the use of cache servers, image servers or other dedicated cache sources or data sources;

   d.  the effect of speed, responsiveness, content delivery times, and overall response times on e-commerce or retail websites, including, without limitation, the effect on end-user experience and/or sales;

   e.  end-user experience for e-commerce or retail websites, including, without limitation, the effect of responsiveness and content delivery times on the end-user experience;

   f.  end-user experience for SERVICES or products or services similar to the SERVICES;

   g.  the effectiveness of RECOMMENDED PRODUCTS FUNCTIONALITY or similar features or functionality with respect to e-commerce or retail websites, including, without limitation, the effect on end-user experience and/or sales;

     h.  the effectiveness of product recommendations or suggestions on e-commerce or retail websites, including, without limitation, the effect on end-user experience and/or sales; or

     i.  RECOMMENDED PRODUCTS FUNCTIONALITY or similar features or functionality.

39.    The IDENTITY of all PERSONS, including, without limitation, third party vendors, responsible for TRACKING, quantifying, reporting on, and/or monitoring the usage, traffic, realization rate, performance, profitability and/or other measure of the efficacy of the ACCUSED WEBSITE(S), the RECOMMENDED PRODUCTS FUNCTIONALITY, or the SERVICES.

40.    All amounts charged to or received from any DEFENDANT for the SERVICES during the TERM.

41.    YOUR knowledge of any DEFENDANT'S revenues during the TERM (including, without limitation, how such information is TRACKED), generated by or because of:

     a.  the ACCUSED WEBSITE(S);

     b.  the SERVICES provided by YOU to any DEFENDANT; or

     c.  the RECOMMENDED PRODUCTS FUNCTIONALITY.

42.    Any DEFENDANT'S revenues that YOU and/or any DEFENDANT believes are generated by or attributable to (i) the SERVICES; (ii) any RECOMMENDED PRODUCTS FUNCTIONALITY; or (iii) the products, services features or functionality on any DEFENDANT'S web site that customize and/or personalize web pages.

43.    The authenticity, creation, maintenance and custodial information of the documents sought in Exhibit B, sufficient to establish such documents as business records, or in lieu thereof, the custodian(s) of records for the documents being sought in Exhibit B.

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OPTIMIZE TECHNOLOGY SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>STAPLES, INC., et al.,<br><br>Defendants. | Civil Action No. 2:11-CV-419-JRG<br><br>**NON-PARTY ADOBE, INC.'S RESPONSE TO PLAINTIFF OPTIMIZE TECHNOLOGY SOLUTIONS, LLC'S SUBPOENA TO TESTIFY AT A DEPOSITION** |

Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, non-party Adobe Systems Incorporated ("Adobe") hereby responds and objects to Plaintiff Optimize Technology Solutions, LLC's ("Optimize's") subpoena to produce documents dated December 31, 2013, served upon Adobe on January 6, 2014 ("Subpoena").

## GENERAL OBJECTIONS

The following Objections apply to each of Optimize's requests in its Subpoena and, accordingly, Adobe incorporates each of them into the specific responses set forth below. The assertion of the same or additional objections in any particular response to Optimize's subpoena does not waive any other objections that are incorporated by reference.

1.     Adobe objects to the Subpoena as untimely served, having been served only nine days before the date designated for testimony.

2.     Adobe objects to the date and location of the deposition specified in the Subpoena. Where indicated below, Adobe will make available one or more designated witnesses at a time and location to be mutually agreed upon by the parties.

34422452v4

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

3.     Adobe objects to Optimize's Subpoena on the grounds that the Topics are over broad, unduly burdensome, oppressive, and harassing, and are not reasonably calculated to lead to the discovery of admissible evidence. To the extent that Adobe designates herein a witness to testify on a Topic, the designee will testify based upon information reasonably available and based on a reasonable scope for that Topic.

4.     Adobe objects to Optimize's Subpoena on the grounds that the Topics are duplicative of one another.

5.     Adobe objects to Optimize's Subpoena to the extent that Optimize seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, and/or by the Local Rules of the United States District Court for the Northern District of California and/or Eastern District of Texas (the "Local Rules"). Adobe further objects to the Definitions and Instructions set forth in Optimize's Subpoena on the ground that they attempt to impose obligations on Adobe that are inconsistent with or beyond those specified by the Federal Rules of Civil Procedure and the Local Rules. Adobe further objects to the Instructions for Document Requests on the grounds that this is not a Subpoena for the production of records, and none of the purportedly attached Exhibits were included.

6.     Adobe objects to Optimize's Subpoena to the extent that Optimize seeks information protected from disclosure by the attorney-client privilege, work product doctrine, joint defense privilege, or any other available privileges, immunities, or protections. Nothing contained herein is intended to be or should be construed as a waiver of such privileges, immunities, or protections, and inadvertent disclosure of any privileged material should not be considered a waiver of any applicable privileges, immunities, or protections.

7.     Adobe objects to Optimize's Subpoena to the extent that Optimize seeks information subject to the confidentiality rights of third parties not affiliated with Adobe. In particular, Adobe objects to the extent Optimize seeks disclosure of information prohibited by the terms of any protective order, contractual obligation, or any other obligation of confidentiality between Adobe and third parties. Adobe will not provide information that is subject to confidentiality rights of third parties without prior consent from such parties or pursuant to an Order by the Court.

## RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1    8.    Adobe objects to Optimize's Subpoena as unduly burdensome, oppressive, and

2  harassing to the extent that Optimize seeks information already in Optimize's possession, custody

3  or control or that is available from public sources, because the burden of obtaining access to such

4  information is equal for both parties.

5    9.    Adobe object to Optimize's Subpoena to the extent the information is equally

6  available to parties to this action. Adobe will not provide information that is equally available from

7  parties to this action.

8    10.   Adobe objects to Optimize's Subpoena to the extent that Optimize seeks information

9  that is unduly burdensome to obtain.

10   11.   Adobe objects to Optimize's Subpoena to the extent that Optimize seeks information

11 that is not limited or related to Optimize's defined "ACCUSED WEBSITE(S)," Optimize's defined

12 "RECOMMENDED PRODUCTS FUNCTIONALITY," or even to the general class of products

13 offered by Adobe. Such information is neither relevant to the subject matter involved in the present

14 action nor reasonably calculated to lead to the discovery of admissible evidence.

15   12.   Adobe objects to the definition of "TERM" as overbroad and not reasonably limited

16 in scope.

17   13.   Adobe objects to the definition of "ADOBE," "YOU" and "YOUR" as overbroad

18 and unduly burdensome, and to the extent it requires the disclosure of information that is neither

19 relevant to any issue in dispute in the present action nor reasonably calculated to lead to the

20 discovery of admissible evidence.

21   14.   Adobe objects to Optimize's Subpoena to the extent that Optimize seeks information

22 that is confidential or that Adobe maintains as trade secrets. To the extent that Adobe represents

23 that it will provide information, such information will be provided subject to the mandates of the

24 Protective Order in this case that was entered on May 17, 2013. Adobe will designate, as

25 appropriate, information provided in response to this subpoena as "RESTRICTED – OUTSIDE

26 COUNSEL'S EYES ONLY or "RESTRICTED CONFIDENTIAL SOURCE CODE," as provided

27 for by the Protective Order in this case. Adobe further objects to the disclosure of such information

28 by Optimize to outside consultants or experts without Optimize having first provided Adobe with

34422452v4

- 3 -

**RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY**

1    notice and an opportunity to object or file a motion for protective order, as set forth in paragraph

2    5(e) of the Protective Order in this case.

3         15.    Adobe objects to Optimize's Subpoena to the extent that Optimize seeks information

4    about Adobe's confidential and highly sensitive source code. Any discussion of source code by an

5    Adobe witness will be designated "RESTRICTED CONFIDENTIAL SOURCE CODE," as

6    provided for by the Protective Order in this case, and will be provided pursuant the Protective

7    Order's instructions regarding the discussion of source code. Adobe further objects to the

8    disclosure of such information by Optimize to outside consultants or experts without Optimize

9    having first provided Adobe with notice and an opportunity to object or file a motion for protective

10   order, as set forth in paragraph 5(e) of the Protective Order in this case. Adobe expressly reserves

11   the right to seek additional protections for its confidential and highly sensitive source code and to

12   seek modification of the Protective Order in this case.

13        16.    Adobe's responses to Optimize's Topics are made without in any way waiving or

14   intending to waive, but preserving and intending to preserve:

15        (a)    All questions as to the competence, relevance, materiality, and admissibility

16   as evidence for any purpose of the information provided by Adobe, or the subject matter thereof, in

17   any aspect of this or any other action, arbitration, proceeding, or investigation;

18        (b)    The right to object on any ground to the use of the information provided by

19   Adobe or the subject matter thereof, in any aspect of this or any other action, arbitration,

20   proceeding, or investigation; and

21        (c)    The right to object at any time to any other set of Topics or other production

22   requests.

23                              **RESPONSES TO AREAS OF TESTIMONY**

24   **Topic No. 1:**

25        All contracts, agreements or understandings with any DEFENDANT, including, without

26   limitation, any amendments, supplementations or modifications thereto.

27

28

34422452v4
                                            - 4 -

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1   **Response to Topic No. 1:**

2       Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

3   this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

4   seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

5   calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

6   information relating to activities, products, and functionalities that are not included in Optimize's

7   Complaint or infringement allegations in this matter. Adobe further objects to this Topic to the

8   extent that it seeks information that is not within Adobe's possession, custody, or control. Adobe

9   further objects to this Topic to the extent that it seeks information that can be obtained from other

10   sources that are more convenient and/or less burdensome. Adobe further objects to this Topic as

11   unduly burdensome to the extent it seeks information equally available to parties to this case.

12   Adobe further objects to this Topic to the extent it seeks information protected from disclosure by

13   the attorney-client privilege, work product doctrine, joint defense privilege, common interest

14   privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to

15   this Topic to the extent it is not reasonably limited in time and scope. Adobe further objects to this

16   Topic to the extent it seeks information that comprises third-party proprietary information, trade

17   secrets, or other confidential commercial information that Adobe is obligated not to disclose.

18       Subject to and without waiving the foregoing Objections, and subject to the protective order

19   in this case, Adobe responds that Adobe does not have any contracts with any defendant in this

20   matter related to its Recommendations product except REI and, with respect to REI, Optimize can

21   seek this discovery from REI itself.

22   **Topic No. 2:**

23       The negotiation, formation, continuation, modification or termination of any contracts,

24   agreements or understandings with any DEFENDANT and/or for any specific SERVICES.

25   **Response to Topic No. 2**

26       Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

27   this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

28   seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

1   calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

2   information relating to activities, products, and functionalities that are not included in Optimize's

3   Complaint or infringement allegations in this matter. Adobe further objects to this Topic to the

4   extent that it seeks information that is not within Adobe's possession, custody, or control. Adobe

5   further objects to this Topic to the extent that it seeks information that can be obtained from other

6   sources that are more convenient and/or less burdensome. Adobe further objects to this Topic as

7   unduly burdensome to the extent it seeks information equally available to parties to this case.

8   Adobe further objects to this Topic to the extent it seeks information protected from disclosure by

9   the attorney-client privilege, work product doctrine, joint defense privilege, common interest

10   privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to

11   this Topic to the extent it is not reasonably limited in time and scope. Adobe further objects to this

12   Topic to the extent it seeks information that comprises third-party proprietary information, trade

13   secrets, or other confidential commercial information that Adobe is obligated not to disclose.

14       Subject to and without waiving the foregoing Objections, and subject to the protective order

15   in this case, Adobe responds that Adobe does not have any contracts with any defendant in this

16   matter related to its Recommendations product except REI and, with respect to REI, Optimize can

17   seek this discovery from REI itself.

18   **Topic No. 3:**

19       All contracts, agreements, licenses or similar DOCUMENTS RELATED TO any patents,

20   copyrights, trade secrets or other intellectual property required to provide any SERVICES.

21   **Response to Topic No. 3**

22       Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

23   this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

24   seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

25   calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

26   information relating to activities, products, and functionalities that are not included in Optimize's

27   Complaint or infringement allegations in this matter. Adobe further objects to this Topic to the

28   extent that it seeks information that is not within Adobe's possession, custody, or control. Adobe

1 | further objects to this Topic to the extent that it seeks information that can be obtained from other

2 | sources that are more convenient and/or less burdensome. Adobe further objects to this Topic as

3 | unduly burdensome to the extent it seeks information equally available to parties to this case.

4 | Adobe further objects to this Topic to the extent it seeks information protected from disclosure by

5 | the attorney-client privilege, work product doctrine, joint defense privilege, common interest

6 | privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to

7 | this Topic to the extent it is not reasonably limited in time and scope. Adobe further objects to this

8 | Topic to the extent it seeks information that comprises third-party proprietary information, trade

9 | secrets, or other confidential commercial information that Adobe is obligated not to disclose.

10 | Subject to and without waiving the foregoing Objections, and subject to the protective order

11 | in this case, Adobe responds that Adobe does not have any contracts with any defendant in this

12 | matter related to its Recommendations product except REI and, with respect to REI, Optimize can

13 | seek this discovery from REI itself.

14 | **Topic No. 4:**

15 | The location and ownership of any and all servers hosting or used in conjunction with any of

16 | the following websites and/or for the provision of any SERVICES (e.g., used to provide or serve

17 | code or associated content) RELATED TO such websites and/or the ACCUSED WEBSITES:

18 | www.rei.com.

19 | **Response to Topic No. 4:**

20 | Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

21 | this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

22 | seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

23 | calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

24 | information relating to activities, products, and functionalities that are not included in Optimize's

25 | Complaint or infringement allegations in this matter. Adobe further objects to this Topic to the

26 | extent that it seeks information that is not within Adobe's possession, custody, or control. Adobe

27 | further objects to this Topic to the extent that it seeks information that can be obtained from other

28 | sources that are more convenient and/or less burdensome. Adobe further objects to this Topic as

### RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1     unduly burdensome to the extent it seeks information equally available to parties to this case.

2     Adobe further objects to this Topic to the extent it seeks information protected from disclosure by

3     the attorney-client privilege, work product doctrine, joint defense privilege, common interest

4     privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to

5     this Topic to the extent it is not reasonably limited in time and scope. Adobe further objects to this

6     Topic to the extent it seeks information that comprises third-party proprietary information, trade

7     secrets, or other confidential commercial information that Adobe is obligated not to disclose.

8     Adobe further objects to this Topic to the extent it seeks information protected as a trade secret, and

9     to the extent it seeks confidential research, development, or commercial information.

10         Subject to and without waiving the foregoing Objections, and subject to the protective order

11     in this case, Adobe responds that Optimize can seek this discovery from REI itself.

12     **Topic No. 5:**

13         The identity of all systems, equipment, products, software, hardware or other components

14     that make up, have been part of, are used by YOU or have been used by YOU in providing the

15     SERVICES (hereinafter, collectively, the "SYSTEM").

16     **Response to Topic No. 5:**

17         Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

18     this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

19     seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

20     calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

21     information relating to activities, products, and functionalities that are not included in Optimize's

22     Complaint or infringement allegations in this matter. Adobe further objects to this Topic to the

23     extent that it seeks information that is not within Adobe's possession, custody, or control. Adobe

24     further objects to this Topic to the extent that it seeks information that can be obtained from other

25     sources that are more convenient and/or less burdensome. Adobe further objects to this Topic as

26     unduly burdensome to the extent it seeks information equally available to parties to this case.

27     Adobe further objects to this Topic to the extent it seeks information protected from disclosure by

28     the attorney-client privilege, work product doctrine, joint defense privilege, common interest

- 8 -

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1   privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to

2   this Topic to the extent it is not reasonably limited in time and scope. Adobe further objects to this

3   Topic to the extent it seeks information that comprises third-party proprietary information, trade

4   secrets, or other confidential commercial information that Adobe is obligated not to disclose.

5   Adobe further objects to this Topic to the extent it seeks information protected as a trade secret, and

6   to the extent it seeks confidential research, development, or commercial information.

7        Subject to and without waiving the foregoing Objections, and subject to the protective order

8   in this case, Adobe will produce a witness to provide a technical overview of Recommendations

9   with respect to specific technical questions identified by Optimize in advance of the deposition.

10   **Topic No. 6:**

11        The design, structure, architecture, functionality or operation of any and all systems,

12   equipment, products, software or other components that are being used by YOU or have been used

13   by YOU in providing the SERVICES, including, without limitation, the SYSTEM.

14   **Response to Topic No. 6:**

15        Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

16   this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

17   seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

18   calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

19   information relating to activities, products, and functionalities that are not included in Optimize's

20   Complaint or infringement allegations in this matter. Adobe further objects to this Topic to the

21   extent that it seeks information that is not within Adobe's possession, custody, or control. Adobe

22   further objects to this Topic to the extent that it seeks information that can be obtained from other

23   sources that are more convenient and/or less burdensome. Adobe further objects to this Topic as

24   unduly burdensome to the extent it seeks information equally available to parties to this case.

25   Adobe further objects to this Topic to the extent it seeks information protected from disclosure by

26   the attorney-client privilege, work product doctrine, joint defense privilege, common interest

27   privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to

28   this Topic to the extent it is not reasonably limited in time and scope. Adobe further objects to this

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1 Topic to the extent it seeks information that comprises third-party proprietary information, trade

2 secrets, or other confidential commercial information that Adobe is obligated not to disclose.

3 Adobe further objects to this Topic to the extent that it seeks information about Adobe's

4 confidential and highly sensitive source code. Adobe further objects to this Topic to the extent it

5 seeks information protected as a trade secret, and to the extent it seeks confidential research,

6 development, or commercial information.

7       Subject to and without waiving the foregoing Objections, and subject to the protective order

8 in this case, Adobe will produce a witness to provide a technical overview of Recommendations

9 with respect to specific technical questions identified by Optimize in advance of the deposition.

10 **Topic No. 7:**

11      The SERVICES provided by YOU to any DEFENDANT.

12 **Response to Topic No. 7:**

13      Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

14 this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

15 seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

16 calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

17 information relating to activities, products, and functionalities that are not included in Optimize's

18 Complaint or infringement allegations in this matter. Adobe further objects to this Topic to the

19 extent that it seeks information that is not within Adobe's possession, custody, or control. Adobe

20 further objects to this Topic to the extent that it seeks information that can be obtained from other

21 sources that are more convenient and/or less burdensome. Adobe further objects to this Topic as

22 unduly burdensome to the extent it seeks information equally available to parties to this case.

23 Adobe further objects to this Topic to the extent it seeks information protected from disclosure by

24 the attorney-client privilege, work product doctrine, joint defense privilege, common interest

25 privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to

26 this Topic to the extent it is not reasonably limited in time and scope. Adobe further objects to this

27 Topic to the extent it seeks information that comprises third-party proprietary information, trade

28 secrets, or other confidential commercial information that Adobe is obligated not to disclose.

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1   Adobe further objects to this Topic to the extent that it seeks information about Adobe's

2   confidential and highly sensitive source code. Adobe further objects to this Topic to the extent it

3   seeks information protected as a trade secret, and to the extent it seeks confidential research,

4   development, or commercial information.

5          Subject to and without waiving the foregoing Objections, and subject to the protective order

6   in this case, Adobe will produce a witness to provide a technical overview of Recommendations

7   with respect to specific technical questions identified by Optimize in advance of the deposition.

8   **Topic No. 8:**

9          The operation of the ACCUSED WEBSITE(S).

10  **Response to Topic No. 8:**

11         Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

12  this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

13  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

14  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

15  information relating to activities, products, and functionalities that are not included in Optimize's

16  Complaint or infringement allegations in this matter. Adobe further objects to this Topic to the

17  extent that it seeks information that is not within Adobe's possession, custody, or control. Adobe

18  further objects to this Topic to the extent that it seeks information that can be obtained from other

19  sources that are more convenient and/or less burdensome. Adobe further objects to this Topic as

20  unduly burdensome to the extent it seeks information equally available to parties to this case.

21  Adobe further objects to this Topic to the extent it seeks information protected from disclosure by

22  the attorney-client privilege, work product doctrine, joint defense privilege, common interest

23  privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to

24  this Topic to the extent it is not reasonably limited in time and scope. Adobe further objects to this

25  Topic to the extent it seeks information that comprises third-party proprietary information, trade

26  secrets, or other confidential commercial information that Adobe is obligated not to disclose.

27  Adobe further objects to this Topic to the extent that it seeks information about Adobe's

28  confidential and highly sensitive source code. Adobe further objects to this Topic to the extent it

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1  seeks information protected as a trade secret, and to the extent it seeks confidential research,

2  development, or commercial information.

3       Subject to and without waiving the foregoing Objections, and subject to the protective order

4  in this case, Adobe responds that Adobe does not provide its Recommendations product to any

5  defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

6  **Topic No. 9:**

7       The integration between the ACCUSED WEBSITE(S) and ADOBE, or any SYSTEM

8  and/or any SERVICES provided by ADOBE. Including the functionality of the "mbox.js" utilized

9  by ADOBE.

10 **Response to Topic No. 9:**

11      Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

12 this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

13 seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

14 calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

15 information relating to activities, products, and functionalities that are not included in Optimize's

16 Complaint or infringement allegations in this matter. Adobe further objects to this Topic to the

17 extent that it seeks information that is not within Adobe's possession, custody, or control. Adobe

18 further objects to this Topic to the extent that it seeks information that can be obtained from other

19 sources that are more convenient and/or less burdensome. Adobe further objects to this Topic as

20 unduly burdensome to the extent it seeks information equally available to parties to this case.

21 Adobe further objects to this Topic to the extent it seeks information protected from disclosure by

22 the attorney-client privilege, work product doctrine, joint defense privilege, common interest

23 privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to

24 this Topic to the extent it is not reasonably limited in time and scope. Adobe further objects to this

25 Topic to the extent it seeks information that comprises third-party proprietary information, trade

26 secrets, or other confidential commercial information that Adobe is obligated not to disclose.

27 Adobe further objects to this Topic to the extent that it seeks information about Adobe's

28 confidential and highly sensitive source code. Adobe further objects to this Topic to the extent it

- 12 -

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1  seeks information protected as a trade secret, and to the extent it seeks confidential research,

2  development, or commercial information.

3         Subject to and without waiving the foregoing Objections, and subject to the protective order

4  in this case, Adobe will produce a witness to provide a technical overview of Recommendations

5  with respect to specific technical questions identified by Optimize in advance of the deposition.

6  **Topic No. 10:**

7         Any web service, application programming interface ("API"), or other interface calls made

8  to, from, or by an ACCUSED WEBSITE(S), including, without limitation, any calls RELATED TO

9  ADOBE's "Omniture Recommendations" or "mbox" functionality or any RECOMMENDED

10 PRODUCTS FUNCTIONALITY.

11 **Response to Topic No. 10:**

12        Adobe incorporates its General Objections as if set forth herein.  Adobe further objects to

13 this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

14 seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

15 calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

16 information relating to activities, products, and functionalities that are not included in Optimize's

17 Complaint or infringement allegations in this matter.  Adobe further objects to this Topic to the

18 extent that it seeks information that is not within Adobe's possession, custody, or control.  Adobe

19 further objects to this Topic to the extent that it seeks information that can be obtained from other

20 sources that are more convenient and/or less burdensome.  Adobe further objects to this Topic as

21 unduly burdensome to the extent it seeks information equally available to parties to this case.

22 Adobe further objects to this Topic to the extent it seeks information protected from disclosure by

23 the attorney-client privilege, work product doctrine, joint defense privilege, common interest

24 privilege, or any other applicable privileges, immunities, or protections.  Adobe further objects to

25 this Topic to the extent it is not reasonably limited in time and scope.  Adobe further objects to this

26 Topic to the extent it seeks information that comprises third-party proprietary information, trade

27 secrets, or other confidential commercial information that Adobe is obligated not to disclose.

28 Adobe further objects to this Topic to the extent that it seeks information about Adobe's

34422452v4

ADOBE'S RESPONSE TO PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1    confidential and highly sensitive source code. Adobe further objects to this Topic to the extent it

2    seeks information protected as a trade secret, and to the extent it seeks confidential research,

3    development, or commercial information.

4         Subject to and without waiving the foregoing Objections, and subject to the protective order

5    in this case, Adobe will produce a witness to provide a technical overview of Recommendations

6    with respect to specific technical questions identified by Optimize in advance of the deposition.

7    **Topic No. 11:**

8         The web service, API code, or other interfaces used by, with or RELATING TO the

9    ACCUSED WEBSITE(S), including, without limitation, the web service or API code for

10   ADOBE'S "Omniture Recommendations" or "mbox" functionality or for providing any

11   RECOMMENDED PRODUCTS FUNCTIONALITY.

12   **Response to Topic No. 11:**

13        Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

14   this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

15   seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

16   calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

17   information relating to activities, products, and functionalities that are not included in Optimize's

18   Complaint or infringement allegations in this matter. Adobe further objects to this Topic as unduly

19   burdensome to the extent that it is duplicative of at least Topic No. 10, above. Adobe further

20   objects to this Topic to the extent that it seeks information that is not within Adobe's possession,

21   custody, or control. Adobe further objects to this Topic to the extent that it seeks information that

22   can be obtained from other sources that are more convenient and/or less burdensome. Adobe

23   further objects to this Topic as unduly burdensome to the extent it seeks information equally

24   available to parties to this case. Adobe further objects to this Topic to the extent it seeks

25   information protected from disclosure by the attorney-client privilege, work product doctrine, joint

26   defense privilege, common interest privilege, or any other applicable privileges, immunities, or

27   protections. Adobe further objects to this Topic to the extent it is not reasonably limited in time and

28   scope. Adobe further objects to this Topic to the extent it seeks information that comprises third-

34422452v4

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1 | party proprietary information, trade secrets, or other confidential commercial information that

2 | Adobe is obligated not to disclose. Adobe further objects to this Topic to the extent that it seeks

3 | information about Adobe's confidential and highly sensitive source code. Adobe further objects to

4 | this Topic to the extent it seeks information protected as a trade secret, and to the extent it seeks

5 | confidential research, development, or commercial information.

6 | Subject to and without waiving the foregoing Objections, and subject to the protective order

7 | in this case, Adobe will produce a witness to provide a technical overview of Recommendations

8 | with respect to specific technical questions identified by Optimize in advance of the deposition.

9 | **Topic No. 12:**

10 | The existence, identity and operation of ADOBE'S "Omniture Recommendations" or

11 | "mbox" functionality, including any prior versions, revisions, or releases of such functionality

12 | which was used to provide SERVICES during the TERM.

13 | **Response to Topic No. 12:**

14 | Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

15 | this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

16 | seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

17 | calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

18 | information relating to activities, products, and functionalities that are not included in Optimize's

19 | Complaint or infringement allegations in this matter. Adobe further objects to this Topic as unduly

20 | burdensome to the extent that it is duplicative of at least Topic Nos. 10-11, above. Adobe further

21 | objects to this Topic to the extent that it seeks information that is not within Adobe's possession,

22 | custody, or control. Adobe further objects to this Topic to the extent that it seeks information that

23 | can be obtained from other sources that are more convenient and/or less burdensome. Adobe

24 | further objects to this Topic as unduly burdensome to the extent it seeks information equally

25 | available to parties to this case. Adobe further objects to this Topic to the extent it seeks

26 | information protected from disclosure by the attorney-client privilege, work product doctrine, joint

27 | defense privilege, common interest privilege, or any other applicable privileges, immunities, or

28 | protections. Adobe further objects to this Topic to the extent it is not reasonably limited in time and

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1 scope. Adobe further objects to this Topic to the extent it seeks information that comprises third-
2 party proprietary information, trade secrets, or other confidential commercial information that
3 Adobe is obligated not to disclose. Adobe further objects to this Topic to the extent that it seeks
4 information about Adobe's confidential and highly sensitive source code. Adobe further objects to
5 this Topic to the extent it seeks information protected as a trade secret, and to the extent it seeks
6 confidential research, development, or commercial information.

7 Subject to and without waiving the foregoing Objections, and subject to the protective order
8 in this case, Adobe will produce a witness to provide a technical overview of Recommendations
9 with respect to specific technical questions identified by Optimize in advance of the deposition.

10 **Topic No. 13:**

11 The provision of any other web site personalization or recommendations features or
12 functionality provided by YOU RELATING TO the ACCUSED WEBSITE(S).

13 **Response to Topic No. 13:**

14 Adobe incorporates its General Objections as if set forth herein. Adobe further objects to
15 this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it
16 seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably
17 calculated to lead to the discovery of admissible evidence, including to the extent that it seeks
18 information relating to activities, products, and functionalities that are not included in Optimize's
19 Complaint or infringement allegations in this matter. Adobe further objects to this Topic to the
20 extent that it seeks information that is not within Adobe's possession, custody, or control. Adobe
21 further objects to this Topic to the extent that it seeks information that can be obtained from other
22 sources that are more convenient and/or less burdensome. Adobe further objects to this Topic as
23 unduly burdensome to the extent it seeks information equally available to parties to this case.
24 Adobe further objects to this Topic to the extent it seeks information protected from disclosure by
25 the attorney-client privilege, work product doctrine, joint defense privilege, common interest
26 privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to
27 this Topic to the extent it is not reasonably limited in time and scope. Adobe further objects to this
28 Topic to the extent it seeks information that comprises third-party proprietary information, trade

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1   secrets, or other confidential commercial information that Adobe is obligated not to disclose.

2   Adobe further objects to this Topic to the extent that it seeks information about Adobe's

3   confidential and highly sensitive source code. Adobe further objects to this Topic to the extent it

4   seeks information protected as a trade secret, and to the extent it seeks confidential research,

5   development, or commercial information.

6       Subject to and without waiving the foregoing Objections, and subject to the protective order

7   in this case, Adobe will produce a witness to provide a technical overview of Recommendations

8   with respect to specific technical questions identified by Optimize in advance of the deposition.

9   **Topic No. 14:**

10      The interaction between YOUR code or software or the SYTEM [sic] and the ACCUSED

11  WEB SITE(S), including, without limitation, the interaction with the "mbox.js" utilized by

12  ADOBE, or ADOBE'S "Omniture Recommendations" or "mbox" functionality or any

13  RECOMMENDED PRODUCTS FUNCTIONALITY.

14  **Response to Topic No. 14:**

15      Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

16  this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

17  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

18  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

19  information relating to activities, products, and functionalities that are not included in Optimize's

20  Complaint or infringement allegations in this matter. Adobe further objects to this Topic as unduly

21  burdensome to the extent that it is duplicative of at least Topic Nos. 10 and 11, above. Adobe

22  further objects to this Topic to the extent that it seeks information that is not within Adobe's

23  possession, custody, or control. Adobe further objects to this Topic to the extent that it seeks

24  information that can be obtained from other sources that are more convenient and/or less

25  burdensome. Adobe further objects to this Topic as unduly burdensome to the extent it seeks

26  information equally available to parties to this case. Adobe further objects to this Topic to the

27  extent it seeks information protected from disclosure by the attorney-client privilege, work product

28  doctrine, joint defense privilege, common interest privilege, or any other applicable privileges,

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1   immunities, or protections. Adobe further objects to this Topic to the extent it is not reasonably

2   limited in time and scope. Adobe further objects to this Topic to the extent it seeks information that

3   comprises third-party proprietary information, trade secrets, or other confidential commercial

4   information that Adobe is obligated not to disclose. Adobe further objects to this Topic to the

5   extent that it seeks information about Adobe's confidential and highly sensitive source code. Adobe

6   further objects to this Topic to the extent it seeks information protected as a trade secret, and to the

7   extent it seeks confidential research, development, or commercial information.

8           Subject to and without waiving the foregoing Objections, and subject to the protective order

9   in this case, Adobe will produce a witness to provide a technical overview of Recommendations

10  with respect to specific technical questions identified by Optimize in advance of the deposition.

11  **Topic No. 15:**

12          The existence, identity and operation of any RECOMMENDED PRODUCTS

13  FUNCTIONALITY existing on or utilized in conjunction with the ACCUSED WEBSITE(S).

14  **Response to Topic No. 15:**

15          Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

16  this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

17  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

18  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

19  information relating to activities, products, and functionalities that are not included in Optimize's

20  Complaint or infringement allegations in this matter. Adobe further objects to this Topic as unduly

21  burdensome to the extent that it is duplicative of at least Topic Nos. 10-1411, above. Adobe further

22  objects to this Topic to the extent that it seeks information that is not within Adobe's possession,

23  custody, or control. Adobe further objects to this Topic to the extent that it seeks information that

24  can be obtained from other sources that are more convenient and/or less burdensome. Adobe

25  further objects to this Topic as unduly burdensome to the extent it seeks information equally

26  available to parties to this case. Adobe further objects to this Topic to the extent it seeks

27  information protected from disclosure by the attorney-client privilege, work product doctrine, joint

28  defense privilege, common interest privilege, or any other applicable privileges, immunities, or

**RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY**

1  protections.  Adobe further objects to this Topic to the extent it is not reasonably limited in time and

2  scope.  Adobe further objects to this Topic to the extent it seeks information that comprises third-

3  party proprietary information, trade secrets, or other confidential commercial information that

4  Adobe is obligated not to disclose.   Adobe further objects to this Topic to the extent that it seeks

5  information about Adobe's confidential and highly sensitive source code.  Adobe further objects to

6  this Topic to the extent it seeks information protected as a trade secret, and to the extent it seeks

7  confidential research, development, or commercial information.

8       Subject to and without waiving the foregoing Objections, and subject to the protective order

9  in this case, Adobe will produce a witness to provide a technical overview of Recommendations

10  with respect to specific technical questions identified by Optimize in advance of the deposition.

11  **Topic No. 16:**

12       The existence, identity and operation of any software providing or which provided any

13  RECOMMENDED PRODUCTS FUNCTIONALITY existing on or utilized in conjunction with the

14  ACCUSED WEBSITE(S).

15  **Response to Topic No. 16:**

16       Adobe incorporates its General Objections as if set forth herein.  Adobe further objects to

17  this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

18  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

19  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

20  information relating to activities, products, and functionalities that are not included in Optimize's

21  Complaint or infringement allegations in this matter.  Adobe further objects to this Topic as unduly

22  burdensome to the extent that it is duplicative of at least Topic Nos. 10-15, above.  Adobe further

23  objects to this Topic to the extent that it seeks information that is not within Adobe's possession,

24  custody, or control.  Adobe further objects to this Topic to the extent that it seeks information that

25  can be obtained from other sources that are more convenient and/or less burdensome.  Adobe

26  further objects to this Topic as unduly burdensome to the extent it seeks information equally

27  available to parties to this case.  Adobe further objects to this Topic to the extent it seeks

28  information protected from disclosure by the attorney-client privilege, work product doctrine, joint

34422452v4

**RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY**

1   defense privilege, common interest privilege, or any other applicable privileges, immunities, or

2   protections. Adobe further objects to this Topic to the extent it is not reasonably limited in time and

3   scope. Adobe further objects to this Topic to the extent it seeks information that comprises third-

4   party proprietary information, trade secrets, or other confidential commercial information that

5   Adobe is obligated not to disclose. Adobe further objects to this Topic to the extent that it seeks

6   information about Adobe's confidential and highly sensitive source code. Adobe further objects to

7   this Topic to the extent it seeks information protected as a trade secret, and to the extent it seeks

8   confidential research, development, or commercial information.

9          Subject to and without waiving the foregoing Objections, and subject to the protective order

10  in this case, Adobe will produce a witness to provide a technical overview of Recommendations

11  with respect to specific technical questions identified by Optimize in advance of the deposition.

12  **Topic No. 17:**

13         The existence, identity and operation of any software providing or which provided any type

14  of recommendations or suggestions to visitors of the ACCUSED WEBSITE(S).

15  **Response to Topic No. 17:**

16         Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

17  this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

18  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

19  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

20  information relating to activities, products, and functionalities that are not included in Optimize's

21  Complaint or infringement allegations in this matter. Adobe further objects to this Topic as unduly

22  burdensome to the extent that it is duplicative of at least Topic Nos. 10-16, above. Adobe further

23  objects to this Topic to the extent that it seeks information that is not within Adobe's possession,

24  custody, or control. Adobe further objects to this Topic to the extent that it seeks information that

25  can be obtained from other sources that are more convenient and/or less burdensome. Adobe

26  further objects to this Topic as unduly burdensome to the extent it seeks information equally

27  available to parties to this case. Adobe further objects to this Topic to the extent it seeks

28  information protected from disclosure by the attorney-client privilege, work product doctrine, joint

1  defense privilege, common interest privilege, or any other applicable privileges, immunities, or

2  protections. Adobe further objects to this Topic to the extent it is not reasonably limited in time and

3  scope. Adobe further objects to this Topic to the extent it seeks information that comprises third-

4  party proprietary information, trade secrets, or other confidential commercial information that

5  Adobe is obligated not to disclose. Adobe further objects to this Topic to the extent that it seeks

6  information about Adobe's confidential and highly sensitive source code. Adobe further objects to

7  this Topic to the extent it seeks information protected as a trade secret, and to the extent it seeks

8  confidential research, development, or commercial information.

9        Subject to and without waiving the foregoing Objections, and subject to the protective order

10  in this case, Adobe will produce a witness to provide a technical overview of Recommendations

11  with respect to specific technical questions identified by Optimize in advance of the deposition.

12  **Topic No. 18:**

13        Any planned, designed, scheduled, expected or in-process changes, additions or updates to

14  any RECOMMENDED PRODUCTS FUNCTIONALITY existing on or utilized in conjunction

15  with the ACCUSED WEBSITE(S).

16  **Response to Topic No. 18:**

17        Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

18  this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

19  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

20  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

21  information relating to activities, products, and functionalities that are not included in Optimize's

22  Complaint or infringement allegations in this matter. Adobe further objects to this Topic to the

23  extent that it seeks information that is not within Adobe's possession, custody, or control. Adobe

24  further objects to this Topic to the extent that it seeks information that can be obtained from other

25  sources that are more convenient and/or less burdensome. Adobe further objects to this Topic as

26  unduly burdensome to the extent it seeks information equally available to parties to this case.

27  Adobe further objects to this Topic to the extent it seeks information protected from disclosure by

28  the attorney-client privilege, work product doctrine, joint defense privilege, common interest

1 privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to

2 this Topic to the extent it is not reasonably limited in time and scope. Adobe further objects to this

3 Topic to the extent it seeks information that comprises third-party proprietary information, trade

4 secrets, or other confidential commercial information that Adobe is obligated not to disclose.

5 Adobe further objects to this Topic to the extent that it seeks information about Adobe's

6 confidential and highly sensitive source code. Adobe further objects to this Topic to the extent it

7 seeks information protected as a trade secret, and to the extent it seeks confidential research,

8 development, or commercial information.

9 Subject to and without waiving the foregoing Objections, and subject to the protective order

10 in this case, Adobe will produce a witness to provide a technical overview of Recommendations

11 with respect to specific technical questions identified by Optimize in advance of the deposition.

12 **Topic No. 19:**

13 Any planned, designed, scheduled, expected or in-process changes, additions or updates to

14 the functionality of the SERVICES.

15 **Response to Topic No. 19:**

16 Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

17 this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

18 seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

19 calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

20 information relating to activities, products, and functionalities that are not included in Optimize's

21 Complaint or infringement allegations in this matter. Adobe further objects to this Topic as unduly

22 burdensome to the extent that it is duplicative of at least Topic No. 18, above. Adobe further

23 objects to this Topic to the extent that it seeks information that is not within Adobe's possession,

24 custody, or control. Adobe further objects to this Topic to the extent that it seeks information that

25 can be obtained from other sources that are more convenient and/or less burdensome. Adobe

26 further objects to this Topic as unduly burdensome to the extent it seeks information equally

27 available to parties to this case. Adobe further objects to this Topic to the extent it seeks

28 information protected from disclosure by the attorney-client privilege, work product doctrine, joint

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1  defense privilege, common interest privilege, or any other applicable privileges, immunities, or

2  protections. Adobe further objects to this Topic to the extent it is not reasonably limited in time and

3  scope. Adobe further objects to this Topic to the extent it seeks information that comprises third-

4  party proprietary information, trade secrets, or other confidential commercial information that

5  Adobe is obligated not to disclose. Adobe further objects to this Topic to the extent that it seeks

6  information about Adobe's confidential and highly sensitive source code. Adobe further objects to

7  this Topic to the extent it seeks information protected as a trade secret, and to the extent it seeks

8  confidential research, development, or commercial information.

9  Subject to and without waiving the foregoing Objections, and subject to the protective order

10  in this case, Adobe will produce a witness to provide a technical overview of Recommendations

11  with respect to specific technical questions identified by Optimize in advance of the deposition.

12  **Topic No. 20:**

13  The existence, identity and operation of any software which:

14  a.  provide(s) or has provided SERVICES to any DEFENDANT, including, without

15  limitation, the "mbox.js" utilized by ADOBE, or ADOBE'S "Omniture Recommendations" or

16  "mbox" functionality, and any RECOMMENDED PRODUCTS FUNCTIONALITY;

17  b.  personalize(s) or attempts to personalize the ACCUSED WEBSITE(S) for visitors;

18  c.  provide(s) or allows for the provision of any type of recommendations or suggestions

19  to visitors to the ACCUSED WEB SITE(S) including any RECOMMENDED PRODUCTS

20  FUNCTIONALITY; or

21  d.  is (are) used in support of any integration or interface between any DEFENDANT

22  and ADOBE.

23  Such should include, without limitation, all relevant APIs, database schemas, product tables

24  (with views and stored procedures), category tables (with views and stored procedures), segments

25  tables (with views and stored procedures), user tables (with views and stored procedures), and

26  affinity tables (with views and stored procedures).

27

28

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1

**Response to Topic No. 20:**

2       Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

3 this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

4 seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

5 calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

6 information relating to activities, products, and functionalities that are not included in Optimize's

7 Complaint or infringement allegations in this matter. Adobe further objects to this Topic as unduly

8 burdensome to the extent that it is duplicative of at least Topic Nos. 7, 10-17, above. Adobe further

9 objects to this Topic to the extent that it seeks information that is not within Adobe's possession,

10 custody, or control. Adobe further objects to this Topic to the extent that it seeks information that

11 can be obtained from other sources that are more convenient and/or less burdensome. Adobe

12 further objects to this Topic as unduly burdensome to the extent it seeks information equally

13 available to parties to this case. Adobe further objects to this Topic to the extent it seeks

14 information protected from disclosure by the attorney-client privilege, work product doctrine, joint

15 defense privilege, common interest privilege, or any other applicable privileges, immunities, or

16 protections. Adobe further objects to this Topic to the extent it is not reasonably limited in time and

17 scope. Adobe further objects to this Topic to the extent it seeks information that comprises third-

18 party proprietary information, trade secrets, or other confidential commercial information that

19 Adobe is obligated not to disclose. Adobe further objects to this Topic to the extent that it seeks

20 information about Adobe's confidential and highly sensitive source code. Adobe further objects to

21 this Topic to the extent it seeks information protected as a trade secret, and to the extent it seeks

22 confidential research, development, or commercial information.

23       Subject to and without waiving the foregoing Objections, and subject to the protective order

24 in this case, Adobe will produce a witness to provide a technical overview of Recommendations

25 with respect to specific technical questions identified by Optimize in advance of the deposition.

26

27

28

ADOBE'S RESPONSE TO PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

**RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY**

1  **Topic No. 21:**

2       All presentations or demonstrations made to any DEFENDANT demonstrating the

3  capabilities and/or value of the SERVICES offered, provided or proposed by YOU to any

4  DEFENDANT.

5  **Response to Topic No. 21:**

6       Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

7  this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

8  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

9  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

10  information relating to activities, products, and functionalities that are not included in Optimize's

11  Complaint or infringement allegations in this matter. Adobe further objects to this Topic to the

12  extent that it seeks information that is not within Adobe's possession, custody, or control. Adobe

13  further objects to this Topic to the extent that it seeks information that can be obtained from other

14  sources that are more convenient and/or less burdensome. Adobe further objects to this Topic as

15  unduly burdensome to the extent it seeks information equally available to parties to this case.

16  Adobe further objects to this Topic to the extent it seeks information protected from disclosure by

17  the attorney-client privilege, work product doctrine, joint defense privilege, common interest

18  privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to

19  this Topic to the extent it is not reasonably limited in time and scope. Adobe further objects to this

20  Topic to the extent it seeks information that comprises third-party proprietary information, trade

21  secrets, or other confidential commercial information that Adobe is obligated not to disclose.

22  Adobe further objects to this Topic to the extent that it seeks information about Adobe's

23  confidential and highly sensitive source code. Adobe further objects to this Topic to the extent it

24  seeks information protected as a trade secret, and to the extent it seeks confidential research,

25  development, or commercial information.

26       Subject to and without waiving the foregoing Objections, and subject to the protective order

27  in this case, Adobe responds that Adobe does not provide its Recommendations product to any

28  defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

34422452v4

ADOBE'S RESPONSE TO PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1  **Topic No. 22:**

2  　　　Any research and development into caching and/or delivery of web content from cache, as

3  such relates to the SERVICES or any RECOMMENDED PRODUCTS FUNCTIONALITY,

4  including, without limitation, the use of cache servers, image servers or other dedicated cache

5  sources.

6  **Response to Topic No. 22:**

7  　　　Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

8  this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

9  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

10  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

11  information relating to activities, products, and functionalities that are not included in Optimize's

12  Complaint or infringement allegations in this matter. Adobe further objects to this Topic to the

13  extent that it seeks information that is not within Adobe's possession, custody, or control. Adobe

14  further objects to this Topic to the extent that it seeks information that can be obtained from other

15  sources that are more convenient and/or less burdensome. Adobe further objects to this Topic as

16  unduly burdensome to the extent it seeks information equally available to parties to this case.

17  Adobe further objects to this Topic to the extent it seeks information protected from disclosure by

18  the attorney-client privilege, work product doctrine, joint defense privilege, common interest

19  privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to

20  this Topic to the extent it is not reasonably limited in time and scope. Adobe further objects to this

21  Topic to the extent it seeks information that comprises third-party proprietary information, trade

22  secrets, or other confidential commercial information that Adobe is obligated not to disclose.

23  Adobe further objects to this Topic to the extent that it seeks information about Adobe's

24  confidential and highly sensitive source code. Adobe further objects to this Topic to the extent it

25  seeks information protected as a trade secret, and to the extent it seeks confidential research,

26  development, or commercial information.

27

28

- 26 -

**RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY**

1    Subject to and without waiving the foregoing Objections, and subject to the protective order

2  in this case, Adobe will produce a witness to provide a technical overview of Recommendations

3  with respect to specific technical questions identified by Optimize in advance of the deposition.

4  **Topic No. 23:**

5    Any monitoring or TRACKING of the ACCUSED WEBSITE(S) or any features or

6  functionality of the ACCUSED WEBSITE(S) to related to, or intended to measure the performance

7  or success of, the SERVICES provided to any DEFENDANT or any RECOMMENDED

8  PRODUCTS FUNCTIONALITY.

9  **Response to Topic No. 23:**

10    Adobe incorporates its General Objections as if set forth herein.  Adobe further objects to

11  this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

12  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

13  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

14  information relating to activities, products, and functionalities that are not included in Optimize's

15  Complaint or infringement allegations in this matter.  Adobe further objects to this Topic to the

16  extent that it seeks information that is not within Adobe's possession, custody, or control.  Adobe

17  further objects to this Topic to the extent that it seeks information that can be obtained from other

18  sources that are more convenient and/or less burdensome.  Adobe further objects to this Topic as

19  unduly burdensome to the extent it seeks information equally available to parties to this case.

20  Adobe further objects to this Topic to the extent it seeks information protected from disclosure by

21  the attorney-client privilege, work product doctrine, joint defense privilege, common interest

22  privilege, or any other applicable privileges, immunities, or protections.  Adobe further objects to

23  this Topic to the extent it is not reasonably limited in time and scope.  Adobe further objects to this

24  Topic to the extent it seeks information that comprises third-party proprietary information, trade

25  secrets, or other confidential commercial information that Adobe is obligated not to disclose.

26  Adobe further objects to this Topic to the extent it seeks information protected as a trade secret, and

27  to the extent it seeks confidential research, development, or commercial information.

28

34422452v4

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1       Subject to and without waiving the foregoing Objections, and subject to the protective order

2 in this case, Adobe responds that Adobe does not provide its Recommendations product to any

3 defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

4 **Topic No. 24:**

5       All REPORTS prepared by YOU for any DEFENDANT RELATED TO any SERVICES.

6 **Response to Topic No. 24:**

7       Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

8 this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

9 seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

10 calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

11 information relating to activities, products, and functionalities that are not included in Optimize's

12 Complaint or infringement allegations in this matter. Adobe further objects to this Topic to the

13 extent that it seeks information that is not within Adobe's possession, custody, or control. Adobe

14 further objects to this Topic to the extent that it seeks information that can be obtained from other

15 sources that are more convenient and/or less burdensome. Adobe further objects to this Topic as

16 unduly burdensome to the extent it seeks information equally available to parties to this case.

17 Adobe further objects to this Topic to the extent it seeks information protected from disclosure by

18 the attorney-client privilege, work product doctrine, joint defense privilege, common interest

19 privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to

20 this Topic to the extent it is not reasonably limited in time and scope. Adobe further objects to this

21 Topic to the extent it seeks information that comprises third-party proprietary information, trade

22 secrets, or other confidential commercial information that Adobe is obligated not to disclose.

23 Adobe further objects to this Topic to the extent it seeks information protected as a trade secret, and

24 to the extent it seeks confidential research, development, or commercial information.

25       Subject to and without waiving the foregoing Objections, and subject to the protective order

26 in this case, Adobe responds that Adobe does not provide its Recommendations product to any

27 defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

28

**RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY**

1   **Topic No. 25:**

2       For the TERM, the types of website statistics RELATING TO the ACCUSED WEB

3   SITE(S) and the RECOMMENDED PRODUCTS FUNCTIONALITY TRACKED or capable of

4   being TRACKED by YOU.

5   **Response to Topic No. 25:**

6       Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

7   this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

8   seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

9   calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

10  information relating to activities, products, and functionalities that are not included in Optimize's

11  Complaint or infringement allegations in this matter. Adobe further objects to this Topic to the

12  extent that it seeks information that is not within Adobe's possession, custody, or control. Adobe

13  further objects to this Topic to the extent that it seeks information that can be obtained from other

14  sources that are more convenient and/or less burdensome. Adobe further objects to this Topic as

15  unduly burdensome to the extent it seeks information equally available to parties to this case.

16  Adobe further objects to this Topic to the extent it seeks information protected from disclosure by

17  the attorney-client privilege, work product doctrine, joint defense privilege, common interest

18  privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to

19  this Topic to the extent it is not reasonably limited in time and scope. Adobe further objects to this

20  Topic to the extent it seeks information that comprises third-party proprietary information, trade

21  secrets, or other confidential commercial information that Adobe is obligated not to disclose.

22  Adobe further objects to this Topic to the extent it seeks information protected as a trade secret, and

23  to the extent it seeks confidential research, development, or commercial information.

24      Subject to and without waiving the foregoing Objections, and subject to the protective order

25  in this case, Adobe responds that Adobe does not provide its Recommendations product to any

26  defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

27

28

- 29 -

ADOBE'S RESPONSE TO PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1    **Topic No. 26:**

2        The projected usage of the ACCUSED WEBSITE(S) or any RECOMMENDED

3    PRODUCTS FUNCTIONALITY.

4    **Response to Topic No. 26:**

5        Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

6    this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

7    seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

8    calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

9    information relating to activities, products, and functionalities that are not included in Optimize's

10   Complaint or infringement allegations in this matter. Adobe further objects to this Topic to the

11   extent that it seeks information that is not within Adobe's possession, custody, or control. Adobe

12   further objects to this Topic to the extent that it seeks information that can be obtained from other

13   sources that are more convenient and/or less burdensome. Adobe further objects to this Topic as

14   unduly burdensome to the extent it seeks information equally available to parties to this case.

15   Adobe further objects to this Topic to the extent it seeks information protected from disclosure by

16   the attorney-client privilege, work product doctrine, joint defense privilege, common interest

17   privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to

18   this Topic to the extent it is not reasonably limited in time and scope. Adobe further objects to this

19   Topic to the extent it seeks information that comprises third-party proprietary information, trade

20   secrets, or other confidential commercial information that Adobe is obligated not to disclose.

21   Adobe further objects to this Topic to the extent it seeks information protected as a trade secret, and

22   to the extent it seeks confidential research, development, or commercial information.

23       Subject to and without waiving the foregoing Objections, and subject to the protective order

24   in this case, Adobe responds that Adobe does not provide its Recommendations product to any

25   defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

26   **Topic No. 27:**

27       Any performance testing done for, on or about the SERVICES.

28

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1  **Response to Topic No. 27:**

2      Adobe incorporates its General Objections as if set forth herein.  Adobe further objects to

3  this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

4  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

5  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

6  information relating to activities, products, and functionalities that are not included in Optimize's

7  Complaint or infringement allegations in this matter.  Adobe further objects to this Topic to the

8  extent that it seeks information that is not within Adobe's possession, custody, or control.  Adobe

9  further objects to this Topic to the extent that it seeks information that can be obtained from other

10  sources that are more convenient and/or less burdensome.  Adobe further objects to this Topic as

11  unduly burdensome to the extent it seeks information equally available to parties to this case.

12  Adobe further objects to this Topic to the extent it seeks information protected from disclosure by

13  the attorney-client privilege, work product doctrine, joint defense privilege, common interest

14  privilege, or any other applicable privileges, immunities, or protections.  Adobe further objects to

15  this Topic to the extent it is not reasonably limited in time and scope.  Adobe further objects to this

16  Topic to the extent it seeks information that comprises third-party proprietary information, trade

17  secrets, or other confidential commercial information that Adobe is obligated not to disclose.

18  Adobe further objects to this Topic to the extent it seeks information protected as a trade secret, and

19  to the extent it seeks confidential research, development, or commercial information.

20      Subject to and without waiving the foregoing Objections, and subject to the protective order

21  in this case, Adobe responds that Adobe does not provide its Recommendations product to any

22  defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

23  **Topic No. 28:**

24      The IDENTITY of any REPORTS RELATED TO the performance, speed, usage and/or

25  effectiveness of (i) the SERVICES; (ii) any RECOMMENDED PRODUCTS FUNCTIONALITY;

26  or (iii) delivery of any web content by YOU for any DEFENDANT.

27

28

34422452v4

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1    **Response to Topic No. 28:**

2         Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

3    this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

4    seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

5    calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

6    information relating to activities, products, and functionalities that are not included in Optimize's

7    Complaint or infringement allegations in this matter. Adobe further objects to this Topic as unduly

8    burdensome to the extent that it is duplicative of at least Topic No. 27, above. Adobe further

9    objects to this Topic to the extent that it seeks information that is not within Adobe's possession,

10   custody, or control. Adobe further objects to this Topic to the extent that it seeks information that

11   can be obtained from other sources that are more convenient and/or less burdensome. Adobe

12   further objects to this Topic as unduly burdensome to the extent it seeks information equally

13   available to parties to this case. Adobe further objects to this Topic to the extent it seeks

14   information protected from disclosure by the attorney-client privilege, work product doctrine, joint

15   defense privilege, common interest privilege, or any other applicable privileges, immunities, or

16   protections. Adobe further objects to this Topic to the extent it is not reasonably limited in time and

17   scope. Adobe further objects to this Topic to the extent it seeks information that comprises third-

18   party proprietary information, trade secrets, or other confidential commercial information that

19   Adobe is obligated not to disclose. Adobe further objects to this Topic to the extent it seeks

20   information protected as a trade secret, and to the extent it seeks confidential research, development,

21   or commercial information.

22        Subject to and without waiving the foregoing Objections, and subject to the protective order

23   in this case, Adobe responds that Adobe does not provide its Recommendations product to any

24   defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

25   **Topic No. 29:**

26        YOUR past, present and planned research and development efforts into the operation of any

27   RECOMMENDED PRODUCTS FUNCTIONALITY.

28

34422452v4

- 32 -
ADOBE'S RESPONSE TO PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

**Response to Topic No. 29:**

1

2          Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

3    this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

4    seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

5    calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

6    information relating to activities, products, and functionalities that are not included in Optimize's

7    Complaint or infringement allegations in this matter. Adobe further objects to this Topic as unduly

8    burdensome to the extent that it is duplicative of at least Topic Nos. 18, 19, and 22, above. Adobe

9    further objects to this Topic to the extent that it seeks information that is not within Adobe's

10   possession, custody, or control. Adobe further objects to this Topic to the extent that it seeks

11   information that can be obtained from other sources that are more convenient and/or less ·

12   burdensome. Adobe further objects to this Topic as unduly burdensome to the extent it seeks

13   information equally available to parties to this case. Adobe further objects to this Topic to the

14   extent it seeks information protected from disclosure by the attorney-client privilege, work product

15   doctrine, joint defense privilege, common interest privilege, or any other applicable privileges,

16   immunities, or protections. Adobe further objects to this Topic to the extent it is not reasonably

17   limited in time and scope. Adobe further objects to this Topic to the extent it seeks information that

18   comprises third-party proprietary information, trade secrets, or other confidential commercial

19   information that Adobe is obligated not to disclose. Adobe further objects to this Topic to the

20   extent that it seeks Adobe's confidential and highly sensitive source code. Adobe further objects to

21   this Topic to the extent it seeks information protected as a trade secret, and to the extent it seeks

22   confidential research, development, or commercial information.

23          Subject to and without waiving the foregoing Objections, and subject to the protective order

24   in this case, Adobe will produce a witness to provide a technical overview of Recommendations

25   with respect to specific technical questions identified by Optimize in advance of the deposition.

26

27

28

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1   **Topic No. 30:**

2       The results of any third party research, review, investigation, testing, study or analysis done

3   on the ACCUSED WEBSITE(S), the SERVICES or the RECOMMENDED PRODUCTS

4   FUNCTIONALITY existing on or utilized in conjunction with the ACCUSED WEBSITE(S).

5   **Response to Topic No. 30:**

6       Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

7   this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

8   seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

9   calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

10  information relating to activities, products, and functionalities that are not included in Optimize's

11  Complaint or infringement allegations in this matter. Adobe further objects to this Topic as unduly

12  burdensome to the extent that it is duplicative of at least Topic Nos. 18, 19, 22, 29, above. Adobe

13  further objects to this Topic to the extent that it seeks information that is not within Adobe's

14  possession, custody, or control. Adobe further objects to this Topic to the extent that it seeks

15  information that can be obtained from other sources that are more convenient and/or less

16  burdensome. Adobe further objects to this Topic as unduly burdensome to the extent it seeks

17  information equally available to parties to this case. Adobe further objects to this Topic to the

18  extent it seeks information protected from disclosure by the attorney-client privilege, work product

19  doctrine, joint defense privilege, common interest privilege, or any other applicable privileges,

20  immunities, or protections. Adobe further objects to this Topic to the extent it is not reasonably

21  limited in time and scope. Adobe further objects to this Topic to the extent it seeks information that

22  comprises third-party proprietary information, trade secrets, or other confidential commercial

23  information that Adobe is obligated not to disclose. Adobe further objects to this Topic to the

24  extent it seeks information protected as a trade secret, and to the extent it seeks confidential

25  research, development, or commercial information.

26

27

28

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1  **Topic No. 31:**

2      All data, information, reports, metrics, or other statistics regarding the operation, efficiency

3  or effectiveness of the RECOMMENDED PRODUCTS FUNCTIONALITY existing on or utilized

4  in conjunction with the ACCUSED WEBSITE(S).

5  **Response to Topic No. 31:**

6      Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

7  this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

8  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

9  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

10  information relating to activities, products, and functionalities that are not included in Optimize's

11  Complaint or infringement allegations in this matter. Adobe further objects to this Topic as unduly

12  burdensome to the extent that it is duplicative of at least Topic Nos. 23-26, above. Adobe further

13  objects to this Topic to the extent that it seeks information that is not within Adobe's possession,

14  custody, or control. Adobe further objects to this Topic to the extent that it seeks information that

15  can be obtained from other sources that are more convenient and/or less burdensome. Adobe

16  further objects to this Topic as unduly burdensome to the extent it seeks information equally

17  available to parties to this case. Adobe further objects to this Topic to the extent it seeks

18  information protected from disclosure by the attorney-client privilege, work product doctrine, joint

19  defense privilege, common interest privilege, or any other applicable privileges, immunities, or

20  protections. Adobe further objects to this Topic to the extent it is not reasonably limited in time and

21  scope. Adobe further objects to this Topic to the extent it seeks information that comprises third-

22  party proprietary information, trade secrets, or other confidential commercial information that

23  Adobe is obligated not to disclose. Adobe further objects to this Topic to the extent it seeks

24  information protected as a trade secret, and to the extent it seeks confidential research, development,

25  or commercial information.

26      Subject to and without waiving the foregoing Objections, and subject to the protective order

27  in this case, Adobe responds that Adobe does not provide its Recommendations product to any

28  defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

**RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY**

**Topic No. 32:**

All data, information, reports, metrics, or other statistics regarding past, current, or projected sales or revenue attributable to usage of the ACCUSED WEBSITE(S).

**Response to Topic No. 32:**

Adobe incorporates its General Objections as if set forth herein. Adobe further objects to this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent that it seeks information relating to activities, products, and functionalities that are not included in Optimize's Complaint or infringement allegations in this matter. Adobe further objects to this Topic to the extent that it seeks information that is not within Adobe's possession, custody, or control. Adobe further objects to this Topic to the extent that it seeks information that can be obtained from other sources that are more convenient and/or less burdensome. Adobe further objects to this Topic as unduly burdensome to the extent it seeks information equally available to parties to this case. Adobe further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, joint defense privilege, common interest privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to this Topic to the extent it is not reasonably limited in time and scope. Adobe further objects to this Topic to the extent it seeks information that comprises third-party proprietary information, trade secrets, or other confidential commercial information that Adobe is obligated not to disclose. Adobe further objects to this Topic to the extent it seeks information protected as a trade secret, and to the extent it seeks confidential research, development, or commercial information.

Subject to and without waiving the foregoing Objections, and subject to the protective order in this case, Adobe responds that Adobe does not provide its Recommendations product to any defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

**Topic No. 33:**

All data, information, reports, metrics, or other statistics regarding past, current, or projected sales or revenue attributable to usage of the RECOMMENDED PRODUCTS FUNCTIONALITY existing on or utilized in conjunction with the ACCUSED WEBSITE(S).

**Response to Topic No. 33:**

Adobe incorporates its General Objections as if set forth herein. Adobe further objects to this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent that it seeks information relating to activities, products, and functionalities that are not included in Optimize's Complaint or infringement allegations in this matter. Adobe further objects to this Topic as unduly burdensome to the extent that it is duplicative of at least Topic No. 32, above. Adobe further objects to this Topic to the extent that it seeks information that is not within Adobe's possession, custody, or control. Adobe further objects to this Topic to the extent that it seeks information that can be obtained from other sources that are more convenient and/or less burdensome. Adobe further objects to this Topic as unduly burdensome to the extent it seeks information equally available to parties to this case. Adobe further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, joint defense privilege, common interest privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to this Topic to the extent it is not reasonably limited in time and scope. Adobe further objects to this Topic to the extent it seeks information that comprises third-party proprietary information, trade secrets, or other confidential commercial information that Adobe is obligated not to disclose. Adobe further objects to this Topic to the extent it seeks information protected as a trade secret, and to the extent it seeks confidential research, development, or commercial information.

Subject to and without waiving the foregoing Objections, and subject to the protective order in this case, Adobe responds that Adobe does not provide its Recommendations product to any defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

**RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY**

1  **Topic No. 34:**

2      All strategic plans, business plans, or forecasts regarding the ACCUSED WEBSITE(S) or

3  the RECOMMENDED PRODUCTS FUNCTIONALITY existing on or utilized in conjunction with

4  the ACCUSED WEBSITE(S).

5  **Response to Topic No. 34:**

6      Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

7  this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

8  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

9  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

10  information relating to activities, products, and functionalities that are not included in Optimize's

11  Complaint or infringement allegations in this matter. Adobe further objects to this Topic as unduly

12  burdensome to the extent that it is duplicative of at least Topic Nos. 32-33, above. Adobe further

13  objects to this Topic to the extent that it seeks information that is not within Adobe's possession,

14  custody, or control. Adobe further objects to this Topic to the extent that it seeks information that

15  can be obtained from other sources that are more convenient and/or less burdensome. Adobe

16  further objects to this Topic as unduly burdensome to the extent it seeks information equally

17  available to parties to this case. Adobe further objects to this Topic to the extent it seeks

18  information protected from disclosure by the attorney-client privilege, work product doctrine, joint

19  defense privilege, common interest privilege, or any other applicable privileges, immunities, or

20  protections. Adobe further objects to this Topic to the extent it is not reasonably limited in time and

21  scope. Adobe further objects to this Topic to the extent it seeks information that comprises third-

22  party proprietary information, trade secrets, or other confidential commercial information that

23  Adobe is obligated not to disclose. Adobe further objects to this Topic to the extent it seeks

24  information protected as a trade secret, and to the extent it seeks confidential research, development,

25  or commercial information.

26      Subject to and without waiving the foregoing Objections, and subject to the protective order

27  in this case, Adobe responds that Adobe does not provide its Recommendations product to any

28  defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1  **Topic No. 35:**

2      Knowledge of (i) this ACTION, (ii) OPTIMIZE, or (iii) the PATENT-IN-SUIT.

3  **Response to Topic No. 35:**

4      Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

5  this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

6  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

7  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

8  information relating to activities, products, and functionalities that are not included in Optimize's

9  Complaint or infringement allegations in this matter. Adobe further objects to this Topic to the

10  extent that it seeks information that is not within Adobe's possession, custody, or control. Adobe

11  further objects to this Topic to the extent that it seeks information that can be obtained from other

12  sources that are more convenient and/or less burdensome. Adobe further objects to this Topic as

13  unduly burdensome to the extent it seeks information equally available to parties to this case.

14  Adobe further objects to this Topic to the extent it seeks information protected from disclosure by

15  the attorney-client privilege, work product doctrine, joint defense privilege, common interest

16  privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to

17  this Topic to the extent it is not reasonably limited in time and scope. Adobe further objects to this

18  Topic to the extent it seeks information that comprises third-party proprietary information, trade

19  secrets, or other confidential commercial information that Adobe is obligated not to disclose.

20  Adobe further objects to this Topic to the extent it seeks information protected as a trade secret, and

21  to the extent it seeks confidential research, development, or commercial information.

22  **Topic No. 36:**

23      All promotional, marketing or advertising materials or similar DOCUMENTS used by

24  YOU, during the TERM, and RELATED TO SERVICES or features or functionality similar to the

25  RECOMMENDED PRODUCTS FUNCTIONALITY, including any promotional, marketing, or

26  advertising materials or similar DOCUMENTS provided to any DEFENDANT.

27

28

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1  **Response to Topic No. 36:**

2      Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

3  this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

4  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

5  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

6  information relating to activities, products, and functionalities that are not included in Optimize's

7  Complaint or infringement allegations in this matter. Adobe further objects to this Topic as unduly

8  burdensome to the extent that it is duplicative of at least Topic No. 21, above. Adobe further

9  objects to this Topic to the extent that it seeks information that is not within Adobe's possession,

10  custody, or control. Adobe further objects to this Topic to the extent that it seeks information that

11  can be obtained from other sources that are more convenient and/or less burdensome. Adobe

12  further objects to this Topic as unduly burdensome to the extent it seeks information equally

13  available to parties to this case. Adobe further objects to this Topic to the extent it seeks

14  information protected from disclosure by the attorney-client privilege, work product doctrine, joint

15  defense privilege, common interest privilege, or any other applicable privileges, immunities, or

16  protections. Adobe further objects to this Topic to the extent it is not reasonably limited in time and

17  scope. Adobe further objects to this Topic to the extent it seeks information that comprises third-

18  party proprietary information, trade secrets, or other confidential commercial information that

19  Adobe is obligated not to disclose. Adobe further objects to this Topic to the extent it seeks

20  information protected as a trade secret, and to the extent it seeks confidential research, development,

21  or commercial information.

22      Subject to and without waiving the foregoing Objections, and subject to the protective order

23  in this case, Adobe responds that Adobe does not provide its Recommendations product to any

24  defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

25  **Topic No. 37:**

26      The demand for or market for the SERVICES during the TERM.

27

28

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1  **Response to Topic No. 37:**

2       Adobe incorporates its General Objections as if set forth herein.  Adobe further objects to

3  this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

4  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

5  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

6  information relating to activities, products, and functionalities that are not included in Optimize's

7  Complaint or infringement allegations in this matter.  Adobe further objects to this Topic as unduly

8  burdensome to the extent that it is duplicative of at least Topic Nos. 7, 26, 32, 33, above.  Adobe

9  further objects to this Topic to the extent that it seeks information that is not within Adobe's

10  possession, custody, or control.  Adobe further objects to this Topic to the extent that it seeks

11  information that can be obtained from other sources that are more convenient and/or less

12  burdensome.  Adobe further objects to this Topic as unduly burdensome to the extent it seeks

13  information equally available to parties to this case.  Adobe further objects to this Topic to the

14  extent it seeks information protected from disclosure by the attorney-client privilege, work product

15  doctrine, joint defense privilege, common interest privilege, or any other applicable privileges,

16  immunities, or protections.  Adobe further objects to this Topic to the extent it is not reasonably

17  limited in time and scope.  Adobe further objects to this Topic to the extent it seeks information that

18  comprises third-party proprietary information, trade secrets, or other confidential commercial

19  information that Adobe is obligated not to disclose.  Adobe further objects to this Topic to the

20  extent it seeks information protected as a trade secret, and to the extent it seeks confidential

21  research, development, or commercial information.

22  **Topic No. 38:**

23       Any and all studies, surveys, tests, analysis or research conducted during the TERM,

24  RELATED TO the adoption, usage, effectiveness, benefits, costs, savings, or performance of:

25       a.       SERVICES or products and services similar to the SERVICES;

26       b.       web content caching, including, without limitation, images, media or other web

27  content;

28

34422452v4

ADOBE'S RESPONSE TO PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

c.     delivery of web content from cache, including, without limitation, the use of cache servers, image servers or other dedicated cache sources or data sources;

d.     the effect of speed, responsiveness, content delivery times, and overall response times on e-commerce or retail websites, including, without limitation, the effect on end-user experience and/or sales;

e.     end-user experience for e-commerce or retail websites, including, without limitation, the effect of responsiveness and content delivery times on the end-user experience;

f.     end-user experience for SERVICES or products or services similar to the SERVICES;

g.     the effectiveness of RECOMMENDED PRODUCTS FUNCTIONALITY or similar features or functionality with respect to e-commerce or retail websites, including, without limitation, the effect on end-user experience and/or sales;

h.     the effectiveness of product recommendations or suggestions on e-commerce or retail websites, including, without limitation, the effect on end-user experience and/or sales; or

i.     RECOMMENDED PRODUCTS FUNCTIONALITY or similar features or functionality.

**Response to Topic No. 38:**

Adobe incorporates its General Objections as if set forth herein. Adobe further objects to this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent that it seeks information relating to activities, products, and functionalities that are not included in Optimize's Complaint or infringement allegations in this matter. Adobe further objects to this Topic as unduly burdensome to the extent that it is duplicative of at least Topic Nos. 7, 8, 21-33, above. Adobe further objects to this Topic to the extent that it seeks information that is not within Adobe's possession, custody, or control. Adobe further objects to this Topic to the extent that it seeks information that can be obtained from other sources that are more convenient and/or less burdensome. Adobe further objects to this Topic as unduly burdensome to the extent it seeks

## RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1    information equally available to parties to this case. Adobe further objects to this Topic to the

2    extent it seeks information protected from disclosure by the attorney-client privilege, work product

3    doctrine, joint defense privilege, common interest privilege, or any other applicable privileges,

4    immunities, or protections. Adobe further objects to this Topic to the extent it is not reasonably

5    limited in time and scope. Adobe further objects to this Topic to the extent it seeks information that

6    comprises third-party proprietary information, trade secrets, or other confidential commercial

7    information that Adobe is obligated not to disclose. Adobe further objects to this Topic to the

8    extent that it seeks information about Adobe's confidential and highly sensitive source code. Adobe

9    further objects to this Topic to the extent it seeks information protected as a trade secret, and to the

10   extent it seeks confidential research, development, or commercial information.

11          Subject to and without waiving the foregoing Objections, and subject to the protective order

12   in this case, Adobe will produce a witness to provide a technical overview of Recommendations

13   with respect to specific technical questions identified by Optimize in advance of the deposition.

14   **Topic No. 39:**

15          The IDENTITY of all PERSONS, including, without limitation, third party vendors,

16   responsible for TRACKING, quantifying, reporting on, and/or monitoring the usage, traffic,

17   realization rate, performance, profitability and/or other measure of the efficacy of the ACCUSED

18   WEBSITE(S), the RECOMMENDED PRODUCTS FUNCTIONALITY, or the SERVICES.

19   **Response to Topic No. 39:**

20          Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

21   this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

22   seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

23   calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

24   information relating to activities, products, and functionalities that are not included in Optimize's

25   Complaint or infringement allegations in this matter. Adobe further objects to this Topic as unduly

26   burdensome to the extent that it is duplicative of at least Topic Nos. 23, 25-28, 30-33, above.

27   Adobe further objects to this Topic to the extent that it seeks information that is not within Adobe's

28   possession, custody, or control. Adobe further objects to this Topic to the extent that it seeks

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1    information that can be obtained from other sources that are more convenient and/or less

2    burdensome. Adobe further objects to this Topic as unduly burdensome to the extent it seeks

3    information equally available to parties to this case. Adobe further objects to this Topic to the

4    extent it seeks information protected from disclosure by the attorney-client privilege, work product

5    doctrine, joint defense privilege, common interest privilege, or any other applicable privileges,

6    immunities, or protections. Adobe further objects to this Topic to the extent it is not reasonably

7    limited in time and scope. Adobe further objects to this Topic to the extent it seeks information that

8    comprises third-party proprietary information, trade secrets, or other confidential commercial

9    information that Adobe is obligated not to disclose. Adobe further objects to this Topic to the

10   extent it seeks information protected as a trade secret, and to the extent it seeks confidential

11   research, development, or commercial information.

12         Subject to and without waiving the foregoing Objections, and subject to the protective order

13   in this case, Adobe responds that Adobe does not provide its Recommendations product to any

14   defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

15   **Topic No. 40:**

16         All amounts charged to or received from any DEFENDANT for the SERVICES during the

17   TERM.

18   **Response to Topic No. 40:**

19         Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

20   this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

21   seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

22   calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

23   information relating to activities, products, and functionalities that are not included in Optimize's

24   Complaint or infringement allegations in this matter. Adobe further objects to this Topic as unduly

25   burdensome to the extent that it is duplicative of at least Topic Nos. 1-3, 7, 32-33, above. Adobe

26   further objects to this Topic to the extent that it seeks information that is not within Adobe's

27   possession, custody, or control. Adobe further objects to this Topic to the extent that it seeks

28   information that can be obtained from other sources that are more convenient and/or less

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1    burdensome. Adobe further objects to this Topic as unduly burdensome to the extent it seeks

2    information equally available to parties to this case. Adobe further objects to this Topic to the

3    extent it seeks information protected from disclosure by the attorney-client privilege, work product

4    doctrine, joint defense privilege, common interest privilege, or any other applicable privileges,

5    immunities, or protections. Adobe further objects to this Topic to the extent it is not reasonably

6    limited in time and scope. Adobe further objects to this Topic to the extent it seeks information that

7    comprises third-party proprietary information, trade secrets, or other confidential commercial

8    information that Adobe is obligated not to disclose. Adobe further objects to this Topic to the

9    extent it seeks information protected as a trade secret, and to the extent it seeks confidential

10   research, development, or commercial information.

11          Subject to and without waiving the foregoing Objections, and subject to the protective order

12   in this case, Adobe responds that Adobe does not provide its Recommendations product to any

13   defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

14   **Topic No. 41:**

15          YOUR knowledge of any DEFENDANT'S revenues during the TERM (including, without

16   limitation, how such information is TRACKED), generated by or because of:

17          a.      the ACCUSED WEBSITE(S);

18          b.      the SERVICES provided by YOU to any DEFENDANT; or

19          c.      the RECOMMENDED PRODUCTS FUNCTIONALITY.

20   **Response to Topic No. 41:**

21          Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

22   this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

23   seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

24   calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

25   information relating to activities, products, and functionalities that are not included in Optimize's

26   Complaint or infringement allegations in this matter. Adobe further objects to this Topic as unduly

27   burdensome to the extent that it is duplicative of at least Topic Nos. 1-3, 7, 32-33, 40, above.

28   Adobe further objects to this Topic to the extent that it seeks information that is not within Adobe's

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1  possession, custody, or control. Adobe further objects to this Topic to the extent that it seeks

2  information that can be obtained from other sources that are more convenient and/or less

3  burdensome. Adobe further objects to this Topic as unduly burdensome to the extent it seeks

4  information equally available to parties to this case. Adobe further objects to this Topic to the

5  extent it seeks information protected from disclosure by the attorney-client privilege, work product

6  doctrine, joint defense privilege, common interest privilege, or any other applicable privileges,

7  immunities, or protections. Adobe further objects to this Topic to the extent it is not reasonably

8  limited in time and scope. Adobe further objects to this Topic to the extent it seeks information that

9  comprises third-party proprietary information, trade secrets, or other confidential commercial

10  information that Adobe is obligated not to disclose. Adobe further objects to this Topic to the

11  extent it seeks information protected as a trade secret, and to the extent it seeks confidential

12  research, development, or commercial information.

13  Subject to and without waiving the foregoing Objections, and subject to the protective order

14  in this case, Adobe responds that Adobe does not provide its Recommendations product to any

15  defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.

16  **Topic No. 42:**

17  Any DEFENDANT'S revenues that YOU and/or any DEFENDANT believes are generated

18  by or attributable to (i) the SERVICES; (ii) any RECOMMENDED PRODUCTS

19  FUNCTIONALITY; or (iii) the products, services features or functionality on any DEFENDANT'S

20  web site that customize and/or personalize web pages.

21  **Response to Topic No. 42:**

22  Adobe incorporates its General Objections as if set forth herein. Adobe further objects to

23  this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it

24  seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably

25  calculated to lead to the discovery of admissible evidence, including to the extent that it seeks

26  information relating to activities, products, and functionalities that are not included in Optimize's

27  Complaint or infringement allegations in this matter. Adobe further objects to this Topic as unduly

28  burdensome to the extent that it is duplicative of at least Topic Nos. 1-3, 7, 32-33, 40-41, above.

RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY

1    Adobe further objects to this Topic to the extent that it seeks information that is not within Adobe's
2    possession, custody, or control. Adobe further objects to this Topic to the extent that it seeks
3    information that can be obtained from other sources that are more convenient and/or less
4    burdensome. Adobe further objects to this Topic as unduly burdensome to the extent it seeks
5    information equally available to parties to this case. Adobe further objects to this Topic to the
6    extent it seeks information protected from disclosure by the attorney-client privilege, work product
7    doctrine, joint defense privilege, common interest privilege, or any other applicable privileges,
8    immunities, or protections. Adobe further objects to this Topic to the extent it is not reasonably
9    limited in time and scope. Adobe further objects to this Topic to the extent it seeks information that
10   comprises third-party proprietary information, trade secrets, or other confidential commercial
11   information that Adobe is obligated not to disclose. Adobe further objects to this Topic to the
12   extent it seeks information protected as a trade secret, and to the extent it seeks confidential
13   research, development, or commercial information.

14         Subject to and without waiving the foregoing Objections, and subject to the protective order
15   in this case, Adobe responds that Adobe does not provide its Recommendations product to any
16   defendant except REI and, with respect to REI, Optimize can seek this discovery from REI itself.
17   **Topic No. 43:**

18         The authenticity, creation, maintenance and custodial information of the documents sought
19   in Exhibit B, sufficient to establish such documents as business records, or in lieu thereof, the
20   custodian(s) of records for the documents being sought in Exhibit B.

21   **Response to Topic No. 43:**

22         Adobe incorporates its General Objections as if set forth herein. Adobe further objects to
23   this Topic as overly broad and unduly burdensome, oppressive, and harassing to the extent that it
24   seeks information that is neither relevant to the claims or defenses in this litigation nor reasonably
25   calculated to lead to the discovery of admissible evidence, including to the extent that it seeks
26   information relating to activities, products, and functionalities that are not included in Optimize's
27   Complaint or infringement allegations in this matter. Adobe further objects to this Topic to the
28   extent that it seeks information that is not within Adobe's possession, custody, or control. Adobe

**RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY**

1  further objects to this Topic to the extent that it seeks information that can be obtained from other

2  sources that are more convenient and/or less burdensome. Adobe further objects to this Topic as

3  unduly burdensome to the extent it seeks information equally available to parties to this case.

4  Adobe further objects to this Topic to the extent it seeks information protected from disclosure by

5  the attorney-client privilege, work product doctrine, joint defense privilege, common interest

6  privilege, or any other applicable privileges, immunities, or protections. Adobe further objects to

7  this Topic to the extent it is not reasonably limited in time and scope. Adobe further objects to this

8  Topic to the extent it seeks information that comprises third-party proprietary information, trade

9  secrets, or other confidential commercial information that Adobe is obligated not to disclose.

10  Adobe further objects to this Topic to the extent it seeks information protected as a trade secret, and

11  to the extent it seeks confidential research, development, or commercial information. Adobe further

12  objects to this Topic on the grounds that there is no Exhibit B attached to the Subpoena.

13

14  Dated: January 14, 2014

MICHAEL A. BERTA
RACHEL L. CHANIN
ARNOLD & PORTER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone:     (415) 471-3100
Facsimile:     (415) 471-3400
michael.berta@aporter.com
rachel.chanin@aporter.com

ATTORNEY FOR ADOBE SYSTEMS
INCORPORATED

34422452v4

**RESTRICTED--OUTSIDE COUNSEL'S EYES ONLY.**

**PROOF OF SERVICE**

1. I am over eighteen years of age and not a party to this action. I am employed in the County of Santa Clara, State of California. My business address is 1801 Page Mill Road, Suite 110, Palo Alto, CA 94304.

2. On January 14, 2014, I served the following document(s):

NON-PARTY ADOBE, INC.'S RESPONSE TO PLAINTIFF OPTIMIZE TECHNOLOGY SOLUTIONS, LLC'S SUBPOENA TO TESTIFY AT A DEPOSITION

3. ☑ I served the document(s) on the following person(s):

Ariyeh Akmal
Sprinkle IP Law Group, P.C.
1301 West 25th Street, Suite 408
Austin, TX 78705

4. The documents were served by the following means:

☑ **By Overnight Delivery/Express Mail**. I placed the sealed envelope or package for collection and delivery, following our ordinary practices. I am readily familiar with this business' practice for collecting and processing correspondence for express delivery. On the same day the correspondence is collected for delivery, it is placed for collection in the ordinary course of business in a box regularly maintained by Federal Express or delivered to a courier or driver authorized by Federal Express to receive documents.

☑ I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: January 14, 2014

_____
Victoria L. Friscia

| | |
|---|---|
| **From:** | Eric Manchin [EManchin@kaeskelaw.com] |
| **Sent:** | Friday, January 10, 2014 12:03 PM |
| **To:** | Chanin, Rachel L. |
| **Cc:** | aakmal@sprinklelaw.com; SCrocker@sprinklelaw.com |
| **Subject:** | RE: Adobe code review |

Rachel -
We will certainly work with you.

Also, we are still planning on coming Monday morning. Will Wednesday be possible if we need it?

Thanks
-Eric

**From:** Chanin, Rachel L. [mailto:Rachel.Chanin@aporter.com]
**Sent:** Thursday, January 09, 2014 6:26 PM
**To:** Eric Manchin
**Cc:** aakmal@sprinklelaw.com; SCrocker@sprinklelaw.com
**Subject:** RE: Adobe code review

Eric,

We are willing to work with you, but it is not reasonable to expect Adobe to be prepared to produce a witness on January 15 or January 20 (which is a federal holiday) for a subpoena that was served on January 6, requesting that Adobe produce witnesses on 56 topics and subtopics that are so broad and indefinite that they could conceivably require Adobe to identify dozens of individual witnesses. In addition, many of these topics appear to be more properly directed to the parties in this litigation, rather than Adobe.

To the extent that Optimize is now facing a deadline, the only way we can see to be able to work with Optimize on this issue is if Optimize can provide Adobe with discrete specific requests for information directed to limited issues, where we can locate the correct witness on short notice. Adobe has worked to try and accommodate Optimize's requests in this case, even on short notice. For instance, at your request, we made the source code available for inspection the week of Thanksgiving, although Optimize thereafter cancelled that inspection and did not again request an inspection of the code until this past week, now on an emergency basis. Nevertheless, when Adobe finally heard from Optimize again on this issue, we immediately agreed to reschedule the inspection as you requested. But, it is not reasonable to ask Adobe to identify and produce witnesses to testify on 56 broad topics on such short notice.

Adobe will not be able to produce a witness on the noticed January 15 date. We will serve our objections timely on January 14, 2014, but, in the interim, if Optimize has a limited set of discrete items for which it needs third party discovery in this matter, please let me know what that is and we can try to focus on those issues to be able to provide discovery within the deadline you mentioned.

Thanks,

Rachel

**From:** Eric Manchin [mailto:EManchin@kaeskelaw.com]
**Sent:** Tuesday, January 07, 2014 4:32 PM
**To:** Chanin, Rachel L.

1

**Cc:** aakmal@sprinklelaw.com; SCrocker@sprinklelaw.com
**Subject:** RE: Adobe code review

Rachel –

We can come on those dates and will plan to do so. Thank you for your assistance.
Please look into providing Wednesday access as well, in case we need additional time.  Mr. Tulkoff will be coming for the review.

Unfortunately, we are facing a deadline, so we would like to discuss an arrangement that provides for a deposition to occur before that time, such as the 20th.
We can certainly consider an extension to later next week for your response, if necessary, but would prefer to move towards a mutually acceptable notice and date instead.

Thank you
-Eric


**From:** Chanin, Rachel L. [mailto:Rachel.Chanin@aporter.com]
**Sent:** Tuesday, January 07, 2014 6:17 PM
**To:** Eric Manchin
**Subject:** RE: Adobe code review

Eric,

We can make the code available for inspection next week -- how about Monday and Tuesday from 9 a.m. to 5 p.m.? Please let us know who we should expect to attend.

On the deposition subpoena, in light of the fact that this was just served yesterday, would you agree to extend the deadline to serve a written response until January 22, 2014?  We appreciate your agreement to move the current deposition date, and we can discuss mutually agreeable dates once the code inspection has taken place and we have had an opportunity to review the subpoena.

Thanks,

Rachel



**From:** Eric Manchin [mailto:EManchin@kaeskelaw.com]
**Sent:** Tuesday, January 07, 2014 10:11 AM
**To:** Chanin, Rachel L.
**Cc:** Ari Akmal
**Subject:** RE: Adobe code review

Rachel -

Thank you for your assistance.

My apologies about service of the subpoena.  No surprise was meant by it and we are certainly willing to move the date. Please let me know when we can discuss that as well.

Sincerely,
Eric

2

**From:** Chanin, Rachel L. [mailto:Rachel.Chanin@aporter.com]
**Sent:** Tuesday, January 07, 2014 12:11 PM
**To:** Eric Manchin
**Subject:** RE: Adobe code review

Eric,

I'm looking into the new consultant disclosure and dates for the code inspection, and will get back to you as soon as possible.

You mentioned in your voicemail something about a deposition subpoena. We checked with our client and it appears that they were just served with a subpoena late yesterday, only nine days before the noticed deposition date. Given that you know we represent Adobe in this matter, why were we not provided with a courtesy copy? We believe that the deposition subpoena is untimely, but will review in greater detail and provide a formal response.

Regards,

Rachel

---

Rachel L. Chanin
Arnold & Porter LLP
Three Embarcadero Center, Floor 10
San Francisco, CA  94111
T:  415.471.3278
F:  415.471.3400
rachel.chanin@aporter.com

**From:** Eric Manchin [mailto:EManchin@kaeskelaw.com]
**Sent:** Tuesday, January 07, 2014 9:53 AM
**To:** Chanin, Rachel L.
**Subject:** RE: Adobe code review

Hello Rachel –

Please let me know as soon as possible when we can come review the code.
Thank you
-Eric
512-366-7302

**From:** Eric Manchin
**Sent:** Monday, January 06, 2014 10:18 AM
**To:** 'Chanin, Rachel L.'
**Subject:** Adobe code review

Rachel –

We are attempting to schedule our Adobe code review. Please let me know if the code can be made available at the end of the week and next week.

Also, we may need to send another consultant. Accordingly, attached please find his signed Undertaking pursuant to the Protective Order, and his resume.

Thank you

-Eric

Eric Manchin
Kaaske Law Firm
1301 W. 25th St., Suite 406
Austin, Texas 78705
512-366-7300
512-366-7767 (fax)

The information in this electronic mail is legally privileged and confidential information intended only for the use of the individual(s) named above. Any use, dissemination, distribution or reproduction of this message is strictly prohibited. If you have received this E-mail in error, please notify the sender. Thank you.

U.S. Treasury Circular 230 Notice

Any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding U.S. federal tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The information in this communication is legally privileged and confidential information intended only for the use of the individual(s) named above. Any use, dissemination, distribution or reproduction of this message is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone or return e-mail, and delete it from your computer.

For more information about Arnold & Porter LLP, please visit
http://www.arnoldporter.com

U.S. Treasury Circular 230 Notice

Any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding U.S. federal tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This information in this communication is legally privileged and confidential information intended only for the use of the individual(s) named above. Any use, dissemination, distribution or reproduction of this message is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone or return e-mail, and delete it from your computer.

For more information about Arnold & Porter LLP, please visit
http://www.arnoldporter.com

U.S. Treasury Circular 230 Notice

Any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding U.S. federal tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The information in this communication is legally privileged and confidential information intended only for the use of the individual(s) named above. Any use, dissemination, distribution or reproduction of this message is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone or return e-mail, and delete it from your computer.

For more information about Arnold & Porter LLP, please visit
http://www.arnoldporter.com

**From:** Eric Manchin <EManchin@kaeskelaw.com>
**Date:** February 26, 2014, 8:04:22 AM PST
**To:** "Chanin, Rachel L." <Rachel.Chanin@aporter.com>
**Cc:** "aakmal@sprinklelaw.com" <aakmal@sprinklelaw.com>, "SCrocker@sprinklelaw.com"
<SCrocker@sprinklelaw.com>, "Berta, Michael A." <Michael.Berta@APORTER.COM>, "Noonan, Willow"
<Willow.Noonan@aporter.com>
**Subject: RE: Adobe code review**

Rachel –
Adobe has an obligation to produce a witness to answer questions as required by the notice. If Adobe
would like to discuss modifications to the questions, we should arrange a call to discuss it. However,
Adobe is not allowed to unilaterally limit the deposition's scope or take the self-help action you
contemplate. Barring a protective order or Optimize's agreement, the deposition topics remain
unchanged.

As requested, please provide a date during the week of March 17th for a witness' or witnesses'
availability for the topics noticed.

Thank you
-Eric

**From:** Chanin, Rachel L. [mailto:Rachel.Chanin@aporter.com]
**Sent:** Tuesday, February 25, 2014 7:29 PM
**To:** Eric Manchin
**Cc:** aakmal@sprinklelaw.com; SCrocker@sprinklelaw.com; Berta, Michael A.; Noonan, Willow
**Subject:** RE: Adobe code review

Eric,

As noted in my email below, the subpoena requests that Adobe produce witnesses on 56 topics and
subtopics that are so broad and indefinite that they could conceivably require Adobe to identify dozens
of individual witnesses. As Adobe explained in its objections to the deposition subpoena, Adobe will
produce a witness to provide a technical overview of Recommendations with respect to specific
technical questions identified by Optimize in advance of the deposition. Please provide us with
information on any specific questions and areas of testimony, so that we can identify an appropriate
witness and determine their availability.

Regards,

1

Rachel

**From:** Eric Manchin [mailto:EManchin@kaeskelaw.com]
**Sent:** Monday, February 24, 2014 1:49 PM
**To:** Chanin, Rachel L.
**Cc:** aakmal@sprinklelaw.com; SCrocker@sprinklelaw.com
**Subject:** RE: Adobe code review

Rachel –

As you know, we have asked you to provide us with dates during the week of March 17th for the deposition that we have noticed. In our call earlier today, you asked us to respond to the below January 9th email, regarding the deposition. In response to that email, we would indicate that we are no longer facing the January 22nd deadline referenced in your email and, obviously, are no longer asking you to produce a deponent by such date. Instead, we have asked you to provide us with dates during the week of March 17th.

We know that, subsequent to that email, Adobe served objections to the subpoena. We are certainly open to discussing Adobe's objections and addressing any concerns that it may have related to the scope of the deposition. Moreover, to the extent you believe that any such concerns affect your client's ability to designate one or more representatives and/or prepare such representatives for the deposition, please call me immediately so that we can timely address them in light of our request for dates during the week of March 17th. We are available any time tomorrow or Wednesday to discuss the topics.

Thank you
-Eric

**From:** Chanin, Rachel L. [mailto:Rachel.Chanin@aporter.com]
**Sent:** Thursday, January 09, 2014 6:26 PM
**To:** Eric Manchin
**Cc:** aakmal@sprinklelaw.com; SCrocker@sprinklelaw.com
**Subject:** RE: Adobe code review

Eric,

We are willing to work with you, but it is not reasonable to expect Adobe to be prepared to produce a witness on January 15 or January 20 (which is a federal holiday) for a subpoena that was served on January 6, requesting that Adobe produce witnesses on 56 topics and subtopics that are so broad and indefinite that they could conceivably require Adobe to identify dozens of individual witnesses. In addition, many of these topics appear to be more properly directed to the parties in this litigation, rather than Adobe.

To the extent that Optimize is now facing a deadline, the only way we can see to be able to work with Optimize on this issue is if Optimize can provide Adobe with discrete specific requests for information directed to limited issues, where we can locate the correct witness on short notice. Adobe has worked to try and accommodate Optimize's requests in this case, even on short notice. For instance, at your request, we made the source code available for inspection the week of Thanksgiving, although Optimize thereafter cancelled that inspection and did not again request an inspection of the code until this past week, now on an emergency basis. Nevertheless, when Adobe finally heard from Optimize again on this issue, we immediately agreed to reschedule the inspection as you requested. But, it is not reasonable to ask Adobe to identify and produce witnesses to testify on 56 broad topics on such short notice.

2

Adobe will not be able to produce a witness on the noticed January 15 date.   We will serve our objections timely on January 14, 2014, but, in the interim, if Optimize has a limited set of discrete items for which it needs third party discovery in this matter, please let me know what that is and we can try to focus on those issues to be able to provide discovery within the deadline you mentioned.

Thanks,

Rachel


**From:** Eric Manchin [mailto:EManchin@kaeskelaw.com]
**Sent:** Tuesday, January 07, 2014 4:32 PM
**To:** Chanin, Rachel L.
**Cc:** aakmal@sprinklelaw.com; SCrocker@sprinklelaw.com
**Subject:** RE: Adobe code review

Rachel –

We can come on those dates and will plan to do so. Thank you for your assistance.
Please look into providing Wednesday access as well, in case we need additional time.  Mr. Tulkoff will be coming for the review.

Unfortunately, we are facing a deadline, so we would like to discuss an arrangement that provides for a deposition to occur before that time, such as the 20th.
We can certainly consider an extension to later next week for your response, if necessary, but would prefer to move towards a mutually acceptable notice and date instead.

Thank you
-Eric

**From:** Chanin, Rachel L. [mailto:Rachel.Chanin@aporter.com]
**Sent:** Tuesday, January 07, 2014 6:17 PM
**To:** Eric Manchin
**Subject:** RE: Adobe code review

Eric,

We can make the code available for inspection next week -- how about Monday and Tuesday from 9 a.m. to 5 p.m.?  Please let us know who we should expect to attend.

On the deposition subpoena, in light of the fact that this was just served yesterday, would you agree to extend the deadline to serve a written response until January 22, 2014?  We appreciate your agreement to move the current deposition date, and we can discuss mutually agreeable dates once the code inspection has taken place and we have had an opportunity to review the subpoena.

Thanks,

Rachel


**From:** Eric Manchin [mailto:EManchin@kaeskelaw.com]
**Sent:** Tuesday, January 07, 2014 10:11 AM
**To:** Chanin, Rachel L.

3

**Cc:** Ari Akmal
**Subject:** RE: Adobe code review

Rachel -

Thank you for your assistance.

My apologies about service of the subpoena.  No surprise was meant by it and we are certainly willing to move the date.
Please let me know when we can discuss that as well.

Sincerely,
Eric

**From:** Chanin, Rachel L. [mailto:Rachel.Chanin@aporter.com]
**Sent:** Tuesday, January 07, 2014 12:11 PM
**To:** Eric Manchin
**Subject:** RE: Adobe code review

Eric,

I'm looking into the new consultant disclosure and dates for the code inspection, and will get back to you as soon as possible.

You mentioned in your voicemail something about a deposition subpoena.  We checked with our client and it appears that they were just served with a subpoena late yesterday, only nine days before the noticed deposition date.  Given that you know we represent Adobe in this matter, why were we not provided with a courtesy copy?  We believe that the deposition subpoena is untimely, but will review in greater detail and provide a formal response.

Regards,

Rachel

_____

Rachel L. Chanin
Arnold & Porter LLP
Three Embarcadero Center, Floor 10
San Francisco, CA  94111
T:  415.471.3278
F:  415.471.3400
rachel.chanin@aporter.com

**From:** Eric Manchin [mailto:EManchin@kaeskelaw.com]
**Sent:** Tuesday, January 07, 2014 9:53 AM
**To:** Chanin, Rachel L.
**Subject:** RE: Adobe code review

Hello Rachel –

Please let me know as soon as possible when we can come review the code.
Thank you
-Eric
512-366-7302

**From:** Eric Manchin
**Sent:** Monday, January 06, 2014 10:18 AM
**To:** 'Chanin, Rachel L.'
**Subject:** Adobe code review

Rachel –

We are attempting to schedule our Adobe code review. Please let me know if the code can be made available at the end of the week and next week.

Also, we may need to send another consultant. Accordingly, attached please find his signed Undertaking pursuant to the Protective Order, and his resume.

Thank you
-Eric

Eric Manchin
Kaeske Law Firm
1301 W. 25th St., Suite 406
Austin, Texas 78705
512-366-7300
512-366-7767(fax)

The information in this electronic mail is legally privileged and confidential information intended only for the use of the individual(s) named above. Any use, dissemination, distribution or reproduction of this message is strictly prohibited. If you have received this E-mail in error, please notify the sender. Thank you.

IRS Treasury Circular Disclosure

Any US Federal tax advice contained in this communication (including attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding IRS related tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

This communication may contain information that is legally privileged and/or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message should delete it and notify the sender immediately by electronic reply or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter LLP, click here:
http://www.arnoldporter.com

IRS Treasury Circular Disclosure

Any US Federal tax advice contained in this communication (including attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding IRS related tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

This communication may contain information that is legally privileged and/or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message should delete it and notify the sender immediately by electronic reply or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter LLP, click here:
http://www.arnoldporter.com


# sprinkle
## IP LAW GROUP

March 5, 2014
***Via E-mail***

Ms. Rachel L. Chanin
Arnold & Porter LLP
Three Embarcadero Center, Floor 10
San Francisco, CA 94111

  RE: *Optimize Technology Solutions, LLC v. Staples, Inc., et al;*
    Civil Action No. 2:11-CV-00419-JRG

Dear Ms. Chanin:

  This letter is following up on our conversation today regarding the outstanding deposition subpoena to Adobe, served on January 6, 2014 (the "Subpoena"), as well as Adobe's objections to the Subpoena contained in "Non-Party Adobe, Inc., Response to Plaintiff Optimize Technology Solutions LLC's Subpoena to Testify at a Deposition" (the "Objections"). In addition to objecting to the requests, Adobe had expressed an inability to identify the proper deponent(s) to present pursuant to the Subpoena.

  In an attempt to address Adobe's Objections and its expressed difficulty in identifying the proper deponent(s) to present, I indicated to you that we are willing to narrow the scope of the topics and then identified for you, globally and generally, what Optimize would be willing to narrow the scope to encompass.

  Specifically, with respect to the "technical topics" (e.g., Topics 4 – 20 and 22)[1], we would agree to limit the scope of the topics to cover the operation of the software which is used to provide the product recommendations for REI. Further, we would agree to limit the topics to include the software/code which

  (a) intakes product data for REI (e.g., direct/indirect catalog feeds from REI, product data sent as part of the web pages created for www.rei.com, scraping product data from the website, itself), including how such data is (i) stored and/or cached, (ii) accessed, and (iii) used;

---

[1] We didn't discuss Adobe's objections to Topic 3. We would note that we believe that you have misread that topic. It is directed to any intellectual property that Adobe uses in providing its services (e.g., it licenses a component of the software that it uses in providing the product recommendations to REI). Regardless, based on our proposed agreements herein, we will agree to withdraw this topic.

1301 W. 25TH STREET, SUITE 408
AUSTIN, TX 78705
tel 512.637.9220 fax 512.371.9088

Ms. Rachel L. Chanin
March 5, 2014
Page 2

    (b) creates, builds, updates, stores, caches and accesses the models used in providing product recommendations; and

    (c) delivers the product recommendations, including (i) receiving, handling and responding to requests for product recommendations; (ii) selecting products to recommend in response to a request; (iii) building the response to the request for product recommendations; (iv) delivering the response to the request for product recommendations; and (v) any and all caching done with respect to these items.

With respect to the "damage topics" (e.g., Topics 21, 23 – 34, and 36 – 42), we would agree to limit the scope of the topics to cover the following for the product recommendations provided for REI:

    (a) the performance data related to the recommendations product, including the data underlying the dashboard or interface provided to REI to monitor the performance of the product recommendations provided for REI;

    (b) any real, potential or perceived issue with the attribution model(s) that was(were) used with respect to the performance of the product recommendations provided for REI related to any incorrect, inaccurate or incomplete reporting of any performance data or results for product recommendations provided for REI;

    (c) how utilization and/or efficacy/effectiveness of product recommendations are tracked, monitored, calculated and reported;

    (d) the effects of product recommendations on websites (including both generally and by page and/or placement type (e.g., shopping cart vs. product page) (e.g., the lift experienced from such placements); and

    (e) the marketing of the product recommendations product, including what Adobe/Omniture claims in its marketing materials the product recommendations product will do for prospective clients, and any ways Adobe/Omniture's product recommendations product is different than the competition.[2]

---

[2] I would note that we just generally discussed "marketing" and I did not specifically indicate the "different than the competition" component. It was on my notes and I realized in writing this letter that I did not expressly discuss the aspects of marketing, as we got off on the tangent of our knowledge of the testimonial/speech given by an REI employee at an Adobe sponsored conference.

Ms. Rachel L. Chanin
March 5, 2014
Page 3

And, for the Omniture reporting product, which all of the named defendants still in the suit (REI, Dillard's, JCPenney, Staples and HSN) use, we would agree to limit the scope of the topics to cover the following:

(a) such defendants' use of the product;

(b) the data available to the defendants from the use of such product, including what of such data (by type and amount) is still available (e.g., how far back does any saved data go?);

(c) the use of such data by such defendants, including, specifically, any use in providing product recommendations on the defendants' websites.

Third, with respect to the contractual relationship between Adobe and REI (e.g., Topics 1, 2 and 35), we would agree to limit the scope of the requests to (i) any indemnification requests, responses, demands, denials or discussions related to the present lawsuit or the claims being asserted by Optimize and (ii) Adobe's pre-suit knowledge of the '592 Patent and Optimize (fka SBJ IP Holdings 1, LLC).

Finally, we didn't discuss Topic 43. We would agree to limit that topic to the documents produced by Adobe in response to the document production requests contained in the document production subpoena served on July 23, 2013.

You indicated that, if I would get to you the above memorialization of our conversation, you would take it to your client to see if further discussion was needed or if your client could now identify the deponent(s) such that you could get back to me with potential dates. Please let me know as soon as possible when I can expect such an answer.

Additionally, if you have any questions about what I have set out above, please do not hesitate to give me a call.

Sincerely,

SPRINKLE IP LAW GROUP, P.C.

Scott Crocker
scrocker@sprinklelaw.com

SC/ph

| | |
|---|---|
| **From:** | Chanin, Rachel L. |
| **Sent:** | Thursday, March 20, 2014 6:14 PM |
| **To:** | Scott Crocker |
| **Cc:** | Berta, Michael A.; Casamiquela, Ryan; Noonan, Willow |
| **Subject:** | RE: Optimize v Staples, et al - Adobe Subpoena |
| **Attachments:** | Letter to Scott Crocker.pdf |

Please see the attached response.

We believe the above proposal provides a reasonable resolution to the Deposition Subpoena.  If the above proposed scope is not agreeable to Optimize, please let us know of a time to meet and confer on these issues.  Our team may be availability tomorrow or Monday.

Regards,

Rachel

Rachel L. Chanin
Arnold & Porter LLP
7th Floor
Three Embarcadero Center
San Francisco, CA 94111

Telephone: +1 415-471-3278
rachel.chanin@aporter.com
www.arnoldporter.com

**From:** Paulette Helberg [mailto:PHelberg@sprinklelaw.com]
**Sent:** Wednesday, March 05, 2014 1:37 PM
**To:** Chanin, Rachel L.
**Cc:** Ari Akmal; Brooke Melendez; Elizabeth Brown Fore; Eric Manchin Contact; Floyd Walker; Jenna Brockman; Kasey LaRocca; Lynn Bradshaw Contact; Paulette Helberg; Scott Crocker; Steve Sprinkle; Stu Shapley
**Subject:** Optimize v Staples, et al - Adobe Subpoena

The attached is being sent on behalf of Scott Crocker.



**Paulette Helberg**
**IP Litigation Legal Secretary**
**1301 W. 25th Street, Suite 408**
**Austin, Texas 78705**
**(o) 512.637.9228**
**(f) 512.371.9088**

NOTICE: This email message, including any documents, files or other attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. The term "privileged and confidential" includes, without limitation, attorney-client privileged communications, attorney work product, trade secrets, and any other

1

proprietary information. In transmitting this communication, the sender does not waive any claim to privilege or confidentiality. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email or by telephone at 512.637.9220 and destroy all copies of the original message. Thank you.

# ARNOLD & PORTER LLP

**Rachel L. Chanin**
Rachel.Chanin@aporter.com

+1 415.471.3278
+1 415.471.3400 Fax

10th Floor
Three Embarcadero Center
San Francisco, CA 94111-4024

March 20, 2014

**VIA EMAIL**

Scott Crocker
Sprinkle IP Law Group
1301 W. 25th Street, Suite 408
Austin, Texas  78705

      Re:    *Optimize Technology Solutions, LLC v. Staples, Inc., et al.*;
              Deposition Subpoena to Non-Party Adobe

Dear Mr. Crocker:

We write in response to your letter dated March 5, 2014 ("Letter") regarding Plaintiff Optimize Technology Solutions, LLC's ("Optimize's") deposition subpoena dated December 31, 2013, served upon Adobe Systems Incorporated ("Adobe") on January 6, 2014 ("Deposition Subpoena").

The Deposition Subpoena demanded information on 56 broad and ill-defined topics and subtopics. Adobe served a Response to Plaintiff's Subpoena to Testify at a Deposition in a Civil Action, dated January 14, 2014 ("Deposition Subpoena Response"), setting forth its objections and a reasonable proposed limitation on the scope of the deposition. Specifically, subject to objections, Adobe indicated that for a number of topics it would "produce a witness to provide a technical overview of Recommendations with respect to specific technical questions identified by Optimize in advance of the deposition."

Your Letter identifies for the first time a number of specific technical topics. Subject to the objections set forth in its Deposition Subpoena Response, Adobe is willing to provide a witness on the specific technical topics related to the Recommendations product outlined in your Letter on the condition that providing a witness on these issues will fully resolve Optimize's request to depose an Adobe witnesses. To the extent, however, your Letter seeks information on topics unrelated to the Recommendations

# ARNOLD & PORTER LLP

Scott Crocker
March 20, 2014
Page 2

accused technology, Adobe will not produce a witness on these topics. Specifically, Adobe responds to the proposal outlined in your Letter as follows[1]:

**Topics 4-20 and 22:** As you know, Adobe previously indicated that, subject to objections, for most of these topics Adobe would "produce a witness to provide a technical overview of Recommendations with respect to specific technical questions identified by Optimize in advance of the deposition." But Adobe also objected that for several of these topics (e.g., Topic Nos. 4, 8) "Optimize can seek discovery from REI itself." Your Letter now agrees to limit the scope of the deposition to specific technical topics regarding the Recommendations software. *See* Letter at 1-2. Without waiving any of its objections, Adobe will agree to produce a witness on these specific technical topics regarding Recommendations, to the extent Optmize's questioning is limited to obtaining information not otherwise available from REI.

**Topics 21, 23-34, and 36-42:** As you know, Adobe previously objected to the majority of these topics on the grounds that they seek information that can be obtained from defendant REI. Adobe will not produce a witness to testify on information that could be obtained from parties to this case, as it is well-established that litigants should undertake discovery from non-party witnesses only if party discovery has been exhausted. *See, e.g., Rocky Mountain Medical Management, LLC v. LHP Hosp. Group, Inc.*, No. No. 4:13–cv–00064–EJL, 2013 WL 6446704, at *4 (D. Idaho Dec. 9, 2013) ("A court may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation.") (collecting cases); *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011) ("When a nonparty is subpoenaed, the court is particularly mindful of Rule 45's undue burden and expense cautions. . . . . If the party seeking the information can easily obtain the same information without burdening the nonparty, the court will quash the subpoena.") (citations omitted). Adobe also objected to a number of these topics on additional grounds, for example, that the information was not within Adobe's possession, custody, or control. *See, e.g.,* Resp. to Topic No. 30, 37. For other topics, however, Adobe indicated that it would "produce a witness to provide a technical overview of Recommendations with respect to specific technical questions." Topics No. 29, 38. Adobe understands Optimize's proposed agreement "to limit the scope of the[ses] topics

---

[1] There are a number of deposition topics that are not referenced in your Letter. Adobe understand the absence of any discussion of these topics to mean that Optimize is withdrawing these topics.

34617518v2

# ARNOLD & PORTER LLP

Scott Crocker
March 20, 2014
Page 3

to cover the following for the product [R]ecommendations provided for REI" (Letter at 2) to be Optimize's proposal with respect to the specific technical topics for which it would like Adobe to produce a witness. Assuming that is the case, Adobe will make a technical witness available on topics (a)-(d) to the extent these topics relate specifically to how the accused functionality of the Recommendations product works from a technical standpoint.

With respect to Optimize's proposed topic (e) on "the marketing of the product recommendations product, including what Adobe/Omniture claims in its marketing materials the product recommendations product [sic] will do for prospective clients, and any ways Adobe/Omniture's product recommendations product is different than the competition" (Letter at 3), information on how Recommendations was marketed to REI can be obtained directly from REI and/or is publicly available. To the extent the proposed topic (e) seeks information about Adobe's internal marketing strategy, such information is not relevant to any claim or defense as Adobe is not even a party to this action. Similarly, to the extent Optimize seeks information on an unspecified "Omniture reporting product, which all of the named defendants still in the suit (REI, Dillard's, JCPenney, Staples and HSN) use" (Letter at 3), that information could be obtained from parties to the case without burdening non-party Adobe,[2] and is not relevant to the Recommendations product at issue in this case. Accordingly, Adobe will not provide a witness on these proposed areas of testimony.

**Contractual Relationship Between Adobe and REI (e.g., Topics 1, 2 and 35).**
As you know, Adobe objected to Topics 1 and 2 on the grounds that this information could be obtained directly from REI, and objected to Topic 35 on a number of grounds including that the requested information is privileged. Optimize's attempt to "limit the scope" of this topic only demonstrates its efforts to improperly seek privileged and irrelevant information. For instance, Adobe's "pre-suit knowledge of the '592 Patent and Optimize (fka SBJ IP Holdings 1, LLC)" could not possible be relevant when Adobe is not even a party. Accordingly, Adobe will not provide a witness on these topics.

---

[2] In fact, even the way that Optimize frames its requests makes clear that the information is entirely within the control of defendants – "(a) such defendants' use of the product; (b) the data available to the defendants ....; (c) the use of such data by such defendants .. ."(Letter at 3) (emphasis).

34617518v2

# ARNOLD & PORTER LLP

Scott Crocker
March 20, 2014
Page 4

**Topic 43**: The original Topic No. 43 was a nonsensical request for "information on the documents sought in Exhibit B," when there was no such Exhibit B attached to the Deposition Subpoena. Your Letter now seeks to morph this topic into an entirely new request, and not, as you suggest a "limit" on this topic. *See* Letter at 3 ("We would agree to limit that topic to the documents produced by Adobe in response to the document production requests contained in the document production subpoena served on July 23, 2013."). While your purported "limit" does not fall within the scope of the issued Deposition Subpoena, we are willing to work with you on this request, but there is no reason a witness needs to be burdened on this issue. Rather, to the extent you believe it is necessary, we are willing to consider a stipulation regarding the authenticity of the documents previously produced.

*     *     *

We believe the above proposal provides a reasonable resolution to the Deposition Subpoena. If the above proposed scope is not agreeable to Optimize, please let us know of a time to meet and confer on these issues. Our team may be availability tomorrow or Monday.

Sincerely,

Rachel L. Chanin

34617518v2

| | |
|---|---|
| **From:** | Chanin, Rachel L. |
| **Sent:** | Friday, March 21, 2014 8:56 AM |
| **To:** | Ari Akmal; Elizabeth Brown Fore; Eric Manchin Contact; Scott Crocker; Stu Shapley |
| **Cc:** | Berta, Michael A.; Casamiquela, Ryan; Noonan, Willow |
| **Subject:** | FW: Optimize v Staples, et al - Adobe Subpoena |
| **Attachments:** | Letter to Scott Crocker.pdf |

Please see below.

**From:** Chanin, Rachel L.
**Sent:** Thursday, March 20, 2014 6:14 PM
**To:** Scott Crocker
**Cc:** Berta, Michael A.; Casamiquela, Ryan; Noonan, Willow
**Subject:** RE: Optimize v Staples, et al - Adobe Subpoena

Please see the attached response.

We believe the above proposal provides a reasonable resolution to the Deposition Subpoena. If the above proposed
scope is not agreeable to Optimize, please let us know of a time to meet and confer on these issues. Our team may be
availability tomorrow or Monday.

Regards,

Rachel

Rachel L. Chanin
Arnold & Porter LLP
7th Floor
Three Embarcadero Center
San Francisco, CA 94111

Telephone: +1 415-471-3278
rachel.chanin@aporter.com
www.arnoldporter.com

**From:** Paulette Helberg [mailto:PHelberg@sprinklelaw.com]
**Sent:** Wednesday, March 05, 2014 1:37 PM
**To:** Chanin, Rachel L.
**Cc:** Ari Akmal; Brooke Melendez; Elizabeth Brown Fore; Eric Manchin Contact; Floyd Walker; Jenna Brockman; Kasey
LaRocca; Lynn Bradshaw Contact; Paulette Helberg; Scott Crocker; Steve Sprinkle; Stu Shapley
**Subject:** Optimize v Staples, et al - Adobe Subpoena

The attached is being sent on behalf of Scott Crocker.



**Paulette Helberg**
**IP Litigation Legal Secretary**

1

1301 W. 25th Street, Suite 408
Austin, Texas 78705
(o) 512.637.9228
(f) 512.371.9088

NOTICE: This email message, including any documents, files or other attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. The term "privileged and confidential" includes, without limitation, attorney-client privileged communications, attorney work product, trade secrets, and any other proprietary information. In transmitting this communication, the sender does not waive any claim to privilege or confidentiality. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email or by telephone at 512.637.9220 and destroy all copies of the original message. Thank you.



March 24, 2014
*Via E-mail*

Ms. Rachel L. Chanin
Arnold & Porter LLP
Three Embarcadero Center, Floor 10
San Francisco, CA  94111

RE:   *Optimize Technology Solutions, LLC v. Staples, Inc., et al*;
Civil Action No. 2:11-CV-00419-JRG

Dear Ms. Chanin:

This letter is in response to your letter of March 20, 2014 (hereinafter referred to as the "Adobe Letter") which was in response to my letter to you of March 5, 2014 (hereinafter referred to as the "Optimize Letter") regarding the outstanding deposition subpoena to Adobe, served on January 6, 2014 (the "Subpoena"), as well as Adobe's objections to the Subpoena contained in "Non-Party Adobe, Inc., Response to Plaintiff Optimize Technology Solutions  LLC's Subpoena to Testify at a Deposition" (the "Objections").

At the outset, I would say that the Adobe Letter is full of unproductive posturing and several inaccuracies. As our intent is simply to reach an agreement with respect to the noticed deposition, rather than paper the file for apparently anticipated motion practice, we will not waste the parties' time in responding in kind.  However, we generally disagree with the way that you have described the issues in the Adobe Letter and our overall decision not to address the assertions in the Adobe Letter does not mean that we agree that such assertions are correct. If there is some specific assertion that you would like us to address, let us know.

That being said, there are a couple of issues that must be addressed. First, you have troublingly misquoted me in the Adobe Letter. Specifically, in the Adobe Letter, you quote me as follows:

Adobe understands Optimize's proposed agreement "to limit the scope of thes[ses]  [sic]  topics  to  cover  the  following  for  the  product **[R]ecommendations** provided for REI" (Letter at 2) to be Optimize's proposal with respect to the specific technical topics for which it would like Adobe to produce a witness."

Ms. Rachel L. Chanin
March 24, 2014
Page 2

(Adobe Letter at 2-3)(emphasis added). You have altered my language to make it appear that I was using or intending to use a defined term, which I was not. And, to be clear, I was not intending to use the term "Recommendations" from the Objections. Such term is not even defined by Adobe in the Objections and, as you know from the discussions with respect to the source code that has been produced in this case, what Adobe intends by its recommendations product (irrespective of any defined term) is not exactly clear, much less agreed to. It's not even a consistent use of the defined term. In the Objections, it is presumably used to identify Adobe software which Adobe uses in providing services to REI. However, in the sentence that you misquote, it is referring to the products which are being recommended to REI's customers.

Second, you state that "[t]here are a number of deposition topics that are not referenced in your Letter." (Adobe Letter at 2, n. 1). However, we believe that all of the topics were referenced in the Optimize Letter. Please identify any topics which you believe were not referenced in the Optimize Letter.

With respect to the substance of the Adobe Letter, we would respond as follows:

**Topics 4 – 20 and 22**

While it appears that we are close to an agreement on these topics, there are three issues that we need to have addressed. First, as noted above, **your** use of the term "Recommendations" is undefined, both in the Adobe Letter and in the Objections. As set out in the Optimize Letter, Optimize agreed to limit these topics to the software/code which:

    (a) intakes product data for REI (e.g., direct/indirect catalog feeds from REI, product data sent as part of the web pages created for www.rei.com, scraping product data from the website, itself), including how such data is (i) stored and/or cached, (ii) accessed, and (iii) used;

    (b) creates, builds, updates, stores, caches and accesses the models used in providing product recommendations; and

    (c) delivers the product recommendations, including (i) receiving, handling and responding to requests for product recommendations; (ii) selecting products to recommend in response to a request; (iii) building the response to the request for product recommendations; (iv) delivering the response to the request for product recommendations; and (v) any and all caching done with respect to these items.

You did not indicate that the "Recommendations" software did not include the software/code described above, saying, instead, "Your Letter now agrees to limit the

Ms. Rachel L. Chanin
March 24, 2014
Page 3

scope of the deposition to specific technical topics regarding the Recommendations software. (See Letter at 1-2)." (Adobe Letter at 2) (referring to the portion of the Optimize Letter containing the above described software/code). So, we are assuming that your defined term includes the software/code described above. To the extent that our assumption is incorrect, however, then we do not have an agreement; and we need to understand what you maintain is not covered by your term.

Second, I don't understand what you mean by "to the extent Optimize's questioning is limited to obtaining information not otherwise available to REI" and, thus, cannot agree to this undefined carveout. What does this mean with respect to the issues set out in the Optimize Letter and, specifically, to the software/code described above?

Third, the purpose of reaching an agreement is to address the objections that you have asserted. If your objections will still limit the deponent's preparation and/or ability to testify regarding the agreed to narrowed scope, then I don't understand what we have actually agreed to. If there are additional issues that need to be addressed we need to address them now. What do you intend by this carveout?

**Topics 21, 23 – 34, and 36 – 42**

Setting aside the misquoting issue discussed above, it appears that, with respect to items (a) – (d) from the Optimize Letter (e.g., Optimize's proposed narrowing of the scope of these topics), you are taking an overly technical read of the items and the underlying topics. For example, item (a) is directed to the actual performance data kept, not simply the operation of the software/code which tracks/keeps/presents such data. And, I don't even understand how your "to the extent these topics relate specifically to how the accused functionality of the Recommendations product works from a technical standpoint" proposal even applies to item (d). If you are not agreeing to item (d), say so. Don't obfuscate your position with your qualifying "to the extent . . ." language.

As all of these items (including (e)) are directed to more than just the technical functionality of Adobe's software/code, we don't understand the scope of your proposal. So, we don't understand whether or not we have an agreement or if we have reached an impasse, and it appears that we need further clarification from you on these issues.

Regarding item (e), we disagree with your contention that the information we seek can be obtained directly from REI or is otherwise publicly available. Adobe is the best source for its own marketing materials and promotion of its own products.

Regarding the "unspecified 'Omniture reporting product'", we are referring to the product now marketed as Adobe Analytics, but commonly referred to by the operators of e-commerce websites as simply "Omniture."

Ms. Rachel L. Chanin
March 24, 2014
Page 4

**Topics 1, 2 and 35**

It appears that we are at an impasse on this issue. Our agreement to limit the scope of these requests does not, in any way, indicate that the information sought is irrelevant and/or privileged. It is meant to limit the "burden" on Adobe, a burden which has yet to be detailed. Moreover, the narrowed scope of the topics goes to issues which are not inherently equally available to REI. This is not directed solely to the existence of a contract or to specific data which both parties have access to; it is directed to negotiations and discussions between parties, which very possibly differ. With respect to any privileged information which may fall within the topics, such can obviously be dealt with at the deposition, if and when raised. With respect to your one stated example, Adobe's pre-suit knowledge of the '592 Patent and/or Optimize is absolutely relevant. Even though Adobe is not a named party to the suit, it is providing services to Adobe which are at issue in this case.

**Topics 43**

You are correct that this topic incorrectly refers to an Exhibit B. It was meant to refer to the document requests in the earlier document subpoena. We agree that it is unclear because of this typo; and the offer in our letter was intended to address the confusion noted in the Objections, not "morph" the request into something new. As to the burden on the witness, given the paucity of documents actually produced by Adobe, it is unclear how the request could be considered unduly burdensome. That being said, we are certainly willing to work with you on this topic. However, I would note that the topic seeks more than just authentication of the documents.

Finally, related to the document requests, I want to point out that, although the Optmize Letter and Adobe Letter deal only with the deposition topics, the actual scheduling of the deposition is obviously tied to reaching an agreement or resolution of the outstanding document issues, including, for example, the issue with printing the source code. We intend on asking the corporate representative about the source code and need to have the printouts in advance of doing so.

Ms. Rachel L. Chanin
March 24, 2014
Page 5


After you have had a chance to review this letter, please give us a call so that we can see if any of these issues can be addressed.

Sincerely,

**SPRINKLE IP LAW GROUP, P.C.**

/s/

Scott Crocker
scrocker@sprinklelaw.com

SC/ph