*E-Filed: April 14, 2014*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTIMIZE TECHNOLOGY SOLUTIONS, LLC. <br><br> Plaintiff, <br><br> v. <br><br> STAPLES, INC., ET AL., <br><br> Defendants. | Case No. 14-mc-80095-LHK (HRL) <br><br> **ORDER RE: MOTION TO QUASH; MOTION FOR PROTECTIVE ORDER; MOTION TO COMPEL; MOTIONS TO SEAL** <br><br><br> [Re Docket Nos. 1, 6, 12, 13, 15] |

Third party Adobe Systems, Inc. (Adobe) filed a Motion to Quash and Motion for a Protective Order in response to plaintiff Optimize Technology Solutions, LLC's (Optimize) document and deposition subpoenas arising out of a patent infringement case in the Eastern District of Texas. Dkt. No. 1. In response, Optimize filed a Motion to Compel. Dkt. No. 12. The parties have also filed various sealing motions.

Pursuant to Civil Local Rule 7-1(b), the Court submits the motions on the papers and vacates the April 14, 2014 hearing. Having considered the briefing, the court GRANTS IN PART AND DENIES IN PART the Motion to Quash; GRANTS IN PART AND DENIES IN PART the Motion for a Protective Order; GRANTS IN PART AND DENIES IN PART the Motion to Compel; and DENIES WITHOUT PREJUDICE the sealing motions.

# I. Analysis

## A. Discovery Motions

Optimize sued several defendants in the Eastern District of Texas alleging patent infringement. *Optimize Tech. Solutions, LLC v. Staples, Inc. et al.*, 2:11-CV-419-JRG. One defendant, Recreational Equipment, Inc. ("REI"), uses Adobe's "Recommendations" product on its website www.REI.com in an allegedly infringing manner. Optimize also believes that Adobe provides or has provided web site monitoring and tracking services or "metrics" for other defendants in this case ("non-REI defendants"). These other services are not accused products in the underlying litigation.

Optimize served Adobe with two subpoenas for information and a deponent relating to the Recommendations product and metrics products that Adobe and its predecessor Omniture supplied to non-REI defendants. After several months of meet and confers and partial productions, the parties were not able come to an agreement on what additional documents Adobe must produce to satisfy Optimize's subpoenas. The parties dispute the following:

- Production of technical documents explaining the design and operation of the Recommendations product.
- Production of the Recommendations product source code.
- Production of sale and site metrics related to REI and non-REI defendants' websites.
- Production of a deponent on technical and non-technical issues.

The court addresses each issue in turn.

### 1. Technical Documents related to Recommendations

Optimize's subpoena requested "Any and all technical DOCUMENTS RELATING TO the operation of the ACCUSED WEBSITE(S) or any RECOMMENDED PRODUCTS FUNCTIONALITY existing on or utilized in conjunction with the ACCUSED WEBSITE(S), including, without limitation. . . . " Motion to Compel at 6. In response, Adobe produced 12 documents which Optimize criticizes as "publicly available documents provided to customers" such as user manuals. *Id.* at 3, 4 n. 9. Adobe asserts that it does not have any other responsive documents and has conducted a second search in response to Optimize's specific request for "wiki" or "eroom"

entries. Dkt. No. 1, Motion to Quash at 5, 12. Although Optimize finds Adobe's position "simply incredible," Motion to Compel at 6, the court cannot order production of documents that do not exist. Adobe has certified its discovery responses are "complete and correct" in accordance with Rule 26(g)(1)(A). Adobe also has an ongoing to supplement its responses. Fed. R. Civ. Pro. 26(e). The court trusts that if Adobe discovers additional technical documents describing the operation of the Recommendations product it will produce them.

### 2. Source Code

Optimize complains that Adobe has not produced a complete copy of its Recommendations source code in its natural directory structure, as it is kept and used in the ordinary course of business. Motion to Compel at 4. The Recommendations source code is directly relevant to infringement and is in Adobe's exclusive possession. Adobe must make the Recommendations source code in its natural directory structure available for inspection by Optimize. This includes "the code that requests such recommendations, interacts with the 'Recommendations' code to generate such recommendations, and the code that operates to present such recommendations to the REI user." Dkt. No. 14, Resp. to Motion to Quash at 5. This does not include code that is merely "referenced in the Recommendations source code" if it is not used to complete the functions just described. Dkt. No. 19, Resp. to Motion to Compel at 1. Adobe is also required to provide requested printouts of the code in accordance with the parties' prior agreements. Manchin Decl. ¶ 11, Ex. J. It appears from Adobe's declaration that all currently-requested printouts have been produced. Dkt. No. 19-1 Chanin Decl. ¶ 2.

### 3. Sale and Site Metrics for REI and non-REI Defendants

Adobe has refused to produce any information about non-REI defendants because (1) Adobe does not provide any accused services to non-REI defendants and (2) any information Adobe has is also in possession of the defendants. Optimize asserts that Adobe has website tracking data relevant to its damages claims against non-REI defendants. Motion to Compel at 10.

Optimize has failed to explain how data on non-infringing website tracking services is relevant to its infringement case. Optimize states that it "does not need to discuss how [tracking] works, but simply what information is tracked and what is available that is relevant to the damages

calculations being made by all parties in the lawsuit," and that "these products are relevant to the extent that they collect the relevant information requested." Resp. to Motion to Quash at 9, 13. "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03 Civ.1382, 2003 WL 23018833, *8 (S.D.N.Y. Dec. 23, 2003). Optimize's blanket assertions do not articulate any theory about how the performance of non-accused products could be relevant to damages. *Medtronic MiniMed, Inc. v. Animas Corp.*, C 13-80294 WHA, 2014 WL 308952 (N.D. Cal. Jan. 27, 2014) (quashing request related to non-accused products). Therefore, the court will not order Adobe to produce any information about non-REI defendants.

Adobe's tracking data relating to REI's use of the Recommendations product is relevant to Optimize's damages. Optimize can use this data to understand what REI paid for the product and what benefits it derived from using the product. It appears from correspondence between REI and Optimize that Adobe is in the best position to produce this data. Adobe does not dispute that it can produce the data, only that REI also possesses it. Because there is evidence that it will be more efficient and complete for Adobe to produce the data, see Manchin Decl., ¶ 15, Ex. N, p. 3, the court requires Adobe to produce:

> 1. metrics reports, data and/or documents showing efficacy, traffic, lift, incremental revenue, conversion rates, AOV, RPV and/or usage of recommendation products functionality; and/or metrics reports, data and/or documents sufficient to calculate the foregoing;
> 
> 2. metrics reports, data and/or documents showing overall traffic, conversion rates, AOV, and RPV; and/or metrics reports, data and/or documents sufficient to calculate the foregoing; and
> 
> 3. metrics reports, data and/or documents showing:
> 
>> a. Defendant sales attributed to recommendations broken up by page placement (i.e. homepage recommendation sales, cart recommendation sales, etc.), as well as the total of all such recommendation sales; and
>> 
>> b. any AB testing results performed by Adobe/Omniture for Defendants from 2003 to the present.
>> 
>> c. and/or metrics reports, data and/or documents sufficient to calculate the foregoing.

Response to Motion to Quash at 15. Adobe will produce the data as it is maintained in the ordinary course of business.

Adobe is not required to produce any invoices or marketing materials because that information is available from REI. *See Miller v. Ghirardelli Chocolate Co.*, No. 12-cv-4936, 2013 WL 6774072 (N.D. Cal. Dec. 20, 2013); *Rocky Mountain Med. Mgmt, LLC v. LHP Hosp. Group, Inc.*, No. 13-cv-00064, 2013 WL 6446704 (D. Idaho Dec. 9, 2013) ("A court may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation.").

### 4. Deposition

Based on the production limits explained above, Optimize may take a deposition of an Adobe designee on (1) the technical operation of the Recommendations product and (2) metrics related to REI's use of the Recommendations product. Optimize may not inquire into Adobe's marketing, contractual relationships, pre-suit knowledge, or tracking metrics for non-REI defendants. This information can either be acquired from the defendants or is not relevant.

### B. Sealing Motions

Before the court are three motions to seal 6 documents in their entirety.[1] Parties moving to seal documents attached to non-dispositive motions must meet the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

A protective order sealing documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179-80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether a particular document should

---

[1] Adobe has indicated that Exhibit R of the Manchin Decl. in Support of the Motion to Compel and Exhibits R and T to the Manchin Decl. in Response to the Motion to Quash are not sealable. Dkt. No. 17 (Chanin Decl.) at ¶ 3; Dkt. No. 18 (Chanin Decl.) at ¶ 3.

ORDER RE: MOTIONS TO COMPEL, QUASH, PROTECTIVE ORDER, SEALING
Case No 14-CV-80095
- 5 -

1   remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that

2   allows a party to designate certain documents as confidential is not sufficient to establish that a

3   document, or portions thereof, are sealable.").

4         In addition to making particularized showings of good cause, parties moving to seal

5   documents must comply with the procedures established by Civ. L. R. 79-5. Pursuant to Civ. L. R.

6   79-5(b), a sealing order is appropriate only upon a request that establishes the document is

7   "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under

8   the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must

9   conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b) (requiring the submitting party to attach a

10  "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table

11  format each document or portion thereof that is sought to be sealed," and an "unreadacted version of

12  the document" that indicates "by highlighting or other clear method, the portions of the document

13  that have been omitted from the redacted version."). "Within 4 days of the filing of the

14  Administrative Motion to File Under Seal, the Designating Party must file a declaration as required

15  by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R.

16  79-5(e)(1).

17        Here, the parties' requests are not narrowly tailored. In fact, all of the requests seek to seal

18  entire documents. Most of the information contained in the documents is found in the parties' public

19  motion papers. For example, Exhibits E, F, G, I, J to the Chanin Declaration, Dkt. No. 2, are

20  correspondence between Adobe and Optimize providing the parties' positions on the disputed

21  production requests, which are essentially repeated in the public motion papers. Exhibits G, H, and

22  Q to the Manchin Response Declaration, Dkt. No. 13, and Exhibits G, H and Q to the Manchin

23  Motion to Compel Declaration, Dkt. No. 13, are the same documents.

24        Exhibit I to the Manchin Response Declaration and Exhibit I to the Manchin Motion to

25  Compel Declaration is a document titled "Adobe Consulting – Getting Started with

26  Recommendations." Adobe contends that the entirety of this document contains proprietary

27  information regarding Adobe technology. The "Getting Started" document lists generic steps like

28

ORDER RE: MOTIONS TO COMPEL,
QUASH, PROTECTIVE ORDER, SEALING          - 6 -
Case No 14-CV-80095

"login" and "create a recommendations account." The court fails to see what information on this one-page document is proprietary.

Accordingly, the court denies the Motions to Seal, Dkt. Nos. 6, 13, and 15, without prejudice. The parties may submit *narrowly tailored* requests pursuant to Local Rule 79-5 within 7 days of this order. The parties may not seek to seal information that is contained in publicly filed papers.

### C. Deadlines for compliance

Discovery in the underlying action closes April 16, 2014. Normally, these issues would be resolved by negotiations between the parties well in advance of the discovery cutoff. Regretfully, the parties were unable to come to a complete agreement, and Adobe filed its Motion to Quash and Motion for a Protective Order on March 25, 2014, just over three weeks before the close of discovery. Adobe did not notice a hearing date as required by Local Rule 7-2. Optimize filed its Motion to Compel on April 4, 2014, and similarly failed to notice a hearing date. On its own Order, the court set a hearing for April 15, 2014 in an effort to resolve this matter before the close of discovery. Dkt. No. 16.

As discussed above, Adobe must produce additional documents and source code and provide a deponent on certain limited topics. Accordingly, the court believes that discovery should be extended 14 days, such that Adobe is required to produce the source code and additional documents by April 23, 2014, and produce a deponent at a location of Adobe's choosing by April 30, 2014, subject to the approval of Judge Gilstrap in the underlying case.

## II. ORDER

As explained above, the court GRANTS IN PART AND DENIES IN PART the Motion to Quash; GRANTS IN PART AND DENIES IN PART the Motion for a Protective Order; GRANTS IN PART AND DENIES IN PART the Motion to Compel; and DENIES WITHOUT PREJUDICE the sealing motions.

Dated: April 14, 2014

_____
Howard R. Lloyd
United States Magistrate Judge

ORDER RE: MOTIONS TO COMPEL, QUASH, PROTECTIVE ORDER, SEALING
Case No 14-CV-80095

- 7 -

**C14-80095 LHK (HRL) Notice will be electronically mailed to:**

Elizabeth Joan Brown Fore    ebrownfore@sprinklelaw.com, kbuser@sprinklelaw.com, phelberg@sprinklelaw.com, scrocker@sprinklelaw.com, ssprinkle@sprinklelaw.com

Michael A. Berta    michael.berta@aporter.com, alaina.austin@aporter.com, sfcalendar@aporter.com

Rachel Lena Chanin    rachel.chanin@aporter.com, del.soza@aporter.com, john.fitzatrick@aporter.com, sfcalendar@aporter.com

Ryan J. Casamiquela    ryan.casamiquela@aporter.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**